**EXHIBIT 13**
**Statements Challenged in the Amended Class Action Complaint (Dkt. 18)**

| Speaker | Source Document | Challenged Statement[1] | Defendants' Response to Plaintiff's Allegations |
|---|---|---|---|
| Conduent | February 21, 2018 Form 8-K at 6-7 (Ex. 3). | On February 21, 2018, Conduent issued a press release providing a full-year outlook for FY2018. In the press release, Conduent stated FY2018 revenue would be in the range of $5.625 billion to $5.799 billion and adjusted EBITDA in the range of $707 million to $733 million.<br><br>AC ¶ 147 (Guidance Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Vemuri | February 21, 2018 Earnings Call at 5 (Ex. 11) | [In addition to real estate, we are driving a comprehensive initiative to consolidate our IT and network infrastructure.] In 2017, we addressed our sub-optimized IT-related workforce and vendor | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' |

[1] The challenged statements are reproduced here with the same emphasis given them in the Amended Class Action Complaint (Dkt. 18). Text in brackets is drawn from the source document containing the challenged statement or characterizes Plaintiff's allegations regarding the challenged statement, typically because Plaintiff omits part of the challenged statement.

1

| | | relationships. Next, we expect to see benefits from the platform rationalization work completed last year.<br><br>AC ¶ 148 (Progress Statement) | Br. at 20-21.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
|---|---|---|---|
| Defendant Vemuri | February 21, 2018 Earnings Call at 6 (Ex. 11) | [We continue to build our capabilities as a technology company.] During our first year, we needed to inventory and rationalize our technology portfolio. Starting 2018, we've begun our work to modernize our offerings with cutting-edge technology, [supported with an almost $200 million multiyear investment program.]<br><br>AC ¶ 149 (Progress Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |

| | | | |
|---|---|---|---|
| Defendant Webb-Walsh | February 21, 2018 Earnings Call at 14 (Ex. 11) | [So a lot of what we're ramping and talking about is already signed, and there's a transportation deal for example in Public Sector that's going to go live in Q2.] We expect transportation inside of Public Sector to grow in 2018.<br><br>AC ¶ 150 (Forecast Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Conduent | May 9, 2018 Form 8-K at 7 (Ex. 6) | On May 9, 2018, the Company announced its financial results for the first quarter. In the Company's first quarter earnings announcement Conduent updated its guidance ranges for FY2018. Conduent reduced its FY2018 revenue guidance to between $5.44 billion and $5.64 billion and its adjusted | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the |

3

| | | | |
|---|---|---|---|
| | | EBITDA guidance to between $672 million and $698 million.<br><br>AC ¶ 152 (Guidance Statement) | • Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Webb-Walsh | May 9, 2018 Earnings Call at 9 (Ex. 5) | [I want to note that in the press release issued this morning we updated our 2018 guidance based on the signed divestitures that we announced over the past several weeks. The table on Slide 15 details the expected impact from the signed Q2 2018 divestitures using an anticipated close date of June 30. If the close date changes, that would impact these amounts. It is important to note that, excluding the impact from these divestitures,] the guidance ranges that we provided during the last earnings call would not have changed.<br><br>AC ¶ 153 (Guidance Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, i.e. intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Webb-Walsh | May 9, 2018 Earnings Call at 8 (Ex. 5) | [Now onto the public sector segment result on Slide 10.] . . . Revenue was down 5% sequentially as a result of lower volumes from some transportation clients [and some . . . state and local business.] | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21. |

The top-right cell of the first row continues: required "strong inference" of scienter, i.e. intent to defraud or severe recklessness. Defs.' Br. at 29-37.

4

| | | | |
|---|---|---|---|
| | | ***<br><br>[Our transportation business was down year-over-year and sequentially, however, we] still expect to show growth in this area of the business in 2018 as a large tolling contract is expected to ramp by the end of Q2.<br><br>AC ¶ 154 (Forecast Statement) | • Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Vemuri | May 9, 2018 Earnings Call at 5 (Ex. 5) | Real estate and IT consolidation remain large contributors to our transformation work and are progressing well.<br><br>AC ¶ 155 (Progress Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |

