**KING & SPALDING LLP**
Israel Dahan
1185 Avenue of the Americas, 36th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Fax: (212) 556-2222
idahan@kslaw.com

*Counsel for Defendants*

[*Additional counsel appear on signature page*]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMPLOYEES' RETIREMENT SYSTEM OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONDUENT INC., ASHOK VEMURI, and BRIAN WEBB-WALSH,<br><br>Defendants. | Case No. 2:19-cv-08237-SDW-SCM |

## DEFENDANTS' ANSWER TO
## <u>THE AMENDED CLASS ACTION COMPLAINT</u>

Defendants Conduent Incorporated[1] ("Conduent" or the "Company"), Ashok Vemuri, and Brian Webb-Walsh ("Individual Defendants," and with Conduent, "Defendants"), hereby answer Plaintiff's Amended Class Action Complaint (Dkt. 18) (the "Amended Complaint") as follows:

Unless otherwise indicated, the answers and defenses contained herein are on behalf of all Defendants. However, to the extent that certain allegations are specifically directed toward one or more of the Individual Defendants, those other Individual Defendants to whom the allegations are not directed, unless otherwise stated in this Answer, lack knowledge or information sufficient to form a belief as to the truth of the allegations. Moreover, to the extent that any Defendant admits any allegations, as set forth below, such admission is made subject to the following qualification: Except where the allegation specifically refers to the Defendant by name, any admission by the Defendant to any allegation is made based on information and belief.

Conduent Incorporated is a holding company. Its stock is publicly traded, and it makes filings with the Securities and Exchange Commission ("SEC"), but it has no employees and provides no direct services. Certain of Plaintiff's allegations relate to services allegedly provided by certain of Conduent Incorporated's operating

---

[1] Conduent Incorporated is improperly identified in the Amended Complaint as "Conduent Inc."

subsidiaries pursuant to certain contracts with various counterparties. To the extent an allegation relates to any such services or such contracts, Defendants have construed those allegations and the references to "Conduent Inc.", "Conduent", or "the Company" in the Amended Complaint to include and refer to certain of Conduent Incorporated's operating subsidiaries rather than Conduent Incorporated, as appropriate. Conduent Incorporated expressly disclaims and denies that it provides any alleged services referenced in the Amended Complaint, enters into any alleged contracts referenced in the Amended Complaint, or employs any employees referenced in the Amended Complaint, among other things, all of which are done at the operating company level. Defendants also further refer to the Company's filings with the SEC during the putative Class Period which more fully set forth the Company's corporate and operating structure. Defendants deny any and all allegations relating to Conduent Incorporated to the extent they mischaracterize, misquote, or are contradicted by such filings.

The Amended Complaint contains allegations purporting to characterize or partially quote statements from Conduent's press releases, investor conference calls, and public filings with the SEC, as well as statements by third parties who are not parties to this suit. Defendants refer to the Conduent press releases, transcripts of Conduent investor conference calls, and Conduent's public filings with the SEC for their complete contents and deny any allegations to the extent that they

2

mischaracterize, misquote, or are contradicted by the cited document. In accordance with Rule 8(b)(5), Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff has completely and accurately alleged the contents of the various statements by third parties to which the allegations refer. Defendants therefore refer to each such document for a statement of its complete contents and deny such allegations to the extent that they mischaracterize, misquote, or are contradicted by the cited or quoted document.

The Amended Complaint contains unnumbered paragraphs and/or statements that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny all such unnumbered paragraphs and/or statements. Pursuant to Rule 8(b)(3), unless expressly admitted or otherwise addressed below, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, charts, graphs, footnotes, preamble, the table of contents, prayer for relief, and jury demand are expressly denied.

Defendants answer the Amended Complaint's separately numbered paragraphs as follows:

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore the allegations are denied.

2.      Defendants admit that the Amended Complaint asserts claims for

3

alleged violations of the Securities Exchange Act of 1934, but Defendants maintain that Plaintiff has failed to state any claim for relief and deny the remaining allegations in Paragraph 2.

3.    Defendants admit that this is a putative securities fraud class action brought purportedly on behalf of all persons who purchased Conduent common stock on the open market on a U.S. stock exchange between February 21, 2018 and November 6, 2018 inclusive and were allegedly damaged thereby, but Defendants maintain that Plaintiff has failed to state a claim for relief, deny that any class should be certified, and deny the remaining allegations in Paragraph 3.

4.    Defendants admit the allegations in Paragraph 4.

5.    Defendants admit the allegations in the first sentence of Paragraph 5. Defendants further admit that during the putative Class Period alleged in the Amended Complaint, the Company's "Public Sector" segment consisted of the following primary businesses: Transportation; Federal, State, and Local Government; Payments; Government Healthcare.

6.    Defendants admit that Conduent offers technology that reads an in-vehicle transponder or the vehicle's license plate as a part of its all-electronic tolling program. Defendants deny the allegations in Paragraph 6 to the extent that they mischaracterize, misquote, or are contradicted by the Company's description of its business and operations in the Company's public filings and/or website, and refer to

those publicly available sources for their complete contents. Defendants deny the remaining allegations in Paragraph 6.

7.    Defendants deny the allegations in Paragraph 7.

8.    Defendants deny the allegations in Paragraph 8.

9.    Defendants admit that the allegations in Paragraph 9 purport to quote from and/or summarize a written transcript of the May 10, 2017 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 9 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 9.

10.    Defendants admit that the purported Class Period in the Amended Complaint is alleged to begin on February 21, 2018. Defendants admit that the quoted language in the second sentence of Paragraph 10 purports to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 10 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 10.

11.    Defendants admit that the quoted language in Paragraph 11 purports to quote from and/or summarize a written transcript of the February 21, 2018 earnings

5

call that speaks for itself.  Defendants deny the allegations in Paragraph 11 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 11.

12.    Defendants deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13.

14.    To the extent that the allegations in Paragraph 14 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 14.

15.    To the extent that the allegations in Paragraph 15 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied.  Defendants deny the remaining allegations in Paragraph 15.

