# EXHIBIT A-1

**LAW OFFICES OF JAN MEYER**
**& ASSOCIATES, P.C.**
Richard Elem, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: (201) 862-9500
Email: relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

[Co-Lead Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-SCM<br><br>Hon. Susan D. Wigenton<br><br>Hon. Steven C. Mannion |

**OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

The Oklahoma Firefighters Pension and Retirement System ("Plaintiff" or "Oklahoma Fire"), by and through its counsel, hereby responds to Defendants' First Set of Interrogatories ("Interrogatories"), dated September 4, 2020.

**<u>GENERAL OBJECTIONS</u>**

The following General Objections apply to each of the Interrogatories (and their accompanying Definitions and Instructions), and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory.

1. Oklahoma Fire objects to the Interrogatories to the extent they are overbroad and unduly burdensome.

2. Oklahoma Fire objects to the Interrogatories to the extent they seek information not within Oklahoma Fire's possession, custody and control.

3. Oklahoma Fire objects to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit a response. By responding to any Interrogatory, Oklahoma Fire does not adopt any meaning that Defendants may intend or have in mind, and expressly reserves the right to object to any use of any response in a manner that mischaracterizes or takes any of Oklahoma Fire's responses out of context, or attempts to apply any of the responses to a unilateral definition of a particular inquiry.

4. Oklahoma Fire objects to the Interrogatories to the extent they seek to impose burdens and obligations on Oklahoma Fire that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

5. Oklahoma Fire objects to the Interrogatories to the extent they seek information already provided by Oklahoma Fire, or information already in the possession of Defendants or their representative.

6.      Oklahoma Fire objects to these Interrogatories to the extent they call for the revelation of information protected by the attorney-client privilege or the attorney work-product doctrine, or are, in any other way, protected by any statute, rule or law.  Any disclosure of information protected from discovery by any privilege, protection, immunity, law, or rule is inadvertent and does not constitute a waiver.

7.      Oklahoma Fire objects to these Interrogatories to the extent that they inappropriately merge multiple subparts, which should be treated as distinct Interrogatories, into a single Interrogatory.

8.      Oklahoma Fire objects to the Interrogatories to the extent they seek information that is available from public sources.

9.      Oklahoma Fire objects to the Interrogatories to the extent they are inappropriate and premature contention Interrogatories.

10.     In responding to these Interrogatories, Oklahoma Fire does not waive any privilege or immunity.

11.     In responding to these Interrogatories, Oklahoma Fire does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

a.      all objections to competency, relevancy, materiality, and admissibility;

b.      all objections to vagueness, ambiguity, or other infirmity in the form of the Interrogatories, and any objections based on the undue burden imposed thereby;

c.      all rights to object on the ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

d.      the right to revise, correct, supplement, or clarify any of the responses to the Interrogatories.

2

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Oklahoma Fire objects to the Defendants' instruction that "Each Interrogatory is addressed to the personal knowledge of [Oklahoma Fire] as well as to the knowledge of [Oklahoma Fire's] attorneys, investigators, agents, employees, and other representatives.  When a question is directed to [Oklahoma Fire], the question is also directed to each of the aforementioned persons."  This instruction is overly broad and unduly burdensome and requests Oklahoma Fire obtain information from third parties.  Oklahoma Fire will answer each interrogatory based upon the personal knowledge of Oklahoma Fire.

2.      Oklahoma Fire objects to Instruction 2 on the grounds it calls for Oklahoma Fire to produce information in the possession of third parties.  Such a request is overly broad and unduly burdensome.  Oklahoma Fire will answer each interrogatory based upon the personal knowledge of Oklahoma Fire.  Oklahoma Fire further objects to this instruction on the grounds it requests information in the possession of Oklahoma Fire's attorneys.  Such a request is overly broad, unduly burdensome, not proportional to the needs to the case, and harassing.

3.      Oklahoma Fire objects to the definition of "you" and "your" to the extent it includes the clause "including, but not limited to, [Oklahoma Fire's] employees, servants, trustees, attorneys, agents, investigators, representatives, experts or purported experts."  The inclusion of the phrase "including, but not limited to," renders the definition overbroad and unduly burdensome.  Further, the definition is overly broad and unduly burdensome and requests Oklahoma Fire obtain information from third parties and requests premature disclosure of expert testimony. Oklahoma Fire will answer each interrogatory based upon the personal knowledge of Oklahoma Fire.

4.      Oklahoma Fire objects to Defendants' purported definitions and instructions to

3

the extent they seek to impose burdens and obligations on Oklahoma Fire that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

5.      Oklahoma Fire objects to the definition of "Conduent" and "Company" to the extent it includes the clause "without limitation, its operating subsidiaries, and any officers, directors, employees, attorneys, and agents of its operating subsidiaries, whether present or former."  The inclusion of the term "without limitation" renders this instruction overly broad and unduly burdensome.  Further, Oklahoma Fire is not in a position to know the position and relationship of these listed persons and entities to Conduent unless the relationship was publicly apparent or Oklahoma Fire was informed of that position or relationship.  Oklahoma Fire will consider a reference to Conduent to include the listed entities and persons if Oklahoma Fire was aware of the relationship or the relationship was publicly apparent.

6.      Oklahoma Fire objects to Defendants' definition of "electronic media" as overly broad and unduly burdensome.  Oklahoma Fire further objects to Defendants' definition of "electronic media" on the basis that it imposes burdens and obligations on Oklahoma Fire that exceed those imposed by the Agreed Order Governing Electronically Stored Information (ECF No. 52-3) (the "ESI Order").  Oklahoma Fire will collect ESI in accordance with the terms of the ESI Order.

