# EXHIBIT A-2

**LAW OFFICES OF JAN MEYER
& ASSOCIATES, P.C.**
Richard Elem, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: (201) 862-9500
Email: relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

[Co-Lead Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-SCM<br><br>Hon. Susan D. Wigenton<br><br>Hon. Steven C. Mannion |

## OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

The Oklahoma Firefighters Pension and Retirement System ("Plaintiff" or "Oklahoma Fire"), by and through its counsel, hereby responds to Defendants' First Set of Interrogatories ("Interrogatories"), dated September 4, 2020.

**GENERAL OBJECTIONS**

The following General Objections apply to each of the Interrogatories (and their accompanying Definitions and Instructions), and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory.

1. Oklahoma Fire objects to the Interrogatories to the extent they are overbroad and unduly burdensome.

2. Oklahoma Fire objects to the Interrogatories to the extent they seek information not within Oklahoma Fire's possession, custody and control.

3. Oklahoma Fire objects to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit a response. By responding to any Interrogatory, Oklahoma Fire does not adopt any meaning that Defendants may intend or have in mind, and expressly reserves the right to object to any use of any response in a manner that mischaracterizes or takes any of Oklahoma Fire's responses out of context, or attempts to apply any of the responses to a unilateral definition of a particular inquiry.

4. Oklahoma Fire objects to the Interrogatories to the extent they seek to impose burdens and obligations on Oklahoma Fire that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

5. Oklahoma Fire objects to the Interrogatories to the extent they seek information already provided by Oklahoma Fire, or information already in the possession of Defendants or their representative.

6.    Oklahoma Fire objects to these Interrogatories to the extent they call for the revelation of information protected by the attorney-client privilege or the attorney work-product doctrine, or are, in any other way, protected by any statute, rule or law.  Any disclosure of information protected from discovery by any privilege, protection, immunity, law, or rule is inadvertent and does not constitute a waiver.

7.    Oklahoma Fire objects to these Interrogatories to the extent that they inappropriately merge multiple subparts, which should be treated as distinct Interrogatories, into a single Interrogatory.

8.    Oklahoma Fire objects to the Interrogatories to the extent they seek information that is available from public sources.

9.    Oklahoma Fire objects to the Interrogatories to the extent they are inappropriate and premature contention Interrogatories.

10.    In responding to these Interrogatories, Oklahoma Fire does not waive any privilege or immunity.

11.    In responding to these Interrogatories, Oklahoma Fire does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

a.    all objections to competency, relevancy, materiality, and admissibility;

b.    all objections to vagueness, ambiguity, or other infirmity in the form of the Interrogatories, and any objections based on the undue burden imposed thereby;

c.    all rights to object on the ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

d.    the right to revise, correct, supplement, or clarify any of the responses to the Interrogatories.

**<u>OBJECTIONS TO DEFINITIONS & INSTRUCTIONS</u>**

1.      Oklahoma Fire objects to the Defendants' instruction that "Each Interrogatory is addressed to the personal knowledge of [Oklahoma Fire] as well as to the knowledge of [Oklahoma Fire's] attorneys, investigators, agents, employees, and other representatives.  When a question is directed to [Oklahoma Fire], the question is also directed to each of the aforementioned persons."  This instruction is overly broad and unduly burdensome and requests Oklahoma Fire obtain information from third parties.  Oklahoma Fire will answer each interrogatory based upon the personal knowledge of Oklahoma Fire.

2.      Oklahoma Fire objects to Instruction 2 on the grounds it calls for Oklahoma Fire to produce information in the possession of third parties.  Such a request is overly broad and unduly burdensome.  Oklahoma Fire will answer each interrogatory based upon the personal knowledge of Oklahoma Fire.  Oklahoma Fire further objects to this instruction on the grounds it requests information in the possession of Oklahoma Fire's attorneys.  Such a request is overly broad, unduly burdensome, not proportional to the needs to the case, and harassing.

