# EXHIBIT B-1

**LAW OFFICES OF JAN MEYER**
**& ASSOCIATES, P.C.**
Richard Elem, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: (201) 862-9500
Email: relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

[Co-Lead Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-SCM<br><br>Hon. Susan D. Wigenton<br><br>Hon. Steven C. Mannion |

## PLYMOUTH COUNTY RETIREMENT ASSOCIATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plymouth County Retirement Association ("Plaintiff" or "PCRA"), by and through its counsel, hereby responds to Defendants' First Set of Interrogatories ("Interrogatories"), dated September 4, 2020.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories (and their accompanying Definitions and Instructions), and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory.

1.      PCRA objects to the Interrogatories to the extent they are overbroad and unduly burdensome.

2.      PCRA objects to the Interrogatories to the extent they seek information not within PCRA's possession, custody and control.

3.      PCRA objects to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit a response. By responding to any Interrogatory, PCRA does not adopt any meaning that Defendants may intend or have in mind, and expressly reserves the right to object to any use of any response in a manner that mischaracterizes or takes any of PCRA's responses out of context, or attempts to apply any of the responses to a unilateral definition of a particular inquiry.

4.      PCRA objects to the Interrogatories to the extent they seek to impose burdens and obligations on PCRA that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

5.      PCRA objects to the Interrogatories to the extent they seek information already provided by PCRA, or information already in the possession of Defendants or their representative.

6. PCRA objects to these Interrogatories to the extent they call for the revelation of information protected by the attorney-client privilege or the attorney work-product doctrine, or are, in any other way, protected by any statute, rule or law. Any disclosure of information protected from discovery by any privilege, protection, immunity, law, or rule is inadvertent and does not constitute a waiver.

7. PCRA objects to these Interrogatories to the extent that they inappropriately merge multiple subparts, which should be treated as distinct Interrogatories, into a single Interrogatory.

8. PCRA objects to the Interrogatories to the extent they seek information that is available from public sources.

9. PCRA objects to the Interrogatories to the extent they are inappropriate and premature contention Interrogatories.

10. In responding to these Interrogatories, PCRA does not waive any privilege or immunity.

11. In responding to these Interrogatories, PCRA does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

a. all objections to competency, relevancy, materiality, and admissibility;

b. all objections to vagueness, ambiguity, or other infirmity in the form of the Interrogatories, and any objections based on the undue burden imposed thereby;

c. all rights to object on the ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

d. the right to revise, correct, supplement, or clarify any of the responses to the Interrogatories.

2

**OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

1.      PCRA objects to the Defendants' instruction that "Each Interrogatory is addressed to the personal knowledge of PCRA as well as to the knowledge of PCRA's attorneys, investigators, agents, employees, and other representatives. When a question is directed to PCRA, the question is also directed to each of the aforementioned persons." This instruction is overly broad and unduly burdensome and requests PCRA obtain information from third parties. PCRA will answer each interrogatory based upon the personal knowledge of PCRA.

2.      PCRA objects to Instruction 2 on the grounds it calls for PCRA to produce information in the possession of third parties. Such a request is overly broad and unduly burdensome. PCRA will answer each interrogatory based upon the personal knowledge of PCRA. PCRA further objects to this instruction on the grounds it requests information in the possession of PCRA's attorneys. Such a request is overly broad, unduly burdensome, not proportional to the needs to the case, and harassing.

3.      PCRA objects to the definition of "you" and "your" to the extent it includes the clause "including, but not limited to, PCRA's employees, servants, trustees, attorneys, agents, investigators, representatives, experts or purported experts." The inclusion of the phrase "including, but not limited to," renders the definition overbroad and unduly burdensome. Further, the definition is overly broad and unduly burdensome and requests PCRA obtain information from third parties and requests premature disclosure of expert testimony. PCRA will answer each interrogatory based upon the personal knowledge of PCRA.

4.      PCRA objects to Defendants' purported definitions and instructions to the extent they seek to impose burdens and obligations on PCRA that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

3

5.      PCRA objects to the definition of "Conduent" and "Company" to the extent it includes the clause "without limitation, its operating subsidiaries, and any officers, directors, employees, attorneys, and agents of its operating subsidiaries, whether present or former." The inclusion of the term "without limitation" renders this instruction overly broad and unduly burdensome. Further, PCRA is not in a position to know the position and relationship of these listed persons and entities to Conduent unless the relationship was publicly apparent or PCRA was informed of that position or relationship. PCRA will consider a reference to Conduent to include the listed entities and persons if PCRA was aware of the relationship or the relationship was publicly apparent.

6.      PCRA objects to Defendants' definition of "electronic media" as overly broad and unduly burdensome. PCRA further objects to Defendants' definition of "electronic media" on the basis that it imposes burdens and obligations on PCRA that exceed those imposed by the Agreed Order Governing Electronically Stored Information (ECF No. 52-3) (the "ESI Order"). PCRA will collect ESI in accordance with the terms of the ESI Order.

