# EXHIBIT B-2

**LAW OFFICES OF JAN MEYER**
**& ASSOCIATES, P.C.**
Richard Elem, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: (201) 862-9500
Email: relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

[Co-Lead Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-SCM <br><br> Hon. Susan D. Wigenton <br><br> Hon. Steven C. Mannion |

**PLYMOUTH COUNTY RETIREMENT ASSOCIATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plymouth County Retirement Association ("Plaintiff" or "PCRA"), by and through its counsel, hereby responds to Defendants' First Set of Interrogatories ("Interrogatories"), dated September 4, 2020.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories (and their accompanying Definitions and Instructions), and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory.

1.      PCRA objects to the Interrogatories to the extent they are overbroad and unduly burdensome.

2.      PCRA objects to the Interrogatories to the extent they seek information not within PCRA's possession, custody and control.

3.      PCRA objects to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit a response. By responding to any Interrogatory, PCRA does not adopt any meaning that Defendants may intend or have in mind, and expressly reserves the right to object to any use of any response in a manner that mischaracterizes or takes any of PCRA's responses out of context, or attempts to apply any of the responses to a unilateral definition of a particular inquiry.

4.      PCRA objects to the Interrogatories to the extent they seek to impose burdens and obligations on PCRA that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

5.      PCRA objects to the Interrogatories to the extent they seek information already provided by PCRA, or information already in the possession of Defendants or their representative.

6. PCRA objects to these Interrogatories to the extent they call for the revelation of information protected by the attorney-client privilege or the attorney work-product doctrine, or are, in any other way, protected by any statute, rule or law. Any disclosure of information protected from discovery by any privilege, protection, immunity, law, or rule is inadvertent and does not constitute a waiver.

7. PCRA objects to these Interrogatories to the extent that they inappropriately merge multiple subparts, which should be treated as distinct Interrogatories, into a single Interrogatory.

8. PCRA objects to the Interrogatories to the extent they seek information that is available from public sources.

9. PCRA objects to the Interrogatories to the extent they are inappropriate and premature contention Interrogatories.

10. In responding to these Interrogatories, PCRA does not waive any privilege or immunity.

11. In responding to these Interrogatories, PCRA does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

a. all objections to competency, relevancy, materiality, and admissibility;

b. all objections to vagueness, ambiguity, or other infirmity in the form of the Interrogatories, and any objections based on the undue burden imposed thereby;

c. all rights to object on the ground to any other discovery requests involving or related to the subject matter of the Interrogatories; and

d. the right to revise, correct, supplement, or clarify any of the responses to the Interrogatories.

**<u>OBJECTIONS TO DEFINITIONS & INSTRUCTIONS</u>**

1.       PCRA objects to the Defendants' instruction that "Each Interrogatory is addressed to the personal knowledge of PCRA as well as to the knowledge of PCRA's attorneys, investigators, agents, employees, and other representatives. When a question is directed to PCRA, the question is also directed to each of the aforementioned persons." This instruction is overly broad and unduly burdensome and requests PCRA obtain information from third parties. PCRA will answer each interrogatory based upon the personal knowledge of PCRA.

2.       PCRA objects to Instruction 2 on the grounds it calls for PCRA to produce information in the possession of third parties. Such a request is overly broad and unduly burdensome. PCRA will answer each interrogatory based upon the personal knowledge of PCRA. PCRA further objects to this instruction on the grounds it requests information in the possession of PCRA's attorneys. Such a request is overly broad, unduly burdensome, not proportional to the needs to the case, and harassing.

3.       PCRA objects to the definition of "you" and "your" to the extent it includes the clause "including, but not limited to, PCRA's employees, servants, trustees, attorneys, agents, investigators, representatives, experts or purported experts." The inclusion of the phrase "including, but not limited to," renders the definition overbroad and unduly burdensome. Further, the definition is overly broad and unduly burdensome and requests PCRA obtain information from third parties and requests premature disclosure of expert testimony. PCRA will answer each interrogatory based upon the personal knowledge of PCRA.

4.       PCRA objects to Defendants' purported definitions and instructions to the extent they seek to impose burdens and obligations on PCRA that exceed those imposed by Court Order, Stipulation, the Federal Rules of Civil Procedure or any statute, rule or law.

