# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Israel Dahan
Direct Dial: +1 212 556 2114
Direct Fax: +1 212 556 2222
idahan@kslaw.com

July 26, 2021

Hon. Susan D. Wigenton
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

> Re: *In re Conduent Inc. Sec. Lit.*, No. 2:19-cv-08237-SDW-AME (D.N.J.); Notice of
> Supplemental Authority from United States Supreme Court

Dear Judge Wigenton:

I write on behalf of Defendants Conduent Incorporated, Ashok Vemuri, and Brian Webb-Walsh (collectively, "Defendants") to alert the Court to relevant supplemental authority, *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 141 S. Ct. 1951 (2021), recently issued by the United States Supreme Court. Specifically, the Supreme Court's decision is relevant to Defendants' January 22, 2021 Memorandum in Opposition to Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel. Dkt. 79. When the Supreme Court issued the ruling on June 21, 2021, the current litigation was administratively terminated pending mediation. In light of the reopening of this litigation on July 26, 2021, Defendants are now bringing this supplemental authority to the Court's attention given its relevance to Plaintiffs' pending Motion for Class Certification. Dkt. 76.

In *Goldman*, which is attached as Exhibit A, the Supreme Court addressed the standards courts must apply when defendants in securities class actions seek to rebut the "fraud-on-the-market" presumption of reliance at class certification. The Court concluded that: (1) defendants can point to the generic nature of alleged misstatements to argue that such misstatements had no price impact; and (2) defendants bear the burden of persuasion, not just the burden of production, in rebutting the *Basic* presumption of reliance.

The Supreme Court also stressed the requirement that courts consider *all* evidence relevant to the question of class certification, even if such evidence may implicate other merits questions. *Id.* at 1960 The Court, invoking its previous decision in *Comcast Corp. v. Behrend*, was emphatic

July 26, 2021
Page 2

in *Goldman* that courts have an obligation "before certifying a class to 'determin[e] that Rule 23 is satisfied, even when that requires inquiry into the merits.'" *Id.* at 1960–61 (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013)). A court may not "use the overlap" with merits questions "to refuse to consider" evidence at class certification. *Id.* at 1961 n.2.

This holding is directly relevant here. In Defendants' Opposition to Plaintiffs' Motion for Class Certification, Defendants argued that, under *Comcast*, Plaintiffs fail to establish that they can measure damages on a classwide basis. *See* Dkt. 79 at 23–33. In particular, Defendants argued that Plaintiffs' expert, Chad Coffman, fails to offer a reliable methodology for measuring classwide damages. *See id.* at 27–33. One reason for this failure is that Mr. Coffman fails to propose a reliable methodology that can disentangle the impact of the alleged corrective disclosure from other confounding news. *See id.* at 30–31.

In response to this *Comcast* argument, Plaintiffs argued that *Comcast* does not apply to securities class actions, and that this argument concerning confounding factors inappropriately wades into the merits question of loss causation. Dkt. 90 at 14, 16–17. However, *Goldman* forecloses both of these arguments.

First, regarding the applicability of *Comcast* to securities class actions, the Supreme Court in *Goldman* directly relied on and cited *Comcast* in explaining the contours of the requisite analysis under Rule 23. *Goldman*, 141 S. Ct. at 1961 (quoting *Comcast*, 569 U.S. at 35). Accordingly, the Supreme Court determined that *Comcast* does apply to securities class actions, and therefore Defendants' reliance on *Comcast* in their Opposition was well-placed. Dkt. 79 at 23–33.

Second, *Goldman* also rejects Plaintiffs' argument as to confounding factors. In their reply brief, Plaintiffs asked the Court to disregard Defendants' argument that Coffman fails to propose a reliable damages methodology that can disentangle the impact of confounding factors, arguing that the Supreme Court has found such "merits questions" to be "irrelevant at class certification." Dkt. 90 at 16. *Goldman* directly rejects this argument and provides that this Court is obligated to consider such evidence at class certification to the extent that it implicates Plaintiffs' ability to offer a classwide damages model, *even if this evidence would also be relevant to the merits question of loss causation*. *See Goldman*, 141 S. Ct. at 1960–61.

Sincerely,

/s/ *Israel Dahan*
Israel Dahan

cc: Counsel of Record