# BERNSTEIN LIEBHARD LLP

### ATTORNEYS AT LAW
## 10 EAST 40TH STREET
## NEW YORK, NEW YORK 10016

_____

### (212) 779-1414
### FAX: (212) 779-3218
#### www.bernlieb.com

July 29, 2021

**<u>VIA ECF</u>**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

<blockquote>
Re:    *In re Conduent Inc. Sec. Litig.*, No. 2:19-cv-8237-SDW-AME
<u>Response to Defendants' Notice of Supplemental Authority</u>
</blockquote>

Dear Judge Wigenton:

Lead Counsel for Lead Plaintiff writes to advise the Court that Defendants' supplemental authority of *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 141 S. Ct. 1951 (2021) (Dkt. 101) has no bearing on Lead Plaintiff's motion for class certification. Dkt. 76.

The Supreme Court's decision in *Goldman* "concerns the element of reliance" and how a defendant could rebut the *Basic* presumption of class-wide reliance on material misstatements in Section 10(b) class actions. *Goldman*, 141 S. Ct. at 1958-59.[1] *Goldman* has two holdings: 1) when defendants attempt to rebut the *Basic* presumption by claiming that the alleged fraud had no price impact, a court must consider all evidence of price impact, even if such evidence overlaps with merits questions concerning materiality; and 2) the defendants bear the burden of persuasion to prove a lack of price impact by a preponderance of evidence. *See* 141 S. Ct. at 1960-62. Neither holding applies in this case because Defendants conceded Class-wide reliance pursuant to the *Basic* presumption. *See* Dkt. 79. Accordingly, Defendants are wrong to claim *Goldman's* holding is "directly relevant here." Dkt. 101.

Defendants also mischaracterize the Supreme Court's citation in *Goldman* to *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) as endorsing quantification of per-share damages at

_____

[1] The *Basic* presumption is a reference to *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) where the Court first adopted of the fraud-on-the-market doctrine for securities class actions.

July 29, 2021
Page 2

class certification in securities class actions. Dkt. 101. *Goldman* merely cited to *Comcast* (along with *Wal-Mart Stores, Inc v. Dukes*, 564 U.S. 338 (2011)) for the decade-old proposition that a court can consider merits issues when necessary for a Rule 23 finding—specifically when defendants attempted to rebut the *Basic* presumption using price impact. *See* 141 S. Ct. at 1960-61; 1961 at n.2 (limiting evidence to deciding price impact only, not merits issues "including materiality").

We emphasize that *Goldman* did not consider any damages issues, including to what extent a plaintiff's expert opinion is sufficient to find Section 10(b) damages predominate under Rule 23 for stock trading in an efficient market. The Court did not overturn the Third Circuit's ruling in *Neale v. Volvo Cars of N. Am.,* 794 F.3d 353, 374 (3d Cir. 2015) that damage models are not required at class certification. It also did not invalidate the dozens of cases finding that Rule 23(b)(3) was met based on Mr. Coffman's expert opinion that class-wide damages are subject to the out-of-pocket methodology, calculated pursuant to a common formula quantifying the misstatements' artificial inflation in the share price. *See* Dkt. 90 at 13-16. Finally, *Goldman* also did not modify the Supreme Court's prior ruling in *Erica P. John Fund, Inc. v. Halliburton*, 563 U.S. 804, 812 (2011), which found that disentangling the causes of the alleged economic loss is not required during a Rule 23 motion. *See* 563 U.S. 804, 812 (2011); *see also Goldman*, 141 S. Ct. at 1962-63 (declining to alter *Halliburton*). Accordingly, *Goldman* does not impact Lead Plaintiff's motion for class certification, which should be granted for the reasons set forth therein.

Respectfully submitted,

*/s/ Michael S. Bigin*

cc: All Counsel of Record (via ECF)

00630084;V1