**Via ECF**                                                                                                      August 13, 2021

The Honorable André M. Espinosa
United States Magistrate Judge
District of New Jersey
50 Walnut Street, Room 2037
Newark, NJ 07102

　　　　　Re:　　*In re Conduent Inc. Sec. Litig.*, No. 2:19-cv-8237-SDW-AME (D.N.J.)

Dear Judge Espinosa,

　　　　　The Parties provide this Joint Status Letter pursuant to Your Honor's July 26, 2021 Order to Reopen, Dkt. 100.　Below is a joint statement regarding the background and status of the litigation, followed by the Parties' respective positions regarding a dispute over the scope of search terms and custodians for Defendants' document production.　The Parties jointly submit the attached Exhibit A setting forth their respective search term proposals.

**Joint Statement Regarding Background and Status of Litigation**

　　　　　This is a putative securities class action.　Plaintiffs filed the operative Amended Complaint on September 13, 2019, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of a proposed class of purchasers of Conduent common stock between February 21, 2018 and November 6, 2018.　Dkt. 18.　The Court denied Defendants' Motion to Dismiss on June 5, 2020.　Dkt. 39, 40.　Following the Court's Order, the Parties engaged in written and document discovery, and at times raised certain disputes with the Court.　*See* Dkts. 48, 82, 95. Plaintiffs also filed the pending Motion for Class Certification on December 7, 2020.　Dkt. 76.

　　　　　In April 2021, Defendants produced certain documents in advance of a June 3, 2021 mediation.　The Court administratively terminated the case pending mediation.　Dkt. 98.　The case did not settle, and the Court reopened the case on July 26, 2021.　Dkt. 100.　The Parties met and conferred and resolved certain outstanding disputes, but recently reached an impasse regarding the custodian and search term dispute set forth below.

**PLAINTIFFS' POSITION**:

***Search Terms:*** Plaintiffs' proposed search terms are tailored to retrieve documents relevant to the allegations in the Complaint. *See* Exhibit A. Defendants have not contested (nor could they) the relevance of Plaintiffs' search terms. Instead, Defendants only argue the burden is too high because Plaintiffs' proposed search terms would require Defendants to review a total of 758,000 documents (though they have already reviewed 1/3 of these). This volume is neither unusual nor unreasonable for securities fraud class actions. *See*, *e.g.*, *In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at \*5 (D. Del. Nov. 19, 2018) (13 million documents produced); *In re Take Two Interactive Sec. Litig.*, 2010 WL 11613684, at \*3 (S.D.N.Y. June 29, 2010) (1.4 million documents produced). Relevant search terms producing what a defendant deems as a large number of documents is not a sufficient basis to deny plaintiffs the terms they seek, and in any event the volume at issue here is typical for a case like this one. *See City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin.*, 2015 WL 5055241 at \*4 (D.N.J. Aug. 21, 2015).

Defendants' claim that it is too burdensome to review an additional approximately 483,000 documents is particularly disingenuous here. Defendants' production includes numerous duplicate documents. The burden of reviewing these duplicate documents is substantially less than reviewing entirely unique documents. Defendants also rejected Plaintiffs' proposal to utilize coding propagation, or other Technology Assisted Review tools, to alleviate their alleged burden.

Regardless, Defendants have the resources to undertake this review and it is proportional to the needs of this multi-100-million-dollar case. Conduent provides eDiscovery services as part of its business and generates over $4 billion in total annual revenue. *See Salamone* v. *Carter's Retail*, 2011 WL 310701, at \*10 (D.N.J. Jan. 28, 2011), *aff'd*, 2011 WL 1458063 (D.N.J. Apr. 14, 2011) (stating that the parties' resources are considered when evaluating burden). Or Defendants

can eliminate nearly all burden by producing the documents without a review. The Federal Rules and the Confidentiality Order provide sufficient protections. Defendants' burden argument is a thinly veiled attempt to prevent relevant discovery proportional to the needs of this case.

*Custodians:* After reviewing Defendants' initial document production, it is Plaintiffs' position that Defendants need to include the following six employees as custodians for all discovery: (1) *Troy Anderson* (senior Finance executive, reported to Defendant Walsh, communicated with Defendant Vemuri about revenue estimates for transportation); (2) *Burhan Jaffer* (worked directly under Defendant Vemuri and helped inform the Board); (3) *Janine Daughtry* (executive who updated Defendant Vemuri on the Strategic Transformation; (4) *Daniel Dunn* (responsible for the TNG); (5) *Jacki Stanley* (responsible for sending TNG information to Defendant Vemuri); and (6) *Melissa Gannone* (the EA for the head of IT).

While the Parties agreed to an initial list of custodians after guidance from Judge Wettre, that list was never intended to be final because it preceded meaningful discovery from Defendants. Defendants' representations while negotiating the list also turned out to be unhelpful or untrue. For example, Defendants claimed Mr. Jaffar was irrelevant, but documents show he, *inter alia*, ghostwrote Defendant Vemuri's letters to Conduent's Board of Directors. The other individuals were also not put forward by Defendants as relevant custodians even though documents indicate otherwise. Adding these six custodians is well within reason as Defendants would be searching just 28 custodians from a company that employs over 68,000 people with *over 100 senior leaders* whose scienter can be imputed to Conduent. *See, e.g.*, *Prudential*, 2015 WL 5055241, at *4 (27 custodians); *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 305 (S.D.N.Y. 2013) (94 custodians).

Finally, as the only persons Defendant Vemuri reported to, members of Conduent's Board of Directors should be custodians for discovery into the circumstances regarding his departure.

