<u>**Via ECF**</u>                                                                October 5, 2021

The Honorable André M. Espinosa
United States Magistrate Judge
District of New Jersey
50 Walnut Street, Room 2037
Newark, NJ 07102

      Re:    *In re Conduent Inc. Sec. Litig.*, No. 2:19-cv-8237-SDW-AME (D.N.J.)

Dear Judge Espinosa,

The Parties respectfully submit this Joint Letter pursuant to Your Honor's September 17, 2021 Order, Dkt. 106, which directed the Parties to submit a joint letter if they are unable to resolve their discovery dispute concerning search terms and custodians. Below is a joint statement regarding the background and status of the Parties' negotiations, and further below is each Party's respective position regarding this discovery dispute.

<u>**Joint Statement Regarding Background and Status of Negotiations**</u>

On August 13, 2021, the Parties filed a Joint Letter setting forth their respective positions regarding a discovery dispute over search terms and custodians. Dkt. 103. On September 13, 2021, this Court held a conference and heard argument regarding the Parties' respective positions. At the conference, and as memorialized in the Court's September 17, 2021 Order, Dkt. 106, the Court ordered the Parties to continue to meet and confer in an effort to resolve or narrow their dispute without Court intervention. The Parties met and conferred in an effort to resolve or narrow their dispute, but ultimately the Parties reached an impasse. Pursuant to the Court's September 17 Order, the Parties provide this Joint Letter and set forth their respective positions below.

<u>**Plaintiffs' Position**</u>

**<u>Search Terms</u>**: Since the September 13 hearing, the Parties made some progress on search terms and only a few remain in dispute. *See* **Plaintiffs' Exhibit** at 1. Since the hearing, Plaintiffs have moved ***significantly*** toward—and past—the "middle" in making deep cuts in compromises.

1

*See* **Plaintiffs' Exhibit** at 2-4. On the other hand, Defendants have moved very little on the search terms still in dispute. Defendants also significantly delayed negotiations since the September 13 hearing, stalling on two occasions ***over a week*** after receiving Plaintiffs' compromise proposals.

As directed by Your Honor during the Parties' September 13, 2021 conference call, Plaintiffs immediately began working on revised search strings, and awaited the updated "search term report" from Defendants showing the number of unreviewed documents Plaintiffs' search terms pulled. Plaintiffs needed this information to revise their search terms to reduce the burden based on volume of documents. Defendants did not provide the data until September 21. The very next day (September 22), Plaintiffs provided Defendants a revised compromise search term proposal. Plaintiffs deleted 30 search terms and strings, and significantly reduced the "proximity connectors" on the search terms. Plaintiffs focused their reductions on the search strings that collected the most documents, to reduce Defendants' burden as much as possible. Plaintiffs also offered cut the additional custodians requested in half, from six to three.

Defendants responded on September 30—eight days after receiving Plaintiffs' compromise offer rejecting Plaintiffs' proposal and offered search terms that were in places ***more restrictive, and suggested fewer search terms, than Defendants had previously offered***. Plaintiffs again requested an updated search term report, in the hopes of developing a mutually agreeable compromise. Defendants declined, citing a lack of time, only disclosing that Plaintiffs' proposal contains 339,843 unreviewed documents, while Defendants' counter proposal contains just 42,674 unreviewed documents. Nevertheless, once again within one day, Plaintiffs sent Defendants another compromise with further edits to the six remaining disputed terms. *See* **Plaintiffs' Exhibit** at 2-4**.** On October 4, Defendants declined this proposal.

The six search terms the Parties reached an impasse on are of vital importance, and since

September 13 Plaintiffs made significant cuts to them. *See* **Plaintiffs' Exhibit** at 2-4. The two most vital search terms for Plaintiffs are the "*Atos*" and "*data center*" search terms. This case centers largely on Atos's failure to manage Conduent's data center consolidation, due to the lack of an inventory and their inability to map Conduent's outdated IT infrastructure. Plaintiffs cannot compromise further on these core searches without giving up the discovery they require. With respect to the other four disputed search terms, Plaintiffs have offered reasonable compromises that come close to what Defendants have proposed and moved leaps and bounds from Plaintiffs' prior proposals. Defendants have mostly not budged from their initial counter proposal from March on any of these searches. *See* **Plaintiffs' Exhibit** at 2-4.

Plaintiffs request that the Court so-Order their proposed compromise offer on the remaining six search terms from October 1, set forth in **Plaintiffs' Exhibit**. Plaintiffs are entitled to discovery on these matters and should not be forced to accept Defendants' self-selected search terms on issues central to this case. Selecting search terms for electronic discovery is supposed to be a two-way road, and Defendants have ***essentially not budged*** from their initial positions from ***earlier this year*** on these (and most other) search terms, while Plaintiffs have made very significant compromise offers time-and-again.

**Discovery of Vemuri's Departure**: Plaintiffs plead that Vemuri's sudden departure from Conduent is circumstantial evidence of scienter, which must be proven at trial. ECF No. 18 at ¶196. Accordingly, Plaintiffs seek discovery on this issue via a search of the emails of certain Conduent directors—who are the ***only*** persons who would have contemporaneous knowledge of the circumstances surrounding Vemuri's departure. Defendants refuse. Plaintiffs respectfully ask that the Court order Defendants to collect emails from four directors of Plaintiffs' choosing, apply appropriate search terms, and produce non-privileged documents relevant to the case.

