# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE CONDUENT INC. SECURITIES
LITIGATION

Case No.: 2:19-cv-08237-SDW-AME

Hon. Susan D. Wigenton, U.S.D.J.
Hon. André M. Espinosa, U.S.M.J.

## MEMORANDUM OF LAW IN SUPPORT OF CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND AUTHORIZATION TO PROVIDE NOTICE TO THE CLASS

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

PROCEDURAL BACKGROUND.............................................................................2

ARGUMENT ..............................................................................................................5

I.      STANDARDS FOR PRELIMINARY APPROVAL OF THE SETTLEMENT................5

II.     NOTICE OF THE SETTLEMENT TO THE CLASS IS WARRANTED
        BECAUSE THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE ...........7

       A.     The Class Representatives and Co-Class Counsel Have Adequately
             Represented the Class ...............................................................................7

       B.     The Settlement Was Negotiated at Arm's-Length....................................7

       C.     The Relief Provided by the Settlement Is Adequate ................................8

             1.     The Settlement Is Reasonable Under the Circumstances ............ 8

             2.     The Proposed Process for Distributing Relief to the Class Is
                  Effective .................................................................................... 10

             3.     The Anticipated Attorney's Fees and Expenses Are Reasonable............ 11

       D.     Class Members Are Treated Equitably Relative to One Another........................12

III.    CERTIFICATION OF THE CLASS REMAINS APPROPRIATE .................................12

IV.    NOTICE PROGRAM SATISFIES RULE 23, DUE PROCESS, AND THE
         PSLRA ..................................................................................................................12

CONCLUSION...........................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alves v. Main*,
  No. 01-cv-789, 2012 WL 6043272 (D.N.J. Dec. 4, 2012),
  *aff'd*, 559 F. App'x. (3d Cir. 2014)................................................................8

*In re Am. Bus. Fin. Servs. Inc. Noteholders Litig.*,
  No. 05-232, 2008 WL 4974782 (E.D. Pa. Nov. 21, 2008) ........................8

*In re AT&T Corp.*,
  455 F.3d 160 (3d Cir. 2006)........................................................................9

*Bell Atl. Corp. v. Bolger*,
  2 F. 3d 1304 (3d Cir. 1993)........................................................................12

*Ehrheart v. Verizon Wireless*,
  609 F.3d 590 (3d Cir. 2010)........................................................................5

*Esslinger v. HSBC Bank Nev., N.A.*,
  No. 10–3213, 2012 WL 5866074 (E.D. Pa. Nov. 20, 2012)..............11, 12

*Lazy Oil Co. v. Witco Corp.*,
  95 F. Supp. 2d 290 (W.D. Pa. 1997), *aff'd*, 166 F.3d 581 (3d Cir. 1999)................9

*In re Livent Corp. Sec. Litig.*,
  Case No. 190501229 (Pa. Com. Pl. 2021) .............................................11

*In re Ocean Power Techs., Inc.*,
  No. 3:14-CV-3799, 2016 WL 6778218 (D.N.J. Nov. 15, 2016) ..............12, 13, 14

*P. Van Hove BVBA v. Universal Travel Grp., Inc.*,
  No. CV 11-2164, 2017 WL 2734714 (D.N.J. June 26, 2017) .................10

*In re Royal Dutch/Shell Transp. Sec. Litig.*,
  No. CIV.A. 04-374 (JAP), 2008 WL 9447623 (D.N.J. Dec. 9, 2008)....................10

*Rudel Corp. v. Heartland Payment Sys., Inc.*,
  No. CV 16-2229, 2017 WL 4422416 (D.N.J. Oct. 4, 2017)....................7, 8

*Schuler v. The Meds. Co.*,
  No. CV 14-1149 (CCC), 2016 WL 3457218 (D.N.J. June 24, 2016)....................8, 9

*Shapiro v. All. MMA, Inc.*,
  No. CV 17-2583, 2018 WL 3158812 (D.N.J. June 28, 2018) .................5, 13

*In re Ubiquiti Networks, Inc. Sec. Litig.*,
    No. 12-cv-04677-YGR (N.D. Cal.) ........................................................11