| | | | |
|---|---|---|---|
| Conduent | June 8, 2018 Analyst Day Conference Call at 26-27 (Ex. 12) | On June 8, 2018, at Conduent's Analyst Day conference call with investors, the Company updated its guidance ranges for FY2018. Conduent reduced its FY2018 revenue guidance to between $5.41 billion and $5.61 billion and its adjusted EBITDA guidance to between $662 million and $688 million.<br><br>AC ¶ 157 (Guidance Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Webb-Walsh | June 8, 2018 Analyst Day Conference Call at 26 (Ex. 12) | [We have provided an update to our full year 2018 guidance to account for the most recently signed divestiture, the Commercial vehicle operations business. Similar to the guidance revision on our Q1 earnings call,] the only change we are making to guidance are as a result of this divestiture. [We now expect revenue to be between $5.4 billion and $5.6 billion in 2018. This assumes that we close all the | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at |

| | | | |
|---|---|---|---|
| | | signed deals on June 30. At the midpoint of our range,] we'd still expect to grow organically in Q4 of this year.<br><br>AC ¶ 158 (Guidance Statement) | 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Vemuri | June 8, 2018 Analyst Day Conference Call at 6 (Ex. 12) | We're also aggressively attacking our IT infrastructure with a goal of consolidating down to 2 primary data centers and a single network backbone by 2020. We've taken back our critical network infrastructure as well as our client-facing applications from service providers to whom we had outsourced for better control and performance by ourselves.<br><br>AC ¶ 159 (Progress Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Conduent | August 8, 2018 Form 8-K at 7 (Ex. 8) | On August 8, 2018, Conduent announced its financial results for the second quarter. In the Company's second quarter earnings | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, |

| | | | |
|---|---|---|---|
| | | announcement, Conduent reaffirmed its FY2018 revenue guidance of between $5.41 billion and $5.61 billion and its adjusted EBITDA guidance of $662 million and $688 million, provided during the Company's June 8, 2018 Analyst Day conference call.<br><br>AC ¶ 161 (Guidance Statement) | contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Vemuri | August 8, 2018 Earnings Call at 4 (Ex. 7) | Before turning to the highlights of our second quarter, I want to address a matter that has been in the press recently around our performance on a tolling contract with a state government agency. Confidentiality agreements prevent us from going into the specifics. However, I will note that issues tend to arise in the implementation phase of the startup and ramp of a new tolling system, particularly one that involves transitioning multiple legacy systems to a new and updated integrated state-wide system. ***We have the capability to efficiently resolve these issues, and are dedicating all necessary resources to meet our contractual commitments.*** We are an industry leader in the automated tolling space across the United States with | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br>• The statement is a generalized statement of optimism or "puffery," which is not actionable under the securities laws. Defs.' Br. at 18-20.<br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21.<br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |

| | | | |
|---|---|---|---|
| | | a strong performance track record, and are confident in our ability to address this issue, and are making good progress towards our mutually agreed-upon time lines.<br><br>AC ¶ 162 (Tolling Statement) | |
| Defendant Webb-Walsh | August 8, 2018 Earnings Call at 12 (Ex. 7) | [Bryan C. Bergin: . . . And then as far as that public tolling contract, does the increased resources to complete the work imply somewhat pressured margins there versus expectations? Just trying to understand the implications here on the financials from both.<br><br>. . .<br><br>Webb-Walsh:] In terms of the tolling contract, we typically don't comment on the financials around one specific contract. We're obviously working to remediate the situation.<br><br>AC ¶ 163 (Tolling Statement) | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
| Defendant Webb-Walsh | August 8, 2018 Earnings Call at 12 (Ex. 7) | But what I will say is we just confirmed our guidance in revenue, free cash flow and adjusted EBITDA. So at this time, we don't anticipate it having an impact on | • The statement is a forward-looking statement protected under the PSLRA safe harbor. Defs.' Br. at 12-18.<br><br>• The statement is a non-actionable statement of opinion. Defs.' Br. at 20-21. |

| | | our ability to meet our guidance.<br><br>AC ¶ 163 (Guidance Statement) | • Plaintiff fails to adequately plead the falsity of the challenged statement. Plaintiff fails to allege particularized, contemporaneous facts demonstrating that the challenged statement was false or misleading when made. Defs.' Br. at 21-29.<br><br>• Plaintiff fails to allege particularized facts giving rise to the required "strong inference" of scienter, *i.e.* intent to defraud or severe recklessness. Defs.' Br. at 29-37.<br><br>• Plaintiff fails to adequately allege "loss causation." Defs.' Br. at 37-39. |
|---|---|---|---|