16.    Defendants deny the allegations in Paragraph 16.

17.    Defendants admit that the tolling agencies from New York, Maryland, New Jersey, and Texas have previously withheld revenue from or invoked their contractual right to issue penalties to Conduent.  Defendants deny the remaining

allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that Mr. Webb-Walsh stated as follows during the August 8, 2018 earnings call:  "In terms of the tolling contract, we typically don't comment on the financials around one specific contract.  We're obviously working to remediate the situation.   But what I will say is we just confirmed our guidance in revenue, free cash flow, and adjusted EBITDA.  So at this time, we don't anticipate it having an impact on our ability to meet our guidance."   Defendants deny the allegations in Paragraph 19 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript of the August 8, 2018 earnings call and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants admit that an analyst stated as follows during the August 8, 2018 earnings call:  "And then as far as that public tolling contract, does the increased resources to complete the work imply somewhat pressured margins there versus expectations? Just trying to understand the implications here on the financials from both."  Defendants admit that Mr. Webb-Walsh stated as follows during the August 8, 2018 earnings call:  "In terms of the tolling contract, we typically don't comment on the financials around one specific contract.  We're obviously working to remediate the situation.   But what I will say is we just confirmed our guidance in

revenue, free cash flow, and adjusted EBITDA.  So at this time, we don't anticipate it having an impact on our ability to meet our guidance."  Defendants deny the allegations in Paragraph 20 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript of the August 8,  2018 earnings call and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

22.    The daily trading price of Conduent's common stock on the public market is a matter of public record and speaks for itself.  Defendants deny the remaining allegations in Paragraph 22.

23.    Defendants deny the allegations in the first sentence of Paragraph 23. Defendants deny the allegations in the second sentence of Paragraph 23, except that Defendants admit that in Conduent's November 7, 2018 press release the Company adjusted its financial guidance and refer to the publicly available press release which speaks for itself.  Defendants deny the allegations in Paragraph 23 to the extent that they mischaracterize, misquote, or are contradicted by Conduent's November 7, 2018 press release and refer to that press release for its complete contents. Defendants deny the remaining allegations in Paragraph 23.

24.    Defendants admit that Paragraph 24 purports to quote from and/or summarize a written transcript of the November 7, 2018 earnings call which speaks

8

for itself.  Defendants deny the allegations in Paragraph 24 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants admit that Paragraph 25 purports to summarize the contents of a written transcript of the November 7, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 25 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 25.

26.    Defendants deny the allegations in Paragraph 26.

27.    Defendants admit that Conduent's stock price closed at $13.62 on November 7, 2018, with a trading volume of 13,779,500.  Defendants deny the remaining allegations in Paragraph 27, and refer to publicly available data regarding Conduent's stock price and trading history.  Defendants deny the remaining allegations in Paragraph 27.

28.    Defendants admit that Plaintiff purports to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder by the SEC.  Paragraph 28 contains legal conclusions as to which no response is required.

9

To the extent that a response is required, Defendants deny that they have violated any laws or that Plaintiff is entitled to any judgment against Defendants. Defendants deny the remaining allegations in Paragraph 28.

29. The allegations in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this action and further refer to the Securities Exchange Act of 1934 (the "Exchange Act") and the rules promulgated thereunder.

30. The allegations in Paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30, except to admit that venue is proper in this Court and further refer to the Exchange Act and the rules promulgated thereunder.

31. The allegations in Paragraph 31 contain legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny them.

33. Defendants admit that Conduent is a New York corporation with its principal executive offices located in Florham Park, New Jersey. Defendants deny the allegations in the second sentence of Paragraph 33, and state that Conduent's common stock traded on the New York Stock Exchange under the symbol CNDT

during the putative Class Period alleged in the Amended Complaint but Conduent's common stock currently trades on the NASDAQ Global Select Market under the symbol CNDT.  Defendants deny the remaining allegations in Paragraph 33.

34.    Defendants admit that according to the Company's Form 10-K for the 2017 fiscal year filed March 1, 2018, Conduent provides business process services with expertise in transaction-intensive processing, analytics and automation. Defendants admit that the Company's Form 10-K for the 2017 fiscal year states: "Our services include support for electronic toll collection, public transit, parking, photo enforcement and commercial vehicle operations.  Across these offerings, we manage key processes on behalf of our clients including fee collection, compliance and violation management, notifications, statements and reporting."  Defendants deny the remaining allegations in paragraph 34.

35.    Defendants admit that Defendant Ashok Vemuri served as the Chief Executive Officer of Conduent and was a member of its board of directors during the putative Class Period alleged in the Amended Complaint.

36.    Defendants admit that Defendant Brian Webb-Walsh served as the Chief Financial Officer of Conduent during the putative Class Period alleged in the Amended Complaint.

37.    Defendants admit that Mr. Vemuri and Mr. Webb-Walsh are referred to in the Amended Complaint as the "Individual Defendants."  Defendants deny the

11

remaining allegations in Paragraph 37, except that Defendants admit that the Individual Defendants, in their capacities as executive officers during the putative Class Period alleged in the Amended Complaint, participated in the management of the Company.

38.    Defendants admit that Conduent and the Individual Defendants are referred to in the Amended Complaint as "Defendants."

39.    Defendants admit that on January 29, 2016, Xerox Corporation announced its plans to separate into two independent, publicly traded companies: one which would be comprised of the company's Document Technology and Document Outsourcing businesses; and another that would be a business process services company.    Defendants admit that while Xerox then announced the leadership and names of the two companies would be determined as the separation progressed, that Xerox is the Document Technology and Document Outsourcing company, and Conduent is the business process services company.  Defendants deny the remaining allegations in paragraph 39.

40.    Defendants admit that on June 14, 2016, Xerox announced that Mr. Vemuri would become the CEO of the Business Process Outsourcing company upon the completion of the separation of Xerox into two publicly-traded companies. Defendants deny the remaining allegations in paragraph 40.

41.    Defendants admit that on December 31, 2016, Conduent spun-off from

12

Xerox Corporation and began to operate as an independent, publicly traded company. Defendants deny the remaining allegations in paragraph 41.

42.   Defendants admit the allegations in Paragraph 42.

43.   Defendants admit that the Company operates the following three segments: (a) Commercial Industries; (b) Government Services; and (c) Transportation. Defendants deny the remaining allegations in Paragraph 43.

44.   Defendants admit that during the putative Class Period alleged in the Amended Complaint, the segment "Public Service" consisted of several primary businesses: Transportation; Federal, State, and Local Government; Payment; and Government Healthcare. Defendants deny the remaining allegations in Paragraph 44.

45.   Defendants admit that the Company's Transportation segment provides transportation services to government clients including support for electronic toll collection. Defendants deny the allegations in Paragraph 45 to the extent that they mischaracterize, misquote, or are contradicted by the Company's description of its business and operations in the Company's public filings and/or website, and refer to those publicly available sources for their complete contents. Defendants deny the remaining allegations in Paragraph 45.

46.   Defendants admit the Company offers an all-electronic tolling system. Defendants admit that Conduent offers technology that reads an in-vehicle

13

transponder or the vehicle's license plate as a part of its all-electronic tolling program.   Defendants deny the allegations in Paragraph 46 to the extent that they mischaracterize, misquote, or are contradicted by the Company's description of its business and operations in the Company's public filings and/or website, and refer to those publicly available sources for their complete contents.  Defendants deny the remaining allegations in Paragraph 46.