7.      Oklahoma Fire objects to the definition of "document" to the extent it calls for the production of original documents.  Oklahoma Fire will produce copies of documents.

**RESPONSES**

**Interrogatory No. 1:**        State your qualifications for fairly and adequately representing the interests of the proposed class, describing in detail your full name and business

4

address, your experience in litigation (including, without limitation, shareholder class action and derivative litigation), all attorney's fees and cost arrangements and/or agreements between you and your attorneys, and any other reason(s) why you contend you will fairly and adequately represent the interests of the proposed class.

**Response:**  Subject to and without waiving the General Objections above, Oklahoma Fire provides the following response:  Oklahoma Firefighters Pension and Retirement System, 6601 Broadway Extension, Suite 100, Oklahoma City, OK 73116.

Oklahoma Fire is qualified to fairly and adequately represent the interests of the proposed class.  Oklahoma Fire has more than 15 years of experience in litigating securities class actions.  In the last five years, courts throughout the country have appointed Oklahoma Fire as Lead Plaintiff in numerous securities class actions.  Oklahoma Fire is the type of institutional investor envisioned under the Public Securities Litigation Reform Act ("PSLRA") to serve as Lead Plaintiff. Since it was appointed Lead Plaintiff in July 2019, Oklahoma Fire has been committed to vigorously prosecuting this litigation and taking an active role in maintaining this lawsuit. Oklahoma Fire has supervised and monitored the progress of this litigation as a member of the Conduent Institutional Investor Group.  For example, Oklahoma Fire has received status updates from counsel and has conferred with counsel concerning case strategy and significant developments in this litigation, including the filing of the Amended Class Action Complaint, briefing on Defendants' motion to dismiss, and the Court's ruling denying that motion. Oklahoma Fire understands that, through the upcoming motion for class certification, Lead Plaintiff will move to appoint one or more of the members of the Conduent Institutional Investor Group as class representative in this class action and for Lead Counsel to be appointed class counsel.

5

Oklahoma Fire is aware that this class action is brought on behalf of a class of all persons who purchased Conduent common stock on the open market on a U.S. stock exchange between February 21, 2018 and November 6, 2018, inclusive, and were damaged thereby. Oklahoma Fire understands that a class representative is a party that acts on behalf of other class members in directing the litigation. Oklahoma Fire is willing to serve as class representative. Oklahoma Fire understands that, as class representative, it has a duty to prosecute the case vigorously and in the best interests of all class members. Oklahoma Fire is committed to continuing its vigorous prosecution of this litigation and its management of the case to obtain the largest recovery for the proposed class, including by, among other things, consulting with counsel periodically on proposed strategies and tactics during the course of the litigation, designating a representative to attend and testify at a deposition and trial, participating in any mediation process and making recommendations as to whether or not to accept a particular settlement offer.

The interests of Oklahoma Fire and members of the proposed class are aligned.  First, Oklahoma Fire's claims are typical of the Class in that it: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases its claims on the same, or substantially the same, legal theories as the proposed class.  Both Oklahoma Fire and the proposed class also seek to maximize the recovery from Defendants as a result of the alleged fraud.  Oklahoma Fire understands that, as class representative, it owes a fiduciary duty to all members of the proposed class to provide fair and adequate representation and would continue to work with Lead Counsel to prosecute the case vigorously, consistent with good faith, sound judgment, and meritorious advocacy. To the best of its knowledge, Oklahoma Fire has no conflicts of interest with any member of the proposed class that would prevent it from fairly and adequately representing the best interests of the class. Oklahoma Fire

understands that its compensation in this case will be the same as for any other class member except that it may, with Court approval, be reimbursed for its reasonable costs and expenses incurred as a result of its acting as class representative.

Oklahoma Fire has also demonstrated its adequacy through its selection of counsel, and refers Defendants to the background of its counsel submitted in connection with its lead plaintiff papers. Oklahoma Fire believes that Lead Counsel possess the necessary resources to prosecute this case vigorously and effectively on behalf of the proposed class.

Oklahoma Fire has an agreement with Bernstein Liebhard to represent Oklahoma Fire and the proposed class on a contingency fee basis.

**Interrogatory No. 2:**    Identify all persons, including advisors or investment managers, who monitor, supervise, or otherwise oversee any of your investments, including your previous and/or current investments in Conduent common stock.

**Response:**  Oklahoma Fire objects to Interrogatory No. 2 on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case.   Among other things, Oklahoma Fire's non-Conduent investments are irrelevant and outside of the scope of discovery.  Oklahoma Fire further objects to Interrogatory No. 2 as the terms "monitor," "supervise" and "oversee" are vague and ambiguous.

Subject to and without waiving the General and Specific Objections above, River Road Asset Management, LLC ("River Road"), Meidinger Tower, 462 South Fourth Street, Suite 2000, Louisville, KY 40202, (502) 371-4100, made investment decisions concerning Oklahoma Fire's investment in Conduent common stock and managed the investment.

**Interrogatory No. 3:**    With respect to any Conduent security purchased or sold by you at any time, identify all documents reflecting the transaction(s) by which such purchase(s)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-SCM<br><br>Hon. Susan D. Wigenton<br><br>Hon. Steven C. Mannion |

**VERIFICATION**

I, Chase Rankin, am Executive Director of the Oklahoma Firefighters' Pension and Retirement System ("Oklahoma Fire").  I have reviewed Oklahoma Fire's foregoing Responses and Objections to Defendants' First Set of Interrogatories.  I declare under penalty of perjury under the laws of the State of Oklahoma that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated: October 5, 2020
        Oklahoma City, Oklahoma

By: _____
                    Chase Rankin