3.      Oklahoma Fire objects to the definition of "you" and "your" to the extent it includes the clause "including, but not limited to, [Oklahoma Fire's] employees, servants, trustees, attorneys, agents, investigators, representatives, experts or purported experts."  The inclusion of the phrase "including, but not limited to," renders the definition overbroad and unduly burdensome.  Further, the definition is overly broad and unduly burdensome and requests Oklahoma Fire obtain information from third parties and requests premature disclosure of expert testimony. Oklahoma Fire will answer each interrogatory based upon the personal knowledge of Oklahoma Fire.

4.      Oklahoma Fire objects to Defendants' purported definitions and instructions to

the extent they seek to impose burdens and obligations on Oklahoma Fire that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

5.      Oklahoma Fire objects to the definition of "Conduent" and "Company" to the extent it includes the clause "without limitation, its operating subsidiaries, and any officers, directors, employees, attorneys, and agents of its operating subsidiaries, whether present or former."  The inclusion of the term "without limitation" renders this instruction overly broad and unduly burdensome.  Further, Oklahoma Fire is not in a position to know the position and relationship of these listed persons and entities to Conduent unless the relationship was publicly apparent or Oklahoma Fire was informed of that position or relationship.  Oklahoma Fire will consider a reference to Conduent to include the listed entities and persons if Oklahoma Fire was aware of the relationship or the relationship was publicly apparent.

6.      Oklahoma Fire objects to Defendants' definition of "electronic media" as overly broad and unduly burdensome.  Oklahoma Fire further objects to Defendants' definition of "electronic media" on the basis that it imposes burdens and obligations on Oklahoma Fire that exceed those imposed by the Agreed Order Governing Electronically Stored Information (ECF No. 52-3) (the "ESI Order").  Oklahoma Fire will collect ESI in accordance with the terms of the ESI Order.

7.      Oklahoma Fire objects to the definition of "document" to the extent it calls for the production of original documents.  Oklahoma Fire will produce copies of documents.

**RESPONSES**

**Interrogatory No. 1:**      State your qualifications for fairly and adequately representing the interests of the proposed class, describing in detail your full name and business

paragraphs 147 through 176 of the Amended Class Action Complaint filed September 13, 2019 in this lawsuit, were materially false or misleading at the time those statements were made.

**Response:** In addition to the General Objections above, Oklahoma Fire objects to Interrogatory No. 12 on the basis that it is an inappropriate and premature contention interrogatory.

**Interrogatory No. 13:** If you have ever been a named party in any administrative proceeding, civil action (other than this lawsuit), or criminal legal action, including criminal charges against you (excluding misdemeanor traffic violations), provide the following information for each such action or proceeding: your status (*e.g.*, plaintiff, defendant, petitioner, respondent, etc.), the nature of the claim made by or against you, including the nature of any criminal charge made against you, the date and place the action was filed, giving the name of the court, the name of the other party or parties involved and their attorneys, and the file number of the action, and the result of the action.

**Response:** Oklahoma Fire objects to Interrogatory No. 13 on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case. Oklahoma further objects on the basis that the term "administrative proceeding" is ambiguous and vague. Oklahoma Fire further objects on the basis that Interrogatory No. 13 seeks information that is available from public sources.

Subject to and without waiving the General and Specific Objections above, Oklahoma Fire responds that it has not been a party to any criminal legal action. Additionally, in the last five years, Oklahoma Fire has been a party to the following Section 10(b) securities class action litigations where a federal court has reached a decision on Oklahoma Fire's qualifications as a class representative in connection with a Federal Rule 23 motion:

13

| Case Name | *Murphy et al. v. Precision Castparts Corp. et al.* |
|---|---|
| Case Number | 3:16-cv-00521 |
| Date Filed | July 13, 2016 |
| Court | United States District Court for the District of Oregon |
| Status | Lead Plaintiff/Class Representative |
| Opposing Party | Precision Castparts Corp.; Mark Donegan; Shawn R. Hagel |
| Opposing Counsel | Morrison & Foerster LLP |
| Result | Pending; Oklahoma Fire approved as Class Representative |

| Case Name | *Lehigh County Employees' Retirement System v. Novo Nordisk A/S et al.* |
|---|---|
| Case Number | 3:17-cv-00209 |
| Date Filed | June 1, 2017 |
| Court | United States District Court for the District of New Jersey |
| Status | Lead Plaintiff/Class Representative |
| Opposing Party | Novo Nordisk A/S; Lars Rebien Sorensen; Jesper Brandgaard; Jacob Riis; Layn R. Phillips |
| Opposing Counsel | Gibbons PC |
| Result | Pending; Oklahoma Fire approved as Class Representative |

| Case Name | *Weiner v. Tivity Health, Inc. et al.* |
|---|---|
| Case Number | 3:17-cv-01469 |
| Date Filed | April 3, 2018 |
| Court | United States District Court for the Middle District of Tennessee |
| Status | Lead Plaintiff/Class Representative |
| Opposing Party | Tivity Health, Inc.; Donato Tramuto; Glenn Hargreaves; Adam Holland |
| Opposing Counsel | King & Spalding P.C. |
| Result | Pending; Oklahoma Fire approved as Class Representative |

| Case Name | *Hall v. Rent-A-Center, Inc. et al.* |
|---|---|
| Case Number | 4:16-cv-00978 |
| Date Filed | December 23, 2016 |
| Court | United States District Court for the Eastern District of Texas |
| Status | Lead Plaintiff/Class Representative |
| Opposing Party | Rent-A-Center, Inc.; Robert D. Davis; Guy J. Constant |
| Opposing Counsel | Baker Botts LLP |
| Result | Settled; Oklahoma Fire approved as Class Representative |

| Case Name | *Avila v. LifeLock Incorporated et al.* |
|---|---|
| Case Number | 2:15-cv-01398 |
| Date Filed | October 9, 2015 |
| Court | United States District Court for the District of Arizona |
| Status | Lead Plaintiff/Class Representative |
| Opposing Party | LifeLock Incorporated; Todd Davis; Chris G. Power; Hilary A. Schneider |
| Opposing Counsel | Wilson Sonsini Goodrich & Rosati LLP |
| Result | Settled; Oklahoma Fire approved as Class Representative |

**Interrogatory No. 14:**    Identify each source of information about Conduent that you, any agent, employee, advisor, or representative acting on your behalf or advising you concerning a purchase or sale of Conduent stock accessed in the six months leading up to each of your purchases or sales of Conduent stock.

**Response:**  Oklahoma Fire objects to Interrogatory No. 14 to the extent that it seeks information not within Oklahoma Fire's possession, custody and control.  Oklahoma Fire further objects to Interrogatory No. 14 on the basis that it is overly broad and unduly burdensome.

Subject to and without waiving the General and Specific Objections above, Oklahoma Fire responds that Oklahoma Fire did not access any sources of information in connection with transactions in Conduent common stock made on its behalf by its investment advisor River Road.

**Interrogatory No. 15:**    Identify each person, excluding attorneys of record in this lawsuit, who provided information responsive to any of Defendants' interrogatories and identify and describe in detail all documents used to prepare your answers to the interrogatories.

**Response:**  Subject to and without waiving the General Objections above, Oklahoma Fire responds:

Chase Rankin, Executive Director          Marc Edwards, Esq. Director
Oklahoma Firefighters Pension          Phillips Murrah, P.C.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-SCM<br><br>Hon. Susan D. Wigenton<br><br>Hon. Steven C. Mannion |

## VERIFICATION

I, Chase Rankin, am Executive Director of the Oklahoma Firefighters' Pension and Retirement System ("Oklahoma Fire"). I have reviewed Oklahoma Fire's foregoing Responses and Objections to Defendants' First Set of Interrogatories. I declare under penalty of perjury under the laws of the State of Oklahoma that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated: October 5, 2020
       Oklahoma City, Oklahoma

By: _____
                 Chase Rankin