7.      PCRA objects to the definition of "document" to the extent it calls for the production of original documents. PCRA will produce copies of documents.

## RESPONSES

**Interrogatory No. 1:**    State your qualifications for fairly and adequately representing the interests of the proposed class, describing in detail your full name and business address, your experience in litigation (including, without limitation, shareholder class action and derivative litigation), all attorney's fees and cost arrangements and/or agreements between you and your attorneys, and any other reason(s) why you contend you will fairly and adequately represent the interests of the proposed class.

**Response:** Subject to and without waiving the General Objections above, PCRA provides the following response: Plymouth County Retirement Association, 10 Cordage Park #234, Plymouth, MA 02360.

PCRA is qualified to fairly and adequately represent the interests of the proposed class. PCRA has experience litigating securities class actions. Courts throughout the country have appointed PCRA as Lead Plaintiff in numerous securities class actions. PCRA is the type of institutional investor envisioned under the Public Securities Litigation Reform Act ("PSLRA") to serve as Lead Plaintiff. Since it was appointed Lead Plaintiff in July 2019, PCRA has been committed to vigorously prosecuting this litigation and taking an active role in maintaining this lawsuit. PCRA has supervised and monitored the progress of this litigation as a member of the Conduent Institutional Investor Group. For example, PCRA has received status updates from counsel and has conferred with counsel concerning case strategy and significant developments in this litigation, including the filing of the Amended Class Action Complaint, briefing on Defendants' motion to dismiss, and the Court's ruling denying that motion. PCRA understands that, through its upcoming motion for class certification, it is moving to be appointed class representative in this class action and for Lead Counsel to be appointed class counsel.

PCRA is aware that this class action is brought on behalf of a class of all persons who purchased Conduent common stock on the open market on a U.S. stock exchange between February 21, 2018 and November 6, 2018, inclusive, and were damaged thereby. PCRA understands that a class representative is a party that acts on behalf of other class members in directing the litigation. PCRA is willing to serve as class representative. PCRA understands that, as class representative, it has a duty to prosecute the case vigorously and in the best interests of all class members. PCRA is committed to continuing its vigorous prosecution of this litigation and its management of the case to obtain the largest recovery for the proposed class, including by, among other things, consulting with counsel periodically on proposed strategies and tactics during the course of the litigation, designating a representative to attend and testify at a deposition and trial, participating in any mediation process and making recommendations as to whether or not to accept a particular settlement offer.

The interests of PCRA and members of the proposed class are aligned. First, PCRA's claims are typical of the Class in that it: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases its claims on the same, or substantially the same, legal theories as the proposed class. Both PCRA and the proposed class also seek to maximize the recovery from Defendants as a result of the alleged fraud. PCRA understands that, as class representative, it owes a fiduciary duty to all members of the proposed class to provide fair and adequate representation and would continue to work with Lead Counsel to prosecute the case vigorously, consistent with good faith, sound judgment, and meritorious advocacy. To the best of its knowledge, PCRA has no conflicts of interest with any member of the proposed class that would prevent it from fairly and adequately representing the best interests of the class. PCRA understands that its compensation in this case will be the same

6

as for any other class member except that it may, with Court approval, be reimbursed for its reasonable costs and expenses incurred as a result of its acting as class representative.

PCRA has also demonstrated its adequacy through its selection of counsel, and refers Defendants to the background of its counsel submitted in connection with its lead plaintiff papers. PCRA believes that Lead Counsel possess the necessary resources to prosecute this case vigorously and effectively on behalf of the proposed class.

PCRA has an agreement with Thornton Law Firm to represent PCRA and the proposed class on a contingency fee basis.

**Interrogatory No. 2:**        Identify all persons, including advisors or investment managers, who monitor, supervise, or otherwise oversee any of your investments, including your previous and/or current investments in Conduent common stock.

**Response:** PCRA objects to Interrogatory No. 2 on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case. Among other things, PCRA's non-Conduent investments are irrelevant and outside of the scope of discovery. PCRA further objects to Interrogatory No. 2 as the terms "monitor," "supervise" and "oversee" are vague and ambiguous.

Subject to and without waiving the General and Specific Objections above, LMCG Investments ("LMCG"), 201 Washington Street, 29th Floor, Boston, MA 02108, made investment decisions concerning PCRA's investment in Conduent common stock and managed the investment.

**Interrogatory No. 3:**        With respect to any Conduent security purchased or sold by you at any time, identify all documents reflecting the transaction(s) by which such purchase(s) and/or sale(s) were effected and describe the transaction(s) in detail including the type of security

## VERIFICATION

I, David Sullivan, am the Executive Director for the Plymouth County Retirement Association ("PCRA"). I have reviewed PCRA's foregoing Responses and Objections to Defendants' First Set of Interrogatories. I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated: October 5, 2020
        Plymouth, Massachusetts

By:_____
           David Sullivan