3

5.    PCRA objects to the definition of "Conduent" and "Company" to the extent it includes the clause "without limitation, its operating subsidiaries, and any officers, directors, employees, attorneys, and agents of its operating subsidiaries, whether present or former." The inclusion of the term "without limitation" renders this instruction overly broad and unduly burdensome. Further, PCRA is not in a position to know the position and relationship of these listed persons and entities to Conduent unless the relationship was publicly apparent or PCRA was informed of that position or relationship. PCRA will consider a reference to Conduent to include the listed entities and persons if PCRA was aware of the relationship or the relationship was publicly apparent.

6.    PCRA objects to Defendants' definition of "electronic media" as overly broad and unduly burdensome. PCRA further objects to Defendants' definition of "electronic media" on the basis that it imposes burdens and obligations on PCRA that exceed those imposed by the Agreed Order Governing Electronically Stored Information (ECF No. 52-3) (the "ESI Order"). PCRA will collect ESI in accordance with the terms of the ESI Order.

7.    PCRA objects to the definition of "document" to the extent it calls for the production of original documents. PCRA will produce copies of documents.

describe the manner and amount by which you claim you and/or the proposed class were damaged, the measure by which you contend such claimed damages should be calculated, the specific disclosures through which you contend the "relevant truth" (per *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005)) emerged and corrected or partially corrected statements by Defendants alleged to have been false or misleading and which you contend caused loss to you and/or the proposed class, and identify all supporting event studies, expert analyses, and any other evidence distinguishing, differentiating, or disaggregating losses attributable to the alleged fraud complained of in this lawsuit from losses attributable to non-"fraud" factors.

**Response:** In addition to the General Objections above, PCRA objects to Interrogatory No. 10 on the basis that it is an inappropriate and premature contention interrogatory.

**Interrogatory No. 11:**      Identify all factual bases that you claim support the allegations that the statements, as set forth in paragraphs 147 through 176 of the Amended Class Action Complaint filed September 13, 2019 in this lawsuit, were materially false or misleading at the time those statements were made.

**Response:** In addition to the General Objections above, PCRA objects to Interrogatory No. 11 on the basis that it is an inappropriate and premature contention interrogatory.

**Interrogatory No. 12:**      Identify all factual bases that you claim support the allegations that Defendants knew or recklessly disregarded that the statements, as set forth in paragraphs 147 through 176 of the Amended Class Action Complaint filed September 13, 2019 in this lawsuit, were materially false or misleading at the time those statements were made.

**Response:** In addition to the General Objections above, PCRA objects to Interrogatory No. 12 on the basis that it is an inappropriate and premature contention interrogatory.

**Interrogatory No. 13:**      If you have ever been a named party in any

12

administrative proceeding, civil action (other than this lawsuit), or criminal legal action, including criminal charges against you (excluding misdemeanor traffic violations), provide the following information for each such action or proceeding: your status (*e.g.*, plaintiff, defendant, petitioner, respondent, etc.), the nature of the claim made by or against you, including the nature of any criminal charge made against you, the date and place the action was filed, giving the name of the court, the name of the other party or parties involved and their attorneys, and the file number of the action, and the result of the action.

**Response:** PCRA objects to Interrogatory No. 13 on the basis that it is overly broad, unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case. PCRA further objects on the basis that the term "administrative proceeding" is ambiguous and vague. PCRA further objects on the basis that Interrogatory No. 13 seeks information that is available from public sources.

Subject to and without waiving the General and Specific Objections above, PCRA responds that it has not been a party to any criminal legal action. PCRA further states that in the last five years, it was appointed as a class representative in: *Plymouth Cty. Ret. Sys.* v. *Patterson Cos., Inc.*, No. 18-cv-871 (D. Minn.). The Class Representatives also include Pembroke Pines Fund for Firefighters and Police Officers, Central Laborers Pension Plan, and Gwinnett County Public Employees Retirement System. The plaintiffs are represented by Saxena White P.A. and Robbins Geller Rudman & Dowd LLP. The defendants are represented by Taft Stettinius & Hollister LLP. The action alleges violations of the Exchange Act of 1934 and is still pending.

**Interrogatory No. 14:**    Identify each source of information about Conduent that you, any agent, employee, advisor, or representative acting on your behalf or advising you concerning a purchase or sale of Conduent stock accessed in the six months leading up to each of

## **VERIFICATION**

I, David Sullivan, am the Executive Director for the Plymouth County Retirement Association ("PCRA"). I have reviewed PCRA's foregoing Responses and Objections to Defendants' First Set of Interrogatories. I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated: October 5, 2020
       Plymouth, Massachusetts

By: _____

David Sullivan