**DEFENDANTS' POSITION**

This Court should reject Plaintiffs' overbroad requests for yet more document discovery so this March 2019-filed case can move forward to depositions. Defendants have reviewed over 285,000 documents and produced over 129,000 documents (over 470,000 pages) at considerable burden and expense by running a tailored version of Plaintiffs' proposed (overbroad) search terms across the data of 22 custodians. Defendants' production is more than reasonable for this case, which concerns alleged misstatements made by Conduent and two Individual Defendants (former CEO and CFO) during a nine-month period from February 21 to November 6, 2018. Dkt. 18. The Parties have engaged in discovery for over a year, and this case is ripe to move forward.

Notably, the August 3, 2020 Pretrial Scheduling Order provided that fact discovery should end on March 31, 2021. Dkt. 49. Plaintiffs, however, repeatedly refused to entertain reasonable discovery parameters tailored to the allegations in this case. The result is that discovery has been underway since July 2020, and the Court has intervened several times to limit Plaintiffs' overbroad discovery requests.[1] The current document-related dispute is just one more example of this pattern.

**Custodians.** First, Plaintiffs demand additional document custodians even though Magistrate Judge Wettre *already resolved the Parties' custodian disputes*. On January 27, 2021, the Parties filed a dispute letter regarding custodians. Dkt. 82. In that letter, Defendants argued that the Parties' then-agreed list of 16 custodians was sufficient. *See id.* Plaintiffs, however, sought a disproportionate list of 36 custodians. *Id.* Judge Wettre considered the dispute letter, heard argument at the February 2, 2021 conference, and orally ruled that Plaintiffs would have "five or six more custodians." Judge Wettre left it to the Parties to iron out the details, which the

---

[1] For instance, Plaintiffs demanded 50 interrogatories and 30 fact depositions, but were limited to 25 interrogatories and 10 depositions consistent with the Federal Rules. Dkt. 48 at 4–5; Dkt. 49.

Parties did when Plaintiffs named six additional custodians, for a total of 22.[2]  Now, Plaintiffs demand still more custodians (at least five).  Plaintiffs' request is improper not only because it would require this Court to reconsider Magistrate Judge Wettre's ruling, but also because it is unsupported and unnecessary,[3] and it would result in discovery far out of proportion to this case.

**Search Terms.**  Second, Plaintiffs demand an overbroad set of search terms for the January 1, 2017 to November 6, 2018 time period that would require review of **over 758,000** documents from the data of the 22 agreed custodians.  Defendants have already used a more tailored set of Plaintiffs' terms for this time period to review over 270,000 documents.  Defendants also agreed to review at least 15,000 additional documents for the post-November 6, 2018 time period.  The Parties' inability to resolve this dispute is the result of a fundamental disagreement regarding burden and proportionality.  In this case, where there are two Individual Defendants, a limited set of alleged misstatements made at the highest level of the Company, and a nine-month Class Period, Plaintiffs' demand that Defendants review over 758,000 documents is unduly burdensome and would needlessly prolong the litigation.  In fact, in the March 31, 2021 Dispute Letter, even Plaintiffs estimated that their then-*narrower* set of search terms would require several months of additional document production and nearly <u>one year</u> of additional fact discovery.  Dkt. 95.

---

[2] The 22 custodians are: A. Vemuri (CEO); B. Webb-Walsh (CFO); C. Kline (CIO); R. Gupta (Chief Technology & Product Officer); K. Gahan (SVP, IT Solutions); A. Katz (VP of Investor Relations); D. Amoriell (EVP & President, Public Sector); J. Barkman (VP of Finance, Public Sector); D. Hubicki (GM Transportation); M. Cantelli (VP & CTO, Public Sector); B. Gollogly (VP IT Solutions, Program Management); R. Dashevsky (Portfolio Technology GM, Transportation); M. Slattery (CEO, Transportation); B. Garber (Head of CTS Transformation Office); B. Humphreys (VP Information Technology); T. Dorazio (VP Electronic Toll Collection); I. Cunningham (Assistant to Mr. Vemuri); K. Gallagher (Assistant to Mr. Webb-Walsh); S. Garner (VP of Enterprise Architecture); A. Wiese (Dir. IT Architecture, Engineering); J. Williamson (Sr. Director, Govt./Transp. Technology & Innovation); A. Lekkala (IT Service Delivery).

[3] To date, Plaintiffs have not identified what they believe is missing from Defendants' production that would necessitate additional custodians or search terms.

Respectfully Submitted,

/s/ Richard Elem
**LAW OFFICES OF JAN MEYER & ASSOCIATES, P.C.**

Richard Elem, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: (201)-862-9500
Email: relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice*)
Michael S. Bigin (*pro hac vice*)
Peter J. Harrington (*pro hac vice*)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
bigin@bernlieb.com
pharrington@bernlieb.com

**THORNTON LAW FIRM LLP**
Guillaume Buell (*pro hac vice*)
1 Lincoln Street
Boston, MA 02111
Telephone: (617) 531-3933
Email: gbuell@tenlaw.com

*Co-Lead Counsel for Lead Plaintiff and the Proposed Class*

/s/ Israel Dahan
**KING & SPALDING LLP**

Israel Dahan
1185 Avenue of the Americas, 36th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Fax: (212) 556-2222
idahan@kslaw.com

B. Warren Pope (*pro hac vice*)
Bethany M. Rezek (*pro hac vice*)
Brian D. Barnes (*pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com
brezek@kslaw.com
bbarnes@kslaw.com

*Counsel for Defendants*