**DEFENDANTS' POSITION**

Defendants request that this Court resolve the Parties' discovery dispute by ordering as follows:  Defendants utilize three additional document custodians (identified below) and the search terms in Defendants' column of Exhibit 2 attached hereto.  This compromise fairly addresses Plaintiffs' concerns and allows this March 2019-filed case to move forward to depositions.

As Defendants explained at the September 13, 2021 Court conference, over the last year, Defendants reviewed over 300,000 documents and produced over 165,000 documents.  Defendants used discovery parameters derived through months-long negotiations and filed dispute letters, including 22 custodians and a tailored set of Plaintiffs' proposed search terms designed to identify relevant documents and eliminate false hits.  Nevertheless, Plaintiffs demanded: overbroad search terms they had proposed prior to receiving Defendants' document production; four new terms they proposed after receiving Defendants' production; and six additional document custodians (despite Judge Wettre previously rejecting their demand for 36 custodians).  Plaintiffs' demand, as set forth in the August 13, 2021 joint dispute letter, Dkt. 103, would have effectively restarted discovery by requiring Defendants to review half-a-million new documents extending well into next year.

The Court provided helpful guidance to the Parties at the September 13 conference, including a proposed solution: run the current search terms across the data of some new custodians. The Court ultimately reserved judgment and ordered the Parties to negotiate further.  On September 16, Plaintiffs requested what they described as a "granular search term report" showing the number of documents not yet reviewed by Defendants for each of Plaintiffs' search terms. Defendants provided that "granular" report on September 21.  Regrettably, Plaintiffs then proposed only a limited revision to the same overbroad, untailored search terms they previously demanded, plus the addition of Ms. Daughtry, Mr. Jaffer, and Mr. Anderson as document custodians. Plaintiffs' request pulled over 600,000 total documents from the data of the 22 existing custodians.

4

Despite this overbroad request, Defendants responded with a significant compromise proposal that incorporated and exceeded the Court's suggestion to run current search terms across some new custodians.  First, Defendants agreed to add **all three** of Plaintiffs' requested custodians (Daughtry, Jaffer, Anderson) for a total of 25 document custodians.  Second, Defendants offered to run all of the current search terms across the new custodian data.  Third, Defendants offered to run the following additional terms across all 25 document custodians:  (i) Plaintiffs' version of all four search terms that Plaintiffs proposed *after* they received Defendants' document production; (ii) Plaintiffs' "information technology" search term that Plaintiffs specifically highlighted at the September 13 Court conference; and (iii) Plaintiffs' version of the search term related to state tolling penalties, which is an allegation in the Complaint.  Unfortunately, Plaintiffs declined.[1]

Defendants' proposal is fair and reasonable.  The proposal includes all three of Plaintiffs' requested custodians and runs the current search terms across each of those new custodians.  The proposal further includes all of the search terms that Plaintiffs proposed after they received the bulk of Defendants' document production—*i.e.*, after which time they should be able to explain what they believe is missing from the production.  Defendants' proposal pulls over 315,000 total documents from 24 of the 25 custodians[2] for the January 1, 2017 to November 6, 2018 time period and requires Defendants to review **over 42,000 additional documents**.  Defendants anticipate they can be substantially complete with this review by December 31, 2021, that the Parties can move expeditiously to depositions, and that fact discovery can be complete by April 15, 2022.

---

[1] As the filing deadline approached, Plaintiffs informed Defendants they would demand Board members as custodians.  As Defendants have explained: (i) Board members are not Conduent employees with Conduent email addresses; and (ii) regardless, any conceivable relevance is far outweighed by the burden of this request.  It is unfortunate that Plaintiffs are now backtracking on what should be a resolution of the custodian issue with the addition of the three custodians above.

[2] Defendants immediately began collecting the data of the three new custodians.  Those efforts are still in progress.  Defendants hope to have updated hit counts by the October 12 teleconference.

Respectfully Submitted,

*/s/ Richard Elem*
**LAW OFFICES OF JAN MEYER & ASSOCIATES, P.C.**

Richard Elem, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: (201)-862-9500
Email: relem@janmeyerlaw.com

*Liaison Counsel for Lead Plaintiff*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice*)
Michael S. Bigin (*pro hac vice*)
Peter J. Harrington (*pro hac vice*)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
bigin@bernlieb.com
pharrington@bernlieb.com

**THORNTON LAW FIRM LLP**
Guillaume Buell (*pro hac vice*)
1 Lincoln Street
Boston, MA 02111
Telephone: (617) 531-3933
Email: gbuell@tenlaw.com

*Co-Lead Counsel for Lead Plaintiff and the Proposed Class*

*/s/ Israel Dahan*
**KING & SPALDING LLP**

Israel Dahan
1185 Avenue of the Americas, 36th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Fax: (212) 556-2222
idahan@kslaw.com

B. Warren Pope (*pro hac vice*)
Bethany M. Rezek (*pro hac vice*)
Brian D. Barnes (*pro hac vice*)
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
wpope@kslaw.com
brezek@kslaw.com
bbarnes@kslaw.com

*Counsel for Defendants*