*In re Valeant Pharms. Int'l Inc. Sec. Litig.*
    No. 15 cv 07658, 2020 WL 3166456 (D.N.J June 15, 2020) ...................13

*In re Warfarin Sodium Antitrust Litig.*,
    212 F.R.D. 231 (D. Del. 2002) ..............................................................12

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)....................................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(7)(A)-(F)......................................................................14

**Rules**

Fed. R. Civ. P. 23 ....................................................................................1, 13

Fed. R. Civ. P. 23(b)(3)............................................................................7, 12

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................6, 12, 14

Fed. R. Civ. P. 23(e) .......................................................................................2

Fed. R. Civ. P. 23(e)(1)(ii) ...........................................................................12

Fed. R. Civ. P. 23(e)(1)(A) ........................................................................5, 6

Fed. R. Civ. P. 23(e)(1)(B) .............................................................................6

Fed. R. Civ. P.  23(e)(2) .................................................................................6

Fed. R. Civ. P. 23(e)(2)(B) .............................................................................7

Fed. R. Civ. P. 23(e)(2)(C)(iv)........................................................................6

Fed. R. Civ. P. 23(e)(2)(D) ...........................................................................12

Fed. R. Civ. P. 23(e)(3)(4) ..............................................................................6

Fed. R. Civ. P.  54(d)(2)................................................................................12

**Other Authority**

*Manual for Complex Litigation* ...................................................................14

Court-appointed Class Representatives Oklahoma Firefighters Pension and Retirement System ("OFPRS"), Plymouth County Retirement Association ("PCRA"), and Electrical Workers Pension Fund, Local 103, I.B.E.W ("Local 103" and, collectively, "Class Representatives"), on behalf of themselves and the certified Class, respectfully submit this memorandum in support of their unopposed motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeking: (i) preliminary approval of the proposed Settlement[1] set forth in the Stipulation and Agreement of Settlement dated December 2, 2022; (ii) approval of the form, content and manner of providing notice to the Class; (iii) appointing JND Legal Administration ("JND" or the "Claims Administrator") as the claims administrator to administer the notice and claims process; and (iv) setting a date for the Settlement Hearing at which the Court will consider final approval of the Settlement and entry of the proposed Judgment and Co-Class Counsel's application for an award of attorneys' fees and expenses.  Defendants do not oppose the relief requested in this motion.

## PRELIMINARY STATEMENT

The Class Representatives respectfully submit that the Settlement is a very favorable result for the Class and should be preliminarily approved by the Court.  The Settlement provides a recovery of $32,000,000 in cash to resolve all claims against Defendants Conduent Incorporated ("Conduent" or the "Company"), Ashok Vemuri, and Brian Webb-Walsh in the Action, and related claims (the "Released Claims").

The Class Representatives seek preliminary approval of the Settlement so that notice may be provided to the certified Class and the Settlement Hearing can be scheduled by the Court.  The

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated as of December 2, 2022 (the "Stipulation").  The Stipulation (with attached exhibits) is attached to the accompanying Declaration of Richard L. Elem ("Elem Declaration") as Exhibit 1.  All exhibits referenced below are attached to the Elem Declaration.

1

Class Representatives respectfully submit that the Settlement warrants preliminary approval because it provides a very favorable Settlement Amount, follows extensive discovery and litigation efforts, and is the result of arm's-length negotiations by experienced counsel after several mediation sessions. Moreover, the Settlement proposal has all the indicia of a fair, reasonable, and adequate settlement pursuant to Rule 23(e).

Entry of the proposed Preliminary Approval Order will begin the process of considering final approval by authorizing notice of the Settlement to members of the Class. A final Settlement Hearing will then be conducted, after the Class has been given an opportunity to object or seek exclusion, so that the Court can make a final determination as to whether to approve the Settlement.