47.    Defendants admit that the Company's 2016 Annual Report filed in March 2017 states that the Company maintains an approximately 49% market share position in electronic toll collection in the United States based on toll revenues collected through the Company's systems in 2016.   Defendants admit that the Company's 2017 Annual Report filed in March 2018 states that the Company maintains an approximately 54% market share position in electronic toll collection in the United States based on toll revenues collected through the Company's systems in 2017.  Defendants deny the remaining allegations in Paragraph 47.

48.    Defendants admit that Paragraph 48 purports to summarize the contents of a written transcript of the August 9, 2017 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 48 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 48.

14

49.    Defendants admit that the allegations in Paragraph 49 purport to quote from and/or summarize a written transcript of the August 9, 2017 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 49 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 49.

50.    Defendants admit the allegations in Paragraph 50.

51.    Defendants deny the allegations in Paragraph 51.

52.    Defendants admit that Paragraph 52 purports to summarize the contents of a written transcript of the February 21, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 52 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 52.

53.    Defendants admit that the allegations in Paragraph 53 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 53 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 53.

15

54.    Defendants admit that in 2018, Conduent segregated its Public Sector segment into Government Services and Transportation segments.  Defendants admit that Conduent reports revenues from its Transportation business in a segment called Transportation.  Defendants deny the remaining allegations in paragraph 54.

55.    Defendants admit the allegations in Paragraph 55.

56.    Defendants admit that the Company disclosed that its tolling business accounted for $300M in revenue for fiscal year 2018.  Defendants further admit that the Company disclosed that its Transportation segment accounted for $729M in revenue for fiscal year 2018.  Defendants further admit that the Company disclosed total revenues of $5,393M for fiscal year 2018.  Defendants deny the allegations in Paragraph 56 to the extent they mischaracterize, misquote, or are contradicted by the Company's publicly reported financial data.  Defendants deny the remaining allegations in Paragraph 56.

57.    Defendants admit that the allegations in the first sentence of Paragraph 57 purport to quote from and/or summarize a written transcript of the February 22, 2017 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 57 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 57.

58.    Defendants admit that the allegations in Paragraph 58 purport to quote

16

from and/or summarize a written transcript of a June 8, 2017 investor conference that speaks for itself.  Defendants deny the allegations in Paragraph 58 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 58.

59.    Defendants admit that the allegations in Paragraph 59 purport to quote from and/or summarize a written transcript of the November 8, 2017 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 59 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 59.

60.    Defendants admit that the allegations in Paragraph 60 purport to quote from and/or summarize a magazine article dated May 1, 2018 that speaks for itself. Defendants deny the allegations in Paragraph 60 to the extent that they mischaracterize, misquote, or are contradicted by the magazine article and refer to the magazine article for its complete contents.  Defendants deny the remaining allegations in Paragraph 60.

61.    Defendants admit that Paragraph 61 purports to summarize the contents of a written transcript of a June 8, 2017 investor conference that speaks for itself. Defendants deny the allegations in Paragraph 61 to the extent that they

17

mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 61.

62. Defendants admit that the allegations in Paragraph 62 purport to quote from and/or summarize a written transcript of a June 8, 2017 investor conference that speaks for itself. Defendants deny the allegations in Paragraph 62 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants admit that the allegations in Paragraph 63 purport to summarize and/or quote from a written transcript of the November 8, 2017 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 63 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that Paragraph 64 purports to summarize the contents of a written transcript of a November 14, 2017 investor conference that speaks for itself. Defendants deny the allegations in Paragraph 64 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining

18

allegations in Paragraph 64.

65.    Defendants admit that the allegations in Paragraph 65 purport to quote from and/or summarize a written transcript of a November 14, 2017 investor conference that speaks for itself.  Defendants deny the allegations in Paragraph 65 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 65.

66.    Defendants admit that the allegations in Paragraph 66 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 66 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 66.

67.    Defendants admit that the allegations in Paragraph 67 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 67 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 67.

68.    Defendants admit that the allegations in Paragraph 68 purport to quote

19

from and/or summarize a written transcript of a February 22, 2017 investor call that speaks for itself. Defendants deny the allegations in Paragraph 68 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants admit that Paragraph 69 purports to summarize the contents of a written transcript of an August 9, 2017 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 69 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 69.

70. Defendants admit that the allegations in Paragraph 70 purport to quote from and/or summarize a written transcript of a February 22, 2017 investor call that speaks for itself. Defendants deny the allegations in Paragraph 70 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants admit that the allegations in Paragraph 71 purport to quote from and/or summarize a written transcript of a February 22, 2017 investor call which speaks for itself. Defendants deny the allegations in Paragraph 71 to the

extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    To the extent that the allegations in Paragraph 73 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied. Defendants admit that prior to the start of the putative Class Period alleged in the Amended Complaint, Conduent entered into a contract with Atos SE to provide third-party IT support for its businesses. Defendants deny the allegations in Paragraph 73 to the extent that they mischaracterize, misquote, or are contradicted by that contract and refer to the contract for its complete contents. Defendants admit that Atos produced and executed data migration plans that were reviewed by certain personnel at Conduent during the putative Class Period alleged in the Amended Complaint. Defendants deny the remaining allegations in Paragraph 73.

74.    Defendants admit that prior to the beginning of the alleged Class Period, Defendants provided updates to investors regarding the Company's progress with respect to the Strategic Transformation initiative throughout 2017. Defendants deny the remaining allegations in Paragraph 74.

21

75.    Defendants admit that the allegations in Paragraph 75 purport to quote from and/or summarize a written transcript of the May 10, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 75 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 75.

76.    Defendants admit that the allegations in Paragraph 76 purport to quote from and/or summarize a written transcript of the May 10, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 76 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 76.

77.    Defendants admit that the allegations in Paragraph 77 purport to quote from and/or summarize a written transcript of the May 10, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 77 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 77.

78.    Defendants admit that the allegations in Paragraph 78 purport to quote from and/or summarize a written transcript of the May 10, 2017 earnings call which

speaks for itself.  Defendants deny the allegations in Paragraph 78 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 78.

79.    Defendants admit that the allegations in Paragraph 79 purport to quote from and/or summarize a written transcript of the May 10, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 79 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 79.

80.    Defendants admit that the allegations in Paragraph 80 purport to quote from and/or summarize a written transcript of the August 9, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 80 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 80.

81.    Defendants admit that the allegations in Paragraph 81 purport to quote from and/or summarize a written transcript of the August 9, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 81 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer

23

to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 81.