## PROCEDURAL BACKGROUND

On March 8, 2019, Employees' Retirement System of the Puerto Rico Electric Power Authority ("ERS-PREPA") filed an initial securities class action complaint against Defendants. ECF No. 1. On May 7, 2019, OFPRS, PCRA, Local 103, and ERS-PREPA formed the Conduent Institutional Investors Group and moved to be appointed as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). ECF No. 6. They were the only class members who sought to litigate this action for the Class. *See* ECF No. 7. On July 15, 2019, the Court appointed them as Lead Plaintiffs and approved Bernstein Liebhard LLP and Thornton Law Firm LLP as Co-Lead Counsel. ECF No. 10. On September 13, 2019, the Conduent Institutional Investor Group filed the Amended Class Action Complaint (the "Complaint"), asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act, on behalf of all persons and entities that purchased Conduent common stock from February 21, 2018 through November 6, 2018, both dates inclusive (the "Class Period"). ECF No. 18.

On November 12, 2019, Defendants moved to dismiss the Complaint.  ECF No. 33.  Lead Plaintiffs opposed the motion and briefing was completed after Defendants filed their reply. ECF Nos. 37-38.  On June 5, 2020, the Court denied Defendants' motion to dismiss, and found that the Complaint adequately pled violations of Sections 10(b) and 20(a) of the Exchange Act.  ECF Nos. 39-40.  Shortly thereafter, the Parties met with the Magistrate and began discovery on class certification issues and merit issues. Ultimately, the Parties and their experts produced a substantial number of documents. Defendants also took the depositions of each of the Class Representatives and their expert on market efficiency.

On December 7, 2020, Lead Plaintiffs moved the Court to certify the Class and appoint OFPRS, PCRA, and Local 103 as Class Representatives and Bernstein Liebhard LLP and Thornton Law Firm LLP as Co-Class Counsel.  ECF No. 76-2.  Defendants opposed the motion and briefing was completed with the filing of reply papers in further support of the motion on February 19, 2021.  ECF Nos. 90-91.

In early 2021, the Parties began exploring the possibility of a settlement.  On April 28, 2021, the Parties submitted a joint motion to administratively terminate the case pending mediation. ECF No. 97.  On April 29, 2021, the Court granted the joint motion and administratively terminated the case pending mediation, including the pending motion for class certification, appointment of class representatives and appointment of class counsel.  ECF No. 98.

The Parties began their first attempt at mediating the Action on June 3, 2021.  Prior to the mediation session, the Parties exchanged detailed opening mediation statements. The Parties engaged experts to address loss causation and damages, while using document discovery to address liability issues. After the session ended without a settlement being reached, the Parties agreed to convene a second day of mediation.   The Parties provided additional expert analysis for

consideration.  However, the Parties could not reach an agreement on the second day of mediation.  Lead Plaintiffs then updated the Court and on July 26, 2021, the Court reopened the Action.  ECF No. 100.  Discovery resumed with the Parties, at times, consulting the magistrate and negotiating issues amongst themselves.

On February 28, 2022, the Court certified the Class and appointed OFPRS, PCRA, and Local 103 as Class Representatives and Bernstein Liebhard LLP and Thornton Law Firm LLP as Co-Class Counsel.  ECF No. 114 at 1.[2]

By March of 2022, Defendants had substantially concluded their document production.  At that time, the Parties again explored the possibility of settlement.  On April 4, 2022, the Parties filed a joint stipulation to stay the Action pending mediation, which allowed certain discovery concerning third parties and privilege issues.  ECF No. 119.  On May 11, 2022, the Court entered the Parties' joint stipulation to stay the Action pending mediation (ECF No. 129) and administratively terminated the Action (ECF No. 131).

The Parties engaged the mediator Robert Meyer of JAMS to assist them in a potential negotiated resolution of the claims.  Prior to the mediation session, on August 8, 2022, the Parties exchanged detailed mediation statements. The Parties presented expert analysis and used updated document discovery to argue the strengths of their respective arguments.  On August 15, 2022, the Parties engaged in a full-day mediation session.  While an agreement was not reached at the conclusion of the session, the Parties continued to negotiate through the mediator.  On August 17, 2022, the Parties reached an agreement in principle on the primary terms of a settlement to resolve the Action.