82.    Defendants admit that the allegations in Paragraph 82 purport to quote from and/or summarize a written transcript of the August 9, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 82 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 82.

83.    Defendants admit that the allegations in Paragraph 83 purport to quote from and/or summarize a written transcript of the August 9, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 83 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 83.

84.    Defendants admit that the allegations in Paragraph 84 purport to quote from and/or summarize a written transcript of the November 8, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 84 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 84.

24

85.    Defendants admit that the allegations in Paragraph 85 purport to quote from and/or summarize a written transcript of the November 8, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 85 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 85.

86.    Defendants admit the allegations in Paragraph 86 purport to quote from and/or summarize a written transcript of the November 8, 2017 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 86 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 86.

87.    Defendants admit that the allegations in Paragraph 87 purport to quote from and/or summarize a written transcript of the November 8, 2017 earnings call which speaks for itself.  Defendants deny the allegations in Paragraph 87 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 87.

88.    Defendants admit that the allegations in Paragraph 88 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call

25

which speaks for itself. Defendants deny the allegations in Paragraph 88 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 88.

89.    Defendants admit that on February 21, 2018, Defendants issued Conduent's fiscal year 2018 revenue and adjusted EBITDA guidance. Defendants refer to the February 21, 2018 press release which contains the guidance, is a matter of public record, and speaks for itself. Defendants deny the allegations in Paragraph 89 to the extent that they mischaracterize, misquote, or are contradicted by the February 21, 2018 press release and refer to the press release for its complete contents. Defendants deny the remaining allegations in Paragraph 89.

90.    Defendants admit that the allegations in Paragraph 90 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call which speaks for itself. Defendants deny the allegations in Paragraph 90 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92, except that Defendants admit that the second sentence of Paragraph 92 purports to quote from

26

and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself. Defendants deny the allegations in the second sentence of Paragraph 92 the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93, except that Defendants admit that the second sentence of Paragraph 93 purports to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself. Defendants deny the allegations in the second sentence of Paragraph 93 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 93.

94. Defendants admit the allegations in the first and second sentences of Paragraph 94. Defendants admit that on May 9, 2018, Conduent adjusted its fiscal year 2018 revenue guidance to $5,440M - $5,640M, and adjusted its adjusted EBITDA guidance to $672M - $698M. Defendants deny the remaining allegations in Paragraph 94.

95. Defendants admit that the allegations in Paragraph 95 purport to quote from and/or summarize a written transcript of the May 9, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 95 to the extent that

27

they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 95.

96.    Defendants admit that the allegations in Paragraph 96 purport to quote from and/or summarize a written transcript of the May 9, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 96 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 96.

97.    Defendants admit that the allegations in Paragraph 97 purport to quote from and/or summarize a written transcript of the May 9, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 97 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 97.

98.    Defendants admit on May 9, 2018, Mr. Webb-Walsh stated: "We updated our guidance for the impact of the recently signed divestitures, but excluding these factors, we would have been in-line with our previous guidance." Defendants further admit that Paragraph 98 purports to characterize the contents of a written transcript of the May 9, 2018 earnings call that speaks for itself.

28

Defendants deny the allegations in Paragraph 98 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 98.

99.    Defendants admit the allegations in the first sentence of Paragraph 99. Defendants admit that on June 8, 2018, Conduent adjusted its fiscal year 2018 revenue guidance to $5.41B - $5.61B, and adjusted its adjusted EBITDA guidance to $662M - $688M. Defendants deny the remaining allegations in Paragraph 99.

100.    Defendants admit that the allegations in Paragraph 100 purport to quote from and/or summarize a written transcript of a June 8, 2018 Analyst Day that speaks for itself. Defendants deny the allegations in Paragraph 100 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 100.

101.    Defendants admit on June 8, 2018 that Mr. Webb-Walsh stated: "We have provided an update to our full year 2018 guidance to account for the most recently signed divestiture, the Commercial vehicle operations business. Similar to the guidance revision on our Q1 earnings call, the only change we are making to guidance are as a result of this divestiture." Defendants further admit that Paragraph 101 purports to characterize the contents of a written transcript that speaks for itself.

29

Defendants deny the allegations in Paragraph 101 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 101.

102. Defendants admit that the allegations in Paragraph 102 purport to quote from and/or summarize a written transcript of a June 8, 2018 Analyst Day that speaks for itself. Defendants deny the allegations in Paragraph 102 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants admit that the Company made a presentation to analysts on June 8, 2018 and state that the presentation speaks for itself. Defendants deny the allegations in Paragraph 103 to the extent that they mischaracterize, misquote, or are contradicted by the presentation and refer to the presentation for its complete contents. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants admit the allegations in Paragraph 104.

105. Defendants admit that the allegations in Paragraph 105 purport to quote from and/or summarize a written transcript of the August 8, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 105 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer

30

to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 105.

106. Defendants admit that the allegations in Paragraph 106 purport to quote from and/or summarize a written transcript of the August 8, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 106 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 106.

107. Defendants admit that Conduent's stock price closed at $19.74 on August 8, 2018. Defendants deny the remaining allegations in Paragraph 107, and refer to publicly available data regarding Conduent's stock price and trading history.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants admit that the allegations in Paragraph 109 purport to quote from and/or summarize a May 1, 2018 magazine article that speaks for itself. Defendants deny the allegations in Paragraph 109 to the extent that they mischaracterize, misquote, or are contradicted by the magazine article and refer to the magazine article for its complete contents. Defendants deny the remaining allegations in Paragraph 109.

110. Defendants admit that the allegations in Paragraph 110 purport to quote from and/or summarize a May 1, 2018 magazine article that speaks for itself.

31

Defendants deny the allegations in Paragraph 110 to the extent that they mischaracterize, misquote, or are contradicted by the magazine article and refer to the magazine article for its complete contents. Defendants deny the remaining allegations in Paragraph 110.

111. Defendants admit that the allegations in Paragraph 111 purport to quote from and/or summarize a written transcript of the November 8, 2017 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 111 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants admit the allegations in the first sentence of Paragraph 114. Defendants deny the allegations in the second sentence of Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in the first sentence of Paragraph 116. Defendants admit that the allegations in the second, third, and fourth sentences of Paragraph 116 purport to quote from and/or summarize a February 19, 2019 news article that speaks for itself. Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 116 to the extent that they mischaracterize,

32

misquote, or are contradicted by the news article and refer to the news article for its complete contents. Defendants deny the remaining allegations in Paragraph 116.