---

[2] On May 6, 2022, the Court approved the substitution of Labaton Sucharow LLP for Thornton Law Firm LLP as Co-Class Counsel.  ECF No. 127.

The Parties subsequently negotiated the terms of the Stipulation, which sets forth the final terms and conditions of the Settlement, including, among other things, a release of all claims asserted against Defendants in the Action and related claims, in return for a cash payment by, or on behalf of, Defendants of $32,000,000 (the "Settlement Amount"), for the benefit of the Class.

## ARGUMENT

### I.      STANDARDS FOR PRELIMINARY APPROVAL OF THE SETTLEMENT

The Third Circuit has a "strong judicial policy in favor of class action settlement." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004). "Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts." *Ehrheart*, 609 F.3d at 595. This is particularly true for class actions involving complex litigation and securities matters. 7 Conte & Newberg, Newberg on Class Actions §22.91 at 386-387 (4th Ed. 2002) ("Securities suits readily lend themselves to compromise, because of the notable unpredictability of result and the potential for litigation spanning up to a decade or more" (citations omitted)). Generally, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *Shapiro v. All. MMA, Inc*., No. CV 17-2583 (RBK/AMD), 2018 WL 3158812, at *2 (D.N.J. June 28, 2018) (citations omitted).

This motion is a necessary step before final approval of the proposed class action Settlement. Here, the Parties must "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice of a proposed settlement is justified where the Parties show "that the court will likely be able to:

(i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

Rule 23(e)(2) lists the criteria for evaluating the adequacy of a settlement, which require a review of the likelihood that: (a) the class representatives and class counsel adequately represented the class; (b) the settlement was negotiated at arm's-length; (c) the relief provided to the class is adequate, taking into account: (i) the costs, risks and delays of trial and appeal; (ii) effectiveness of any proposed method of distributing relief to the class; (iii) terms of any proposed award of attorneys' fees; and (iv) any agreement required to be identified under Rule 23(e)(3)(4)[3]; and (d) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The proposed Settlement readily satisfies Fed. R. Civ. P. 23(e)(1)(B) such that the Class should receive notice of the Settlement. Additionally, the proposed notice program meets the requirements of Rule 23(c)(2)(B), due process, and the Private Securities Litigation Reform Act of 1995 and should be approved for distribution.

---

[3] Rule 23(e)(2)(C)(iv) requires the disclosure of any agreement in connection with a proposed settlement. Here, in addition to the Stipulation, on August 31, 2022 the Parties executed a settlement term sheet and on December 1, 2022 they entered into a confidential Supplemental Agreement Regarding Requests for Exclusion (the "Supplemental Agreement"). The Supplemental Agreement sets forth the conditions under which Defendants have the discretion to terminate the Settlement if requests for exclusion from the Class exceed a certain agreed-upon threshold. This type of agreement is standard in securities class actions and has no negative impact on the fairness of the Settlement. As is standard in securities settlements, the Supplemental Agreement is kept confidential in order to avoid incentivizing the formation of a group of opt-outs for the sole purpose of leveraging a larger individual settlement. Pursuant to its terms, the Supplemental Agreement may be submitted to the Court *in camera* or under seal. The term sheet, Stipulation, and the Supplemental Agreement are the only agreements concerning the Settlement entered into by the Parties.

6

**II.**     **NOTICE OF THE SETTLEMENT TO THE CLASS IS WARRANTED BECAUSE THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

    **A.**     **The Class Representatives and Co-Class Counsel Have Adequately Represented the Class**

On February 28, 2022, the Court found that the Class Representatives and Co-Class Counsel have adequately represented the Class, after reviewing evidence of adequacy and detailed briefing from the Parties. ECF No. 114. The Court was presented with summaries of the work performed by the Class Representatives and Co-Class Counsel, which included: moving for Lead Plaintiff appointment, amending the Complaint, successfully opposing Defendants' motion to dismiss, producing documents, responding to interrogatory requests, and testifying at depositions on behalf of the Class.