117. Defendants admit that Paragraph 117 purports to summarize the contents of a July 11, 2018 third-party press release that speaks for itself. Defendants deny the allegations in Paragraph 117 to the extent that they mischaracterize, misquote, or are contradicted by the third-party press release and refer to the third-party press release for its complete contents. Defendants deny the remaining allegations in Paragraph 117.

118. Defendants admit that the allegations in Paragraph 118 purport to quote from and/or summarize a July 11, 2018 third-party press release that speaks for itself. Defendants deny the allegations in Paragraph 118 to the extent that they mischaracterize, misquote, or are contradicted by the press release and refer to the press release for its complete contents. Defendants deny the remaining allegations in Paragraph 118.

119. Defendants admit that the allegations in Paragraph 119 purport to quote from and/or summarize a July 30, 2018 letter that speaks for itself. Defendants deny the allegations in Paragraph 119 to the extent that they mischaracterize, misquote, or are contradicted by the July 30, 2018 letter and refer to the July 30, 2018 letter for its complete contents. Defendants deny the remaining allegations in Paragraph 119.

120. To the extent that the allegations in Paragraph 120 refer to purported

33

"Conduent's contracts" without identifying the particular contracts or "the tolling clients" without identifying the particular tolling clients, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied. Defendants deny the allegations in Paragraph 120 to the extent that they mischaracterize, misquote, or are contradicted by the Conduent contracts and refer to the Conduent contracts for their complete contents. Defendants deny the remaining allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. To the extent that the allegations in Paragraph 122 refer to purported "monthly letters" without identifying the particular letters, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied. Defendants deny the remaining allegations in Paragraph 122.

123. Defendants admit that the allegations in Paragraph 123 purport to quote from and/or summarize a contract between Conduent and certain New Jersey E-ZPass tolling agencies that speaks for itself. Defendants deny the allegations in Paragraph 123 to the extent that they mischaracterize, misquote, or are contradicted by the contract and refer to the contract for its complete contents. Defendants deny the remaining allegations in Paragraph 123.

124. Defendants admit that the allegations in Paragraph 124 purport to quote

34

from and/or summarize an addendum between Conduent and certain New Jersey E-ZPass tolling agencies that speaks for itself.  Defendants deny the allegations in Paragraph 124 to the extent that they mischaracterize, misquote, or are contradicted by the addendum and refer to the addendum for its complete contents.  Defendants deny the remaining allegations in Paragraph 124.

125.    Defendants admit that the allegations in Paragraph 125 purport to quote from and/or summarize an addendum between Conduent and certain New Jersey E-ZPass tolling agencies that speaks for itself.  Defendants deny the allegations in Paragraph 125 to the extent that they mischaracterize, misquote, or are contradicted by the addendum and refer to the addendum for its complete contents.  Defendants deny the remaining allegations in Paragraph 125.

126.    Defendants admit that the allegations in Paragraph 126 purport to quote from and/or summarize an addendum between Conduent and certain New Jersey E-ZPass tolling agencies that speaks for itself.  Defendants deny the allegations in Paragraph 126 to the extent that they mischaracterize, misquote, or are contradicted by the addendum and refer to the addendum for its complete contents.  Defendants deny the remaining allegations in Paragraph 126.

127.    Defendants admit that the allegations in Paragraph 127 purport to quote from and/or summarize a contract between Conduent and the Florida Department of Transportation that speaks for itself.  Defendants deny the allegations in Paragraph

35

127 to the extent that they mischaracterize, misquote, or are contradicted by the contract and refer to the contract for its complete contents. Defendants deny the remaining allegations in Paragraph 127.

128. Defendants admit that on July 16, 2018, the Florida Department of Transportation announced that the department would withhold all future payments to Conduent until the SunPass Centralized Customer Service System is fully operational. Defendants further admit that in a July 16, 2018 letter from Secretary Mike Dew, Mr. Dew cited Section 2.41 b. of the Special Conditions to a November 16, 2015 Agreement. Defendants deny the remaining allegations in Paragraph 128.

129. Defendants admit that the allegations in the first sentence of Paragraph 129 purports to quote from and/or summarize a July 16, 2018 letter that speaks for itself. Defendants deny the allegations in Paragraph 129 to the extent that they mischaracterize, misquote, or are contradicted by the July 16, 2018 letter and refer to the July 16, 2018 letter for its complete contents. Defendants deny the remaining allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants admit that the allegations in Paragraph 131 purport to quote from and/or summarize a contract between Conduent and the New York Thruway Authority that speaks for itself. Defendants deny the allegations in Paragraph 131 to the extent that they mischaracterize, misquote, or are contradicted by the contract

36

and refer to the contract for its complete contents.  Defendants deny the remaining allegations in Paragraph 131.

132.  Defendants admit that Conduent and the Thruway Authority had a contract but state that the contract speaks for itself and deny the first sentence of Paragraph 132 to the extent that it mischaracterizes the contract.  Defendants admit that the allegations in the second and third sentences of Paragraph 132 purport to quote from and/or summarize a July 17, 2018 article that speaks for itself. Defendants deny the allegations in the second and third sentences of Paragraph 132 to the extent that they mischaracterize, misquote, or are contradicted by the July 17, 2018 article and refer to the article for its complete contents.  Defendants deny the remaining allegations in Paragraph 132.

133.  Defendants deny the allegations in the first sentence of Paragraph 133. Defendants admit that the allegations in the second sentence of Paragraph 133 purports to summarize the contents of an October 30, 2018 letter that speaks for itself.  Defendants deny the allegations in the second sentence of Paragraph 133 to the extent that they mischaracterize, misquote, or are contradicted by the October 30, 2018 letter and refer to the October 30, 2018 letter for its complete contents. Defendants deny the remaining allegations in Paragraph 133.

134.   Defendants admit that the allegations in Paragraph 134 purport to quote from and/or summarize a contract between Conduent and the Michigan Department

37

of Transportation that speaks for itself. Defendants deny the allegations in Paragraph 134 to the extent that they mischaracterize, misquote, or are contradicted by the contract and refer to the contract for its complete contents. Defendants deny the remaining allegations in Paragraph 134.

135. To the extent that the allegations in Paragraph 135 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied. Defendants deny the remaining allegations in Paragraph 135.

136. To the extent that the allegations in Paragraph 136 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied. Defendants deny the remaining allegations in Paragraph 136.

137. To the extent that the allegations in Paragraph 137 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied. Defendants deny the remaining allegations in Paragraph 137.

138. To the extent that the allegations in Paragraph 138 refer to purported

statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied. Defendants deny the remaining allegations in Paragraph 138.