Since briefing the Rule 23(b)(3) motion, the Class Representatives and Co-Class Counsel have continued to vigorously represent the interests of the Class. They litigated the case through the close of document discovery by pressing discovery disputes, processing facts learned in discovery, challenging damages theories, and fine tuning their litigation strategy. Co-Class Counsel drafted mediation statements and argued the merits of the claims during two mediation sessions. The Class Representatives also were consulted during the course of the mediations. Ultimately, the Class Representatives, in consultation with Co-Class Counsel, agreed to the fair, reasonable and adequate settlement terms set forth in the Stipulation. Accordingly, the Class Representatives and Co-Class Counsel have adequately represented the Class.

    **B.**     **The Settlement Was Negotiated at Arm's-Length**

When assessing a settlement, a court must consider whether the "the proposal was negotiated at arms-length." Fed. R. Civ. P. 23(e)(2)(B). A settlement is presumed fair when it results from "arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Rudel Corp. v. Heartland Payment Sys., Inc.*, No. CV 16-2229, 2017 WL 4422416,

at *2 (D.N.J. Oct. 4, 2017) (citations omitted). "The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties." *Alves v. Main*, No. 01-cv-789, 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012) *aff'd*, 559 F. App'x, 151 (3d Cir. 2014.)

Here, the Settlement was achieved after a mediation process overseen by, at different times, two independent mediators. The Parties were well versed in the risks of the claims and defenses after litigating the Action through class certification and the substantial completion deadline for all document discovery. Additionally, the Parties' refusal to settle the Action during the first mediation in 2021 shows that the Parties remained adversarial throughout settlement discussions. Accordingly, the fact that the Settlement was negotiated at arm's-length weighs in favor of approval.

### C.       The Relief Provided by the Settlement Is Adequate

#### 1.       The Settlement Is Reasonable Under the Circumstances

The $32 million Settlement presents a very favorable recovery when compared to the median settlement value in securities class action settlements in 2021, which was reported by Cornerstone Research to be $8.3 million and $9.9 million from 2016 through 2020. *See* Laarni T. Bulan and Laura E. Simmons, *Securities Class Action Settlements – 2021 Review and Analysis*, at 1 (Cornerstone Research 2022), Exhibit 2.

The Settlement also provides a favorable recovery as a proportion of estimated damages, were the Action to continue. The Settlement recovers approximately 7% of Class Representatives' expert's $431 million in maximum estimated damages. This recovery is above what courts in the Third Circuit have determined were adequate recoveries for other class actions. *See*, *e.g.*, *In re Am. Bus. Fin. Servs. Inc. Noteholders Litig.*, No. 05-232, 2008 WL 4974782, at *3, 7, 13 (E.D. Pa. Nov. 21, 2008) (approving settlement for 2.5% of damages); *Schuler v. The Meds. Co.*, No. CV

14-1149 (CCC), 2016 WL 3457218, at *8 (D.N.J. June 24, 2016) (approving settlement amount of approximately 4% of recoverable damages); *In re AT&T Corp.*, 455 F.3d 160, 169-70 (3d Cir. 2006) (affirming settlement for 4% of total damages); *Lazy Oil Co. v. Witco Corp.*, 95 F. Supp. 2d 290, 319, 339 (W.D. Pa. 1997) (approving settlement for 5.35% of estimated damages, overruling objections, and collecting cases approving "class settlements involving far smaller percentage recoveries"), *aff'd*, 166 F.3d 581 (3d Cir. 1999).

When viewed as a percentage of more conservative damages estimates, the Settlement is even more favorable to the Class because the $431 million in maximum estimated damages would be subject to formidable challenges. Proving loss causation and damages here posed serious risks to recovery for the Class. This case involved facts and circumstances that arguably required material reductions to damages if Class Representatives were required to "disaggregate" the price impact of multiple revelations. Specifically, when Conduent lowered its annual financial guidance in connection with its Q3 2018 earnings announcement, Conduent released numerous pieces of negative news, which, Defendants would maintain, not all related to the alleged false statements. While Class Representatives believe most of the disclosures revealed new material information related to the alleged fraud, damages would be cut substantially if the Court found otherwise.