139. To the extent that the allegations in Paragraph 139 refer to purported statements from a former Conduent employee and/or confidential witness, Defendants are without knowledge or information sufficient to form a belief as to the truth of whether such statements were made and, therefore, the allegations are denied. Defendants deny the remaining allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140, except that Defendants admit that Conduent issued a press release on November 7, 2018 announcing Conduent's third quarter financial results and adjusting its fiscal year 2018 earnings and revenue guidance. Defendants deny the remaining allegations in Paragraph 140.

141. Defendants admit that on November 7, 2018, Conduent reported $1,304M in third quarter 2018 revenue, down 11.9% compared to Q3 2017. Defendants admit that in the November 7, 2018 press release, Conduent adjusted its fiscal year 2018 earnings and revenue guidance and refer to the contents of the publicly available press release which speaks for itself. Defendants deny the allegations in Paragraph 141 to the extent that they mischaracterize, misquote, or are

39

contradicted by the November 7, 2018 press release and refer to the November 7, 2018 press release for its complete contents. Defendants deny the remaining allegations in Paragraph 141.

142. Defendants admit that the allegations in Paragraph 142 purport to quote from and/or summarize a November 8, 2018 press release which speaks for itself. Defendants deny the allegations in Paragraph 142 to the extent that they mischaracterize, misquote, or are contradicted by the November 7, 2018 press release and refer to the press release for its complete contents. Defendants deny the remaining allegations in Paragraph 142.

143. Defendants admit that the allegations in Paragraph 143 purport to quote from and/or summarize a written transcript of the November 7, 2018 earnings call which speaks for itself. Defendants deny the allegations in Paragraph 143 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 143.

144. Defendants admit that the allegations in Paragraph 144 purport to quote from and/or summarize a November 7, 2018 BMO Capital Markets report which speaks for itself. Defendants deny the allegations in Paragraph 144 to the extent that they mischaracterize, misquote, or are contradicted by the November 7, 2018 BMO Capital Markets report and refer to the November 7, 2018 BMO Capital Markets

40

report for its complete contents.  Defendants deny the remaining allegations in Paragraph 144.

145.  Defendants admit that the allegations in Paragraph 145 purport to quote from and/or summarize a November 7, 2018 Morgan Stanley analyst report which speaks for itself.  Defendants deny the allegations in Paragraph 145 to the extent that they mischaracterize, misquote, or are contradicted by the November 7, 2018 Morgan Stanley analyst report and refer to the November 7, 2018 Morgan Stanley analyst report for its complete contents.  Defendants deny the remaining allegations in Paragraph 145.

146.  Defendants admit that Conduent's stock price closed at $13.62 on November 7, 2018.  Defendants deny the remaining allegations in Paragraph 146, and refer to publicly available data regarding Conduent's stock price and trading history.

147.  Defendants admit that on February 21, 2018, Conduent issued a press release providing guidance ranges for fiscal year 2018, and refer to the contents of the publicly available press release for those guidance ranges.  Defendants deny the allegations in Paragraph 147 to the extent that they mischaracterize, misquote, or are contradicted by the press release and refer to the press release for its complete contents.  Defendants deny the remaining allegations in Paragraph 147.

148.  Defendants admit that the allegations in Paragraph 148 purport to quote

41

from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 148 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 148.

149.    Defendants admit that the allegations in Paragraph 149 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 149 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 149.

150.    Defendants admit that the allegations in Paragraph 150 purport to quote from and/or summarize a written transcript of the February 21, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 150 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants admit the allegations in the first and second sentences of Paragraph 94.  Defendants admit that on May 9, 2018, Conduent adjusted its fiscal

42

year 2018 revenue guidance to $5,440M - $5,640M, and adjusted its adjusted EBITDA guidance to $672M - $698M.  Defendants deny the remaining allegations in Paragraph 94.

153.   Defendants admit that the allegations in Paragraph 153 purport to quote from and/or summarize a written transcript of the May 9, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 153 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 153.

154.   Defendants admit that the allegations in Paragraph 154 purport to quote from and/or summarize a written transcript of the May 9, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 154 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 154.

155.   Defendants admit that the allegations in Paragraph 155 purport to quote from and/or summarize a written transcript of the May 9, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 155 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining

43

allegations in Paragraph 155.

156.  Defendants deny the allegations in Paragraph 156.

157.  Defendants admit the allegations in the first sentence of Paragraph 157. Defendants admit that on June 8, 2018, Conduent adjusted its fiscal year 2018 revenue guidance to $5.41B - $5.61B, and adjusted its adjusted EBITDA guidance to $662M - $688M.  Defendants deny the remaining allegations in Paragraph 157.

158.  Defendants admit that the allegations in Paragraph 158 purport to quote from and/or summarize a written transcript of the June 8, 2018 investor conference that speaks for itself.  Defendants deny the allegations in Paragraph 158 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 158.

159.  Defendants admit that the allegations in Paragraph 159 purport to quote from and/or summarize a written transcript of the June 8, 2018 Analyst Day that speaks for itself.  Defendants deny the allegations in Paragraph 159 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 159.

160.  Defendants deny the allegations in Paragraph 160.

161.  Defendants admit the allegations in Paragraph 161.

44

162.    Defendants admit that the allegations in Paragraph 162 purport to quote from and/or summarize a written transcript of the August 8, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 162 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 162.

163.    Defendants admit that the allegations in Paragraph 163 purport to quote from and/or summarize a written transcript of the August 8, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 163 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants admit that on November 7, 2018, the Company reported adjusted net income of $61 million for the third quarter of 2018 and reported $0.28 in adjusted diluted earnings per share from continuing operations. Defendants admit that the Company also reported $1,304 million in revenue, down 11.9% compared to the third quarter of 2017. Defendants deny the remaining allegations in Paragraph 166.

45

167.    Defendants admit that on November 7, 2018, the Company adjusted its adjusted EBITDA guidance to $640 - $650M (from $662 - $688M) and adjusted its revenue guidance to $5.34 - $5.40B (from $5.41 - $5.61B).  Defendants deny the remaining allegations in Paragraph 167.

168.    Defendants admit that the allegations in Paragraph 168 purport to quote from and/or summarize a November 7, 2018 press release that speaks for itself. Defendants deny the allegations in Paragraph 168 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 168.

169.    Defendants admit that the allegations in Paragraph 169 purport to quote from and/or summarize a written transcript of the November 7, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 169 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 169.

170.    Defendants admit that the allegations in Paragraph 170 purport to quote from and/or summarize a written transcript of the November 7, 2018 earnings call that speaks for itself.  Defendants deny the allegations in Paragraph 170 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and

46

refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 170.

171. Defendants admit that the allegations in Paragraph 171 purport to quote from and/or summarize a written transcript of the November 7, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 171 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 171.