The Settlement is also reasonable because it provides Class Members, whose claims have been pending since 2019, with a certain and substantial tangible recovery, without additional risk, expense, and delay.  In continued litigation, the remaining expert discovery would have been protracted and it is likely that Defendants would have sought summary judgment and exclusion of vital expert testimony. There was no guarantee that the Class would prevail against Defendants' challenges and, even if it did, how the Court's rulings would affect damages or how the case would be presented to the jury. Moreover, the trial of the Class Representatives' claims would inevitably

9

be long and complex, and even a favorable verdict would undoubtedly spur a lengthy post-trial

and appellate process. Indeed, courts recognize that settlement of securities fraud cases are often

reasonable because of the difficulty in proving the elements of the claims. *See In re Royal*

*Dutch/Shell Transp. Sec. Litig.*, No. CIV.A. 04-374 (JAP), 2008 WL 9447623, at *17 (D.N.J. Dec.

9, 2008) ("Federal securities class actions by definition involve complicated issues of law and

fact").

### 2.      The Proposed Process for Distributing Relief to the Class Is Effective

The method for processing Class Members' claims and distributing relief to eligible

claimants includes well-established, effective procedures for processing claims and efficiently

distributing the Net Settlement Fund. The Claims Administrator selected by Co-Class Counsel

(subject to Court approval), JND, is an experienced claims administrator that will process claims

under the guidance of Co-Class Counsel.

The Claims Administrator will employ a well-established protocol for the processing of

claims in a securities class action. Potential class members will submit, either by mail or online

using the Settlement website, the Court-approved Claim Form. Based on the trade information

provided by Claimants, the Claims Administrator will determine each Claimant's eligibility to

participate and calculate their respective "Recognized Claim" based on the Court-approved Plan

of Allocation. *See* Stipulation ¶¶21-22. Class Representatives' claims will be reviewed in the same

manner.  Claimants will be notified of any defects or conditions of ineligibility and be given the

chance to contest rejection. Any claim disputes that cannot be resolved will be presented to the

Court for a determination. This claims process is similar to that typically used in securities class

action settlements. *See*, *e.g.*, *P. Van Hove BVBA v. Universal Travel Grp., Inc.*, No. CV 11-2164,

2017 WL 2734714, at *9 (D.N.J. June 26, 2017).

After the Settlement reaches its Effective Date (*see* Stipulation ¶37) and the passing of all

applicable deadlines, Authorized Claimants will be issued checks.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable period of time from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after redistribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the Consumer Federation of America, or such other non-sectarian, not-for-profit organization serving the public interest approved by the Court.  *See* Stipulation ¶25.[4]

### 3.    The Anticipated Attorney's Fees and Expenses Are Reasonable

As set forth in the Notice, Co-Class Counsel intend to request attorneys' fees of no more than 25% of the Settlement Fund and litigation expenses of no more than $600,000, which may include an application for reimbursement by the Lead Plaintiffs pursuant to the PSLRA. Co-Class Counsel's requested fees in this case are well within the range reasonableness. "In the Third Circuit, fee awards in common fund cases generally range from 19% to 45% of the fund." *Esslinger v. HSBC Bank Nev., N.A.*, No. 10–3213, 2012 WL 5866074, at \*15 (E.D. Pa. Nov. 20,

---

[4] Consumer Federation of America ("CFA") is a non-profit, consumer advocacy organization established in 1968 to advance consumer interests through policy research, advocacy, and education before the judiciary, Congress, the White House, federal and state regulatory agencies, and state legislatures.  *See generally* www.consumerfed.org.  CFA has been approved as a *cy pres* beneficiary in several securities cases, including *In re Livent Corp. Sec. Litig.*, Case No. 190501229 (Pa. Com. Pl. 2021), *In re Broadcom Corp. Sec. Litig.*, No. 01-CV-00275-MLR (C.D. Cal.), and *In re Ubiquiti Networks, Inc. Sec. Litig.,* No. 12-cv-04677-YGR (N.D. Cal.).