172. Defendants admit that the allegations in Paragraph 172 purport to quote from and/or summarize a written transcript of the November 7, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 172 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 172.

173. Defendants admit that the allegations in Paragraph 173 purport to quote from and/or summarize a written transcript of the November 7, 2018 earnings call that speaks for itself. Defendants deny the allegations in Paragraph 173 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 173.

47

174.    Defendants admit that the allegations in Paragraph 174 purport to quote from and/or summarize a November 7, 2018 BMO Capital Markets report that speaks for itself.  Defendants deny the allegations in Paragraph 174 to the extent that they mischaracterize, misquote, or are contradicted by the November 7, 2018 BMO Capital Markets report and refer to the November 7, 2018 BMO Capital Markets report for its complete contents.  Defendants deny the remaining allegations in Paragraph 174.

175.    Defendants admit that the allegations in Paragraph 175 purport to quote from and/or summarize a November 7, 2018 Morgan Stanley analyst report that speaks for itself.  Defendants deny the allegations in Paragraph 175 to the extent that they mischaracterize, misquote, or are contradicted by the November 7, 2018 Morgan Stanley analyst report and refer to the November 7, 2018 Morgan Stanley analyst report for its complete contents.  Defendants deny the remaining allegations in Paragraph 175.

176.    Defendants admit that Conduent's stock price closed at $13.62 on November 7, 2018.  Defendants deny the remaining allegations in Paragraph 176, and refer to publicly available data regarding Conduent's stock price and trading history.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

48

179. Defendants deny the allegations in Paragraph 179.

180. Defendants deny the allegations in Paragraph 180.

181. Defendants deny the allegations in Paragraph 181.

182. Defendants deny the allegations in Paragraph 182, except that Defendants admit that the second sentence of Paragraph 182 purports to quote from and/or summarize a written transcript of the August 9, 2017 earning call that speaks for itself. Defendants deny the allegations in the second sentence of Paragraph 182 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript of the August 9, 2017 earnings call and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 182.

183. Defendants admit the allegations in the first sentence of Paragraph 183. Defendants deny the remaining allegations in Paragraph 183.

184. Defendants deny the allegations in Paragraph 184.

185. Defendants admit that the allegations in Paragraph 185 purport to quote from and/or summarize a written transcript of a June 8, 2017 investor conference that speaks for itself. Defendants deny the allegations in Paragraph 185 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents. Defendants deny the remaining allegations in Paragraph 185.

186. Defendants deny the allegations in Paragraph 186.

187.    Defendants admit that the allegations in Paragraph 187 purport to quote from and/or summarize a written transcript of the August 8, 2018 conference call that speaks for itself.  Defendants deny the allegations in Paragraph 187 to the extent that they mischaracterize, misquote, or are contradicted by the written transcript and refer to the written transcript for its complete contents.  Defendants deny the remaining allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants admit that the allegations in Paragraph 189 purport to quote from and/or summarize a February 13, 2019 third-party article that speaks for itself. Defendants deny the allegations in Paragraph 189 to the extent that they mischaracterize, misquote, or are contradicted by the February 13, 2019 third-party article and refer to the February 13, 2019 third-party article for its complete contents. Defendants deny the remaining allegations in Paragraph 189.

190.    Defendants admit that the allegations in Paragraph 190 purport to quote from and/or summarize a February 13, 2019 third-party article that speaks for itself. Defendants deny the allegations in Paragraph 190 to the extent that they mischaracterize, misquote, or are contradicted by the February 13, 2019 third-party article and refer to the February 13, 2019 third-party article for its complete contents. Defendants deny the remaining allegations in Paragraph 190.

191.    Defendants admit that the allegations in Paragraph 191 purport to quote

from and/or summarize a February 13, 2019 third-party article that speaks for itself. Defendants deny the allegations in Paragraph 191 to the extent that they mischaracterize, misquote, or are contradicted by the February 13, 2019 third-party article and refer to the February 13, 2019 third-party article for its complete contents. Defendants deny the remaining allegations in Paragraph 191.

192.    Defendants admit that the allegations in Paragraph 192 purport to quote from and/or summarize a March 29, 2019 third-party article that speaks for itself. Defendants deny the allegations in Paragraph 192 to the extent that they mischaracterize, misquote, or are contradicted by the March 29, 2019 third-party article and refer to the March 29, 2019 third-party article for its complete contents. Defendants deny the remaining allegations in Paragraph 192.

193.    Defendants admit the allegations in Paragraph 193.

194.    Defendants admit that Paragraph 194 refers to and/or purports to summarize the contents of a letter attached to the Company's April 11, 2019 Form 8-K that speaks for itself.  Defendants deny the allegations in Paragraph 194 to the extent that they mischaracterize, misquote, or are contradicted by the letter and refer to the letter for its complete contents.  Defendants deny the remaining allegations in Paragraph 194.

195.    Defendants admit that the allegations in Paragraph 195 purport to quote from and/or summarize a letter attached to the Company's April 11, 2019 Form 8-K

51

that speaks for itself.  Defendants deny the allegations in Paragraph 195 to the extent that they mischaracterize, misquote, or are contradicted by the letter and refer to the letter for its complete contents.  Defendants deny the remaining allegations in Paragraph 195.

196.  Defendants admit that on May 8, 2019, Conduent announced that Mr. Vemuri intended to step down as CEO and a member of the Board of Directors, and that to ensure an orderly transition, Mr. Vemuri would continue in his then-current role as CEO and as a member of the Board of Directors until his successor was appointed, which the Board then expected to occur during the third quarter of 2019. Defendants deny the remaining allegations in Paragraph 196.

197.  Defendants admit that on May 22, 2019, Conduent Transportation, a business unit of Conduent Incorporated, announced the appointment of Scott Doering as general manager, Road Usage Charging, and that Mr. Doering would lead Conduent Transportation's tolling operations and would also shape its vision for the future.  Defendants deny the remaining allegations in Paragraph 197.

198.  The allegations in Paragraph 198 attempt to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 198, except that Defendants admit the Company's stock was listed and traded on the New York Stock Exchange during the alleged class period, admit that the Company periodically filed public reports on

52

Form 10-K and 10-Q with the SEC, and admit that the Company periodically communicated with investors through publicly available press releases.  Defendants deny the remaining allegations in Paragraph 198.

199.   The allegations in Paragraph 199 attempt to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 199.

200.   The allegations in Paragraph 200 attempt to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 200.

201.   The allegations in Paragraph 201 attempt to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 201.

202.   Defendants deny the allegations in Paragraph 202.

203.   The allegations in Paragraph 203 attempt to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 203.

204.   The allegations in Paragraph 204 attempt to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 204.

205.   The allegations in Paragraph 205 attempt to state legal conclusions as

to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 205.