2012) (citing *Bredbenner v. Liberty Travel, Inc.*, No. 09–905, 2011 WL 1344745, at \*15 (D.N.J. Apr. 8, 2011)); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 262 (D. Del. 2002) (gathering case law and awarding 22.5% in fees for a class action settlement). The basis of Co-Class Counsel's fee and expense request will be detailed in their upcoming Rule 54(d)(2) motion.

### D.    Class Members Are Treated Equitably Relative to One Another

The Plan of Allocation, drafted with the assistance of Class Representatives' damages expert, is a fair, reasonable, and adequate method for allocating the proceeds of the Settlement among eligible claimants and treats all Class Members equitably, as required by Fed. R. Civ. P. 23(e)(2)(D).   Each Authorized Claimant, including the Class Representatives, will receive a distribution pursuant to the Plan of Allocation, and the Class Representatives will be subject to the same formula for distribution of the Settlement as other Class Members on the same *pro rata* basis. *See In re Ocean Power Techs., Inc.*, No. 3:14-CV-3799, 2016 WL 6778218, at \*3 (D.N.J. Nov. 15, 2016) (approving a settlement agreement where the settlement fund would be distributed on a *pro rata* basis).

## III.    CERTIFICATION OF THE CLASS REMAINS APPROPRIATE

The proposed Class for the Settlement and the certified Class are identical. *Compare* Stipulation at ¶1(f) to ECF No. 113 at 3.   Accordingly, the Class meets the requirements of Rule 23(b)(3) and is appropriate for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(ii).

## IV.    NOTICE PROGRAM SATISFIES RULE 23, DUE PROCESS, AND THE PSLRA

Rule 23(c)(2)(B) requires notice of the pendency of a class action to be "the best notice that is practicable under the circumstances."   Fed. R. Civ. P. 23(c)(2)(B).   Notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them" in connection with the proceedings.   *Bell Atl. Corp. v. Bolger*, 2 F. 3d 1304, 1318 (3d Cir. 1993).

Co-Class Counsel propose to provide Class Members notice by (i) mailing a copy of the long-form Notice to all potential Class Members who can reasonably be identified and located using information provided by Conduent's transfer agent, as well as information provided by third party banks, brokers, and other nominees about their customers who may have eligible purchases; (ii) publication of the Summary Notice in *The Wall Street Journal*; and (iii) dissemination of the Summary Notice on the internet using *PR Newswire*.  The Notice and Claim Form will also be posted on both the Settlement website and Co-Class Counsel's websites.  Sending the Notice by first-class mail, combined with the publication of the Summary Notice in a major publication and posting the Notice on the Settlement website is typical of the notice provided in other class actions and satisfies the requirements of Rule 23 and due process.  *See*, *e.g.*, *In re Valeant Pharms. Int'l Inc. Sec. Litig.*  No.15 cv 07658, 2020 WL 3166456, at *6 (D.N.J June 15, 2020); *In re Ocean Power,* 2016 WL 6778218, at *10; *Shapiro*, 2018 WL 3158812, at *7.  Accordingly, the proposed notice program is reasonably calculated to apprise Class Members of the Settlement and afford them an opportunity to present their objections or request exclusion from the Class.

In addition to the proposed methods of providing notice, the form and substance of the notice program are also sufficient.  The proposed forms of notice collectively describe the terms of the Settlement; the considerations that caused Class Representatives and Co-Class Counsel to conclude that the Settlement is fair, adequate, and reasonable; the maximum attorneys' fees and litigation expenses that may be sought; the procedure for requesting exclusion from the Class, objecting and submitting claims; the proposed Plan of Allocation; and the date and place of the Settlement Hearing.