206. The allegations in the first sentence of Paragraph 206 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in the first sentence of Paragraph 206. Defendants deny the remaining allegations in Paragraph 206.

207. Defendants admit that Conduent's stock price closed at $13.62 on November 7, 2019. Defendants deny the remaining allegations in Paragraph 207, and refer to publicly available data regarding Conduent's stock price and trading history.

208. The allegations in Paragraph 208 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 208.

209. The allegations in Paragraph 209 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 209.

210. Defendants maintain that Plaintiff has failed to state a claim for relief and further deny that any class should be certified, but admit that Plaintiff purports to bring this case as a putative class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Defendants deny the remaining allegations in

54

Paragraph 210.

211. Defendants maintain that Plaintiff has failed to state a claim for relief and further deny that any class should be certified, but admit that Plaintiff purports to exclude from the putative class (1) Conduent, and its officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest or are a parent; and (2) Defendants, their immediate families, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any of them has a controlling interest.

212. The allegations in Paragraph 212 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 212.

213. The allegations in Paragraph 213 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 213.

214. The allegations in Paragraph 214 attempt to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 214.

215. The allegations in Paragraph 215 attempt to state legal conclusions as to which no response is required. To the extent that a response is required,

55

Defendants deny the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 attempt to state legal conclusions as to which no response is required.    To the extent that a response is required, Defendants deny the allegations in Paragraph 216.

217.    The allegations in Paragraph 217 attempt to state legal conclusions as to which no response is required.    To the extent that a response is required, Defendants deny the allegations in Paragraph 217.

218.    In response to the allegations in Paragraph 218, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants deny the allegations in Paragraph 220.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    In response to the allegations in Paragraph 228, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

229. Defendants deny the allegations in Paragraph 229.

230. Defendants deny the allegations in Paragraph 230.

231. Defendants deny the allegations in Paragraph 231.

232. Defendants deny the allegations in Paragraph 232.

233. Defendants deny the allegations in Paragraph 233.

## PRAYER FOR RELIEF

### ANSWER

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever, and deny any remaining allegations in these or any other portions of the Amended Complaint to the extent not expressly admitted or otherwise addressed herein.

## JURY TRIAL DEMANDED

### ANSWER

Defendants deny that Plaintiff is entitled to any of the relief requested in the section of the Amended Complaint entitled Jury Trial Demanded, and deny any remaining allegations in these or any other portions of the Amended Complaint to the extent not expressly admitted or otherwise addressed herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants plead the following defenses:

## FIRST DEFENSE

Defendants maintain that the Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied.

## THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants are not liable, and Plaintiff has not alleged and cannot prove that Conduent is liable without proving primary liability.

## FOURTH DEFENSE

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Plaintiff cannot meet his burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission,

(2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## SIXTH DEFENSE

Plaintiff cannot meet his burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

## SEVENTH DEFENSE

Plaintiff's purported claims and those of the putative class for control person liability are barred because the Individual Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

## EIGHTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or

misleading statements and why those statements were false or misleading as required by the PSLRA as well as Plaintiff's inability to prove any such facts.

## NINTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which the alleged claims are based.

## TENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## ELEVENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that the allegedly false and misleading statements identified by Plaintiff were immaterial.

## TWELFTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendants.

## THIRTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in that Plaintiff has failed to plead its claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the PSLRA, Fed. R. Civ. P. 9(b), or otherwise.

## FIFTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to Plaintiff's inability to prove facts demonstrating a strong inference of scienter, with regard to each Defendant and as to each alleged misstatement.

## SIXTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Plaintiff cannot prove reliance on any alleged statements or actions of the Defendants and Plaintiff is not entitled to the fraud on the market presumption of reliance.

## SEVENTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Plaintiff cannot meet the burden of proving that there was an "efficient market" with respect to Conduent's stock.

## EIGHTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiff's averred damages and the requisite "loss causation" is lacking. *See* 15 U.S.C. § 78u-4(b)(4).

## NINETEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in whole or in part to the extent the damages allegedly suffered (which Defendants contend there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not liable.

## TWENTIETH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in whole or in part to the extent any decline in the value of Plaintiff's Conduent shares was caused by intervening and superseding causes.

## TWENTY-FIRST DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

## TWENTY-SECOND DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA, 15 U.S.C. § 78u-5(c), to the extent that they challenge forward-looking statements.

## TWENTY-THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

## TWENTY-FOURTH DEFENSE

To the extent Defendants were in possession of any of the information Plaintiff claims they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

## TWENTY-FIFTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiff's claims to

the extent that the information at issue was credibly made available to the market by other sources.

## TWENTY-SIXTH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Conduent stock.

## TWENTY-SEVENTH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade shares between the time the alleged misrepresentations were made and the time the alleged "truth" was revealed.

## TWENTY-EIGHTH DEFENSE

Plaintiff's purported claims and those of the putative class are not actionable under the *Santa Fe doctrine.*

## TWENTY-NINTH DEFENSE

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

64

## THIRTIETH DEFENSE

Plaintiff's purported claims and those of the putative class are barred based on the doctrine of assumption of risk.

## THIRTY-FIRST DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations apply.

## THIRTY-SECOND DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent they have "unclean hands."

## THIRTY-THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

## THIRTY-FOURTH DEFENSE

Any recovery by Plaintiff and the putative class against Defendants would constitute unjust enrichment.

## THIRTY-FIFTH DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

65

## THIRTY-SIXTH DEFENSE

Plaintiff is not entitled to an award of punitive damages, pre-judgment interest, or post-judgment interest.

## THIRTY-SEVENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, by Plaintiff's own actions, omissions, and/or negligence.

## Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants having fully answered Plaintiff's Amended Complaint, pray:

(a) that the Amended Complaint be dismissed with prejudice;

(b) that judgment be entered in Defendants' favor;

(c) that all costs of this action be taxed against Plaintiff; and

(d) for such other and further relief as the Court deems proper.

Dated:  July 20, 2020

/s/ Israel Dahan
**KING & SPALDING LLP**
Israel Dahan
1185 Avenue of the Americas, 36th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Fax: (212) 556-2222
idahan@kslaw.com

B. Warren Pope (*pro hac vice*)
Brian D. Barnes (*pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com
bbarnes@kslaw.com

*Counsel for Defendants Conduent Incorporated, Ashok Vemuri, and Brian Webb-Walsh*

67

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 20th day of July, 2020.

*/s/ Israel Dahan*
Israel Dahan

*Counsel for Defendants*

68