The Notice also satisfies the PSLRA's separate disclosure requirements by, *inter alia*, stating: (i) the amount of the Settlement determined in the aggregate and on an average per share

basis; (ii) that the Parties do not agree on the amount of damages that would be recoverable even if Class Representatives prevailed on each of their claims; (iii) that Co-Class Counsel intend to make an application for an award of attorneys' fees and expenses (including the amount of such fees and expenses determined on an average per share basis), as well as a possible request for a reimbursement award to Class Representatives; (iv) the name, telephone number, and address of a representative of Co-Class Counsel who will be available to answer questions; (v) the reasons why the Parties are proposing the Settlement; and (vi) other information as may be required by the Court. *See* 15 U.S.C. § 78u-4(a)(7)(A)-(F).[5]

Thus, the proposed Notice provides the information required under the PSLRA and courts have found notice substantially similar to that provided for in this Settlement constituted the "best notice that is practicable under the circumstances," satisfying the requirements of Fed. R. Civ. P. 23(c)(2)(B). *See In re Ocean Power*, 2016 WL 6778218, at *10; *see also generally Manual for Complex Litigation* §21.633.

Co-Class Counsel have carefully drafted the notice provision of the Settlement to provide the best notice practicable to the Class. Accordingly, Co-Class Counsel respectfully submit that the Notice and Summary Notice, as well as the Claim Form (Exhibits 1-3 to the Preliminary Approval Order filed herewith), are adequate.

Finally, in connection with preliminary approval of the Settlement, the Court must set a Settlement Hearing date, dates for mailing the Notice and publication of the Summary Notice, and deadlines for requesting exclusion from the Class, objecting, filing motions in support of final approval and attorneys' fees and expenses, and submission of Claim Forms. Class Representatives

---

[5] Class Representatives also request that the Court appoint JND Legal Administration as the Claims Administrator to provide all notices approved by the Court to the Class Members, to process Claims Forms, and to administer the Settlement. *See* JND Firm Qualifications, Exhibit 3.

propose the following schedule.  The hearing date is the only date that the Court must schedule.

| Event | Proposed Timing |
|---|---|
| Deadline for commencing the mailing of the Notice and Claim Form to Settlement Class Members ("Notice Date") | Not later than 15 business days after entry of the Preliminary Approval Order |
| Deadline for publishing the Summary Notice | Not later than 14 calendar days after the Notice Date |
| Deadline for filing papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and expenses | 35 calendar days prior to the Settlement Hearing |
| Deadline for receipt of exclusion requests or objections | 21 calendar days prior to the Settlement Hearing |
| Deadline for filing reply papers | 7 calendar days prior to the Settlement Hearing |
| Settlement Hearing | 100 calendar days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter |
| Deadline for submitting Claim Forms | 5 calendar days before the Settlement Hearing |

## CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court issue an order substantially in the form of the proposed Preliminary Approval Order: (i) preliminary approving the proposed Settlement set forth in the Stipulation; (ii) approving of the form, content and manner of providing notice to the Class; (iii) appointing JND as the claims administrator to administer the notice and claims process; and (iv) setting a date for the final Settlement Hearing.

Dated: December 2, 2022                    Respectfully submitted,

*/s/ Richard L.Elem*
Jan Meyer

Richard L. Elem
**LAW OFFICES OF JAN MEYER &**
 **ASSOCIATES, P.C.**
1029 Teaneck Road
Second Floor
Teaneck, New Jersey 07666
Tel: (201) 862-9500
Email: jmeyer@janmeyerlaw.com
        relem@janmeyerlaw.com

*Liaison Counsel for Class Representatives*
*and the Class*

**BERNSTEIN LIEBHARD LLP**

 */s/ Stanley D. Bernstein*
Stanley D. Bernstein
Michael S. Bigin
Adam Federer
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
bigin@bernlieb.com
afederer@bernlieb.com

**LABATON SUCHAROW LLP**

*/s/ Christine M. Fox*
Christine M. Fox
Carol C. Villegas
Guillaume Buell
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cfox@labaton.com
cvillegas@labaton.com
gbuell@labaton.com

*Co-Class Counsel for Class Representatives*
*and the Class*

**WOLF POPPER LLP**
Robert C. Finkel

16

Joshua W. Ruthizer
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email: rfinkel@wolfpopper.com
jruthizer@wolfpopper.com

*Additional Counsel for Class Representatives*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.


/s/ *Richard L. Elem*
RICHARD L. ELEM