## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-AME<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

**WHEREAS:**

A.     On December 1, 2022, Court-appointed Class Representatives Oklahoma Firefighters Pension and Retirement System ("OFPRS"), Plymouth County Retirement Association ("PCRA") and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") (collectively, "Class Representatives"), on behalf of themselves and all other members of the previously certified Class (defined below), on the one hand, and Defendants Conduent Incorporated, Ashok Vemuri, and Brian Webb-Walsh (together "Defendants" and, with Class Representatives, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged therein, including in the Amended Class Action Complaint filed on September 13, 2019, on the merits and with prejudice (the "Settlement");

B.     The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.     The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this** <u>27th</u> **day of** <u>January</u>, **2023 that:**

1.      **Preliminary Approval of Settlement**.  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2).

2.      **Certification of the Class**.  As provided in the Court's February 28, 2022 Order, the certified Class is all Persons who purchased Conduent common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, (the "Class Period") and who were damaged thereby.  Excluded from the Class are: (i) Conduent Incorporated and its Officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest or are a parent; and (2) Defendants, their Immediate Family members, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any of them has a controlling interest.  Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

3.      Consistent with the Court's February 28, 2022 Order, Oklahoma Firefighters Pension and Retirement System, Plymouth County Retirement Association and Electrical Workers Pension Fund, Local 103, I.B.E.W are Class Representatives for the Class.  Consistent

with the Court's February 28, 2022 and May 6, 2022 Orders, Bernstein Liebhard LLP and Labaton Sucharow LLP are Co-Class Counsel for the Class.

4.      **Settlement Hearing**.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____May 24_____, 2023, at 10 : 00  a.m., in Courtroom 2D, Martin Luther King Building, U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be finally approved by the Court;

(b)      to determine whether a judgment substantially in the form of the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation, or Alternative Judgment, if applicable, should be entered, dismissing the Action with prejudice against Defendants;

(c)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)      to consider Co-Class Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e)      to rule upon such other matters as the Court may deem appropriate.

5.      The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment or Alternative Judgment, if applicable,

approving the Settlement regardless of whether it has approved the Plan of Allocation or Co-Class Counsel's application for an award of attorneys' fees and Litigation Expenses or otherwise awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Class.  Any such changes shall be posted on the website for the Settlement.

6.     **Approval of Form and Manner of Giving Notice**.  The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

7.     **Retention of Claims Administrator**.  The Court approves the retention of JND Legal Administration as the Claims Administrator.  The Claims Administrator shall commence the mailing, by first-class mail, postage prepaid, of the Notice and the Claim Form (together the "Notice Packet"), substantially in the forms annexed hereto, on or before fifteen (15) business

days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort. Conduent, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Class Counsel, or the Claims Administrator, within ten (10) calendar days of entry of this Order and at no cost to Co-Class Counsel or the Claims Administrator, records from Conduent's transfer agents in electronic searchable form, to the extent readily available, containing the names and addresses of Persons who purchased Conduent publicly traded common stock on the open market on a United States stock exchange during the Class Period.

8.      **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired Conduent publicly traded common stock on the open market on a United States stock exchange during the Class Period, as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice Packet promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, request from the Claims Administrator sufficient copies to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices Packets from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any

further notices that may be provided in the Action. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

9. Co-Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

10. **Approval of Summary Notice**. The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and be transmitted once over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

11. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12.     **CAFA Notice**.  Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

13.     **Participation in Settlement**.  In order for a claimant to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, a claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as indicated in the Notice, postmarked or received no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Co-Class Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.

(b)     Any Class Member who does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived any right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement

7

and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein; and (d) will be permanently barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

(c)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraphs; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Class Counsel and Defendants' Counsel,

at the addresses set forth in Paragraph 17 below, such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, or as the Court may otherwise direct.  If any Class Member does not enter an appearance, he, she or it will be represented by Co-Class Counsel.

15.    **Exclusion from Class**.  Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner that is accepted by the Court, as hereinafter provided.  A putative Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, email, and telephone number of the Person seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person, and must state that the sender requests to be "excluded from the Class in *In re Conduent Inc. Sec. Litig.*, No. 19-cv-08237 (D. N.J.)" and must be signed by such Person.  Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Conduent publicly traded common stock on the open market on a United States stock exchange during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Any Person who or which timely and validly requests exclusion from the Class in compliance with the terms stated in this Order shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.      **Objections to Settlement and Appearance at Settlement Hearing**.  Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Class Counsel's application for attorneys' fees and expenses.  Any objections must state: (a) the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *In re Conduent Inc. Sec. Litig.*, No. 19-cv-08237 (D. N.J.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses, the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Class, including the number of shares of publicly traded common stock of Conduent purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional information found in a broker confirmation slip or account statement.  The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers on the Court and has served copies of such objection on Co-Class Counsel and Defendants' Counsel at the addresses set forth below such that the objection is received no later than twenty-one (21) calendar days before the Settlement Hearing:

| | |
|---|---|
| **Court:** | **Clerk of the Court**<br>**U.S. District Court for the District of New Jersey**<br>Martin Luther King Building<br>U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102 |
| **Co-Class Counsel:** | **Bernstein Liebhard LLP**<br>Attn: Michael S. Bigin, Esq.<br>10 East 40th Street<br>New York, NY 10016<br><br>**Labaton Sucharow LLP**<br>Attn: Christine M. Fox, Esq.<br>140 Broadway, NY 10005 |
| **Defendants' Counsel:** | **King & Spalding LLP**<br>Attn: B. Warren Pope, Esq.<br>1180 Peachtree Street, NE   Suite 1600<br>Atlanta, Georgia 30309 |

18.     Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound as more fully set forth in Paragraph 13 above, including by the Judgment or Alternative Judgment to be entered and the releases to be given.

19.     Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their

written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.    Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.    Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, are barred and enjoined from instituting, commencing or prosecuting any and all of the Released Claims against the Released Defendant Parties.

22.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary for the approval of the Settlement, the proposed Plan of Allocation, or Co-Class Counsel's Fee and Expense Application, or to carry out or enforce the terms and conditions of the Stipulation.

23.    **Settlement Administration Fees and Expenses**. As provided in the Stipulation, prior to the Effective Date, Co-Class Counsel may pay a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund in an amount not to exceed $350,000 without further approval from Defendants and without further order of the Court.

24.    **Supporting Papers**.  All papers in support of the Settlement, Plan of Allocation, and Co-Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served by Co-Class Counsel on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.    **Settlement Fund**.  All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

26.    Neither Defendants, Released Defendant Parties, nor Defendants' counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Class Counsel or Class Representatives.

27.    **Termination of Settlement**.  If the Settlement fails to become effective as set forth in the Stipulation or is terminated as set forth in the Stipulation, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 17, 2022.  If the Settlement fails to become effective as set forth in the Stipulation or is terminated as set forth in the Stipulation, then as further set forth in the Stipulation, any portion of the Settlement Amount previously paid and any attorneys' fees and expenses that have been advanced or paid to Plaintiffs' Counsel, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement Amount within ten (10) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Co-Class Counsel.

28.    **Use of this Order**.  Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of

Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Class Representatives,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation or other proceeding, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against Class Representatives of any Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Class Representatives or Class in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

29.    **Jurisdiction**.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this ___27th___ day of ___January___, 2023

BY THE COURT:

_/s/ André M. Espinosa_
Honorable André M. Espinosa
UNITED STATES MAGISTRATE JUDGE
FOR THE DISTRICT OF NEW JERSEY

# Exhibit 1

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-AME<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**If you purchased Conduent Incorporated common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, and were damaged thereby, you may be entitled to a payment from a class action settlement.**

*A Court authorized this Notice.  This is __not__ a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Class.[1]

- If approved by the Court, the Settlement will create a $32 million cash fund, plus earned interest, for the benefit of eligible Class Members, before the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.  This is an average recovery of approximately $0.45 per allegedly damaged share, before these deductions.

- The Settlement resolves claims by Court-appointed Class Representatives Oklahoma Firefighters Pension and Retirement System ("OFPRS"), Plymouth County Retirement Association ("PCRA") and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") (collectively, "Class Representatives"), on behalf of themselves and all other members of the Class (defined below) against Conduent Incorporated ("Conduent" or the "Company"), Ashok Vemuri, and Brian Webb-Walsh (the "Individual Defendants", and together with Conduent the "Defendants" and, together with both Conduent and the Class Representatives, the "Parties").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

---

[1]     The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated ____, 2022 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

EXHIBIT A-1

**PLEASE READ THIS NOTICE CAREFULLY.  It explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**

**If you have any questions about this Notice, the Settlement, or your eligibility, please do not contact Conduent or its counsel.  All questions should be directed to Co-Class Counsel or the Claims Administrator (*see* ¶¶7–8 below).**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2023** | The <u>only</u> way to be eligible to receive a payment from the Settlement.  *See* Question 8 below for details.  If you are a Class Member and you remain in the Class, it is in your best interest to submit a Claim Form, because you will be bound by the Settlement approved by the Court and will give up all Released Claims against the Released Defendants Parties (defined in ¶32 below). |
| **EXCLUDE YOURSELF FROM THE CLASS ON OR BEFORE _____, 2023** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 11 below for details. |
| **OBJECT ON OR BEFORE _____, 2023** | If you do not like the Settlement, the Plan of Allocation, or Co-Class Counsel's Fee and Expense Application, you may write to the Court and explain why you do not like them.  You cannot object if you are not a Class Member or if you have requested exclusion.  *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 2023 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED BY NO LATER THAN _____, 2023** | Ask to speak to the Court at the Settlement Hearing about the Settlement, the Plan of Allocation, or Co-Class Counsel's Fee and Expense Application.  *See* Questions 17- 19 below for details. |
| **DO NOTHING** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible for a payment from the Settlement.  You will, however, be bound by the Judgment and orders entered by the Court, which means that you will give up your right to sue about the claims that are resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

EXHIBIT A-1

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient, as this process can take some time to complete.

SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1.      Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $32,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Class Representatives' damages expert's estimate of the number of shares of Conduent common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.45 per allegedly damaged share.   If the Court approves Co-Class Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.33 per allegedly damaged share. **These average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.**  A Class Member's actual recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) the amount of the Net Settlement Fund; and (iii) when and how many shares of Conduent common stock the Class Member purchased during the Class Period; and (iv) whether and when the Class Member sold Conduct common stock. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Class Representatives were to prevail on each

- 3 -

claim alleged.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members (at all, or in the amount contended by plaintiffs).  The issues on which the Parties disagree also include, for example, whether: (i) Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of Conduent common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors, such as general market, economic and industry conditions, influenced the prices of Conduent common stock during the Class Period.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions or omissions.   While Class Representatives believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Co-Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Co-Class Counsel will also apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel[2] in prosecuting the Action in an amount not to exceed $600,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act

---

[2]      Plaintiffs' Counsel are Labaton Sucharow LLP; Bernstein Liebhard, LLP; Wolf Popper LLP; Thornton Law Firm LLP; and Law Offices of Jan Meyer & Associates, P.C.

of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Class. If the Court approves Co-Class Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are submitted for all shares eligible to participate in the Settlement, will be approximately $0.12 per allegedly damaged share of Conduent common stock. A copy of the Fee and Expense Application will be posted on www. ____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6.      For Defendants, who deny all allegations of wrongdoing or liability and deny that Class Members were damaged, the sole reason for entering into the Settlement is to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

**Identification of Attorneys' Representatives**

7.      Class Representatives and the Class are represented by Co-Class Counsel, Michael S. Bigin, Bernstein Liebhard LLP, 10 East 40th Street, New York, NY 10016, www.bernlieb.com, and Christine M. Fox, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, www.labaton.com; settlementquestions@labaton.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com; or Co-Class Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

9.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Conduent common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, and may be a Class Member.  **Receipt of this Notice does not mean that you are a member of the Class or that you are entitled to receive a payment.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is distributed with this Notice.  *See* Question 8 below.**

10.      The purpose of this Notice is to inform you of the existence of this class action, how you might be affected by it, and how to exclude yourself from the Class, if you wish to do so. This Notice is also being sent to inform you of the terms of the Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and Co-Class Counsel's Fee and Expense Application.

11.      The Court in charge of the Action is the United States District Court for the District of New Jersey, and the case is known as *In re Conduent Inc. Securities Litigation,* No. 2:19-cv-08237-SDW-AME.  The Action is assigned to the Honorable Susan D. Wigenton, U.S.D.J., and the Honorable André M. Espinosa, U.S.M.J.  This Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether

to approve the Settlement.  If the Court approves the Settlement, then payments will be made after any appeals are resolved and after the completion of all claims processing.

| 2.  What is this case about and what has happened so far? |
|---|

12.     In 2016, Conduent was spun-off from Xerox Corporation and became a publicly traded company specializing in providing its clients with business services with expertise in transaction-intensive processing, analytics, and automation.

13.     On September 13, 2019, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions concerning: (i) the status and condition of the Company's legacy Information Technology ("IT") systems and infrastructure; and (ii) whether Conduent's IT infrastructure had been inventoried, or mapped, prior to, and then, during the Class Period, which was a necessary step before the Company could consolidate and migrate its data centers.  The Complaint further alleges that the price of Conduent publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions, and declined when the alleged truth was revealed at the end of the Class Period.

14.     Defendants filed and served their motion to dismiss the Complaint on November 12, 2019.  On December 23, 2019, Lead Plaintiffs opposed the motion to dismiss and on January 13, 2020, Defendants filed and served their reply papers.  On June 5, 2020, the Court denied Defendants' motion to dismiss.

15.     Discovery in the Action commenced promptly after the Court denied Defendants' motion to dismiss.  The Parties made Rule 26(f) disclosures and conducted written discovery in

connection with document requests and interrogatories.  Lead Plaintiffs also issued third-party subpoenas.  Additionally, the Parties engaged experts who provided expert reports and testimony.

16.     On December 7, 2020, Lead Plaintiffs filed their motion to certify the Action as a class action.  Defendants deposed representatives from OFPRS, PCRA and Local 103 in December 2020.  Lead Plaintiffs' market efficiency expert also produced documents in response to a subpoena and was deposed by Defendants in December 2020.

17.     On June 3, 2021, the Parties participated in a mediation with Michelle Yoshida of Phillips ADR.  In advance of the session, the Parties provided detailed mediation statements and exhibits to the mediator, which addressed issues of both liability and damages.  The session ended without a settlement and the Parties agreed to focus on certain discrete topics and to re-convene for a second day of mediation.  The second day of mediation also ended without any agreement being reached.

18.     On February 28, 2022, the Court granted the class certification motion and certified a class consisting of all persons who purchased Conduent common stock on the open market on a United States stock exchange between February 21, 2018 and November 6, 2018, inclusive, and who were damaged thereby.  The Court appointed OFPRS, PCRA, and Local 103 as Class Representatives and Bernstein Liebhard LLP and Thornton Law Firm LLP as Co-Class Counsel.  On May 6, 2022, the Court approved the substitution of Labaton Sucharow LLP for Thornton Law Firm as Co-Class Counsel.

19.     The deadline for substantial completion of all document discovery passed in March 2022.  Class Representatives and Defendants completed voluminous class and fact discovery, which was analyzed by the Parties.

20.     On August 15, 2022, the Parties held a full-day in-person mediation with Robert A. Meyer of JAMS.  In advance of this session, the Parties provided detailed mediation statements

and exhibits to the mediator, which addressed issues of both liability and damages and Conduent's

defenses to all claims.  Following additional extensive arm's-length negotiations, as well as a

second day of additional efforts by the mediator, the Parties reached an agreement in principle to

settle the Action for $32,000,000, subject to the execution of a customary "long form" stipulation

and agreement of settlement and related papers.  The Parties executed the Stipulation, which sets

forth the terms and condition of the Settlement, on _____.  On _____, the Court preliminarily

approved the Settlement, authorized this Notice to be disseminated to Class Members, and

scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **3.  Why is this a class action?** |
| --- |

21.     In a class action, one or more persons or entities (in this case, Class

Representatives), sue on behalf of people and entities who have similar claims.  Together, these

people and entities are a "class," and each is a "class member."   Class actions allow the

adjudication of many individuals' similar claims that might be too small economically to bring as

individual actions.  One court resolves the issues for all class members at the same time, except

for those who exclude themselves, or "opt-out," from the class.

| **4.  What are the reasons for the Settlement?** |
| --- |

22.     The Court did not finally decide in favor of Class Representatives or Defendants.

Instead, both sides agreed to a settlement.  Class Representatives and Co-Class Counsel believe

that the claims asserted in the Action have merit.  They recognize, however, the expense and length

of continued proceedings needed to pursue the claims through trial and appeals, as well as the

difficulties in establishing liability.  In the absence of a settlement, the Parties would present factual

and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve

these issues unfavorably against Class Representatives and the Class.  Class Representatives and

Co-Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

23.    Defendants have denied and continue to deny each and every one of the claims alleged by Class Representatives in the Action, including all claims in the Complaint.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any Defendant in this or any other action or proceeding.

## WHO IS IN THE SETTLEMENT

| **5.  How do I know if I am part of the Class?** |
| --- |

24.    If you are a member of the Class, you are subject to the Settlement, unless you timely take steps to exclude yourself (*see* Question 11 below).  The Class consists of:

*All persons who purchased Conduent common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, and who were damaged thereby.*

25.    If one of your mutual funds purchased Conduent common stock during the Class Period that does not make you a Class Member, although your mutual fund may be. You are a Class Member only if you individually purchased Conduent common stock on the open market on a United States stock exchange during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.   The Parties do not independently have access to your trading information. **PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.**

26.    **If you wish to be eligible for a payment from the Settlement, you must submit the Claim Form that is being distributed with this Notice.  *See* Question 8, below.**

| 6.  Are there exceptions to being included? |
|---|

27.     Yes.  There are some individuals and entities who are excluded from the Class by definition.  Excluded from the Class are: (i) Conduent Incorporated and its officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest or are a parent; and (2) Defendants, their Immediate Family members, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any of them has a controlling interest.  Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

**THE SETTLEMENT BENEFITS**

| 7.  What does the Settlement provide? |
|---|

28.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), Defendants have agreed to cause a $32 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Class Members who send in valid and timely Claim Forms.

| 8.  How can I receive a payment? |
|---|

29.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the website dedicated to the Settlement: www._____.com, or from Co-Class Counsel's websites: www.bernlieb.com and www.labaton.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

30.     Please read the instructions contained in the Claim Form carefully.  Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www._____.com.  Claim Forms must be **postmarked (if mailed) or received no later than _____, 2023.**

| **9.  When will I receive my payment?** |
| --- |

31.     The Court will hold a Settlement Hearing on _____, **2023** to decide, among other things, whether to finally approve the Settlement.  Even if the Settlement is approved, there may be appeals, which can take time to resolve, perhaps more than a year.  It also takes a long time for all Claim Forms to be accurately reviewed and processed.  Please be patient.

| **10.  What am I giving up to receive a payment and by staying in the Class?** |
| --- |

32.     If you are a Class Member, and do not timely and validly exclude yourself from the Class (*see* Question 11 below), you will remain in the Class and be bound by all orders issued by the Court.  If the Settlement is approved, the Court will enter the Judgment.  The Judgment will dismiss the Action with prejudice and will provide that, upon the Effective Date of the Settlement (*see* ¶34 below), Class Representatives and each of the other Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Claims (as defined in ¶32(a) below) against the Defendants and the other Released Defendant Parties (as defined in ¶32(b) below), and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties.

(a)     **"Released Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature

or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Class Representatives or any other member of the Class: (a) asserted in any complaint filed in the Action; or (b) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of, both (1) the allegations, transactions, facts, matters, events, occurrences, representations, disclosures, non-disclosures, statements, acts or omissions or failures to act that were involved, set forth, or referred to in any of the complaints or documents and other discovery in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment, and  (2) the purchase or acquisition of Conduent common stock on the open market on a United States stock exchange during the Class Period.  For the avoidance of doubt, Released Claims do not include: (1) claims to enforce the Settlement; and (2) claims in any present or future derivative litigation, including, without limitation: (i) *In re Conduent Incorporated Stockholder Derivative Litigation*, 1:20-cv-10964-MKV (S.D.N.Y.); and (ii) *In re Conduent Incorporated Stockholder Derivative Litigation*, Lead Case No. 650903/2021, in the Supreme Court for the State of New York.

(b)      **"Released Defendant Party"** or **"Released Defendant Parties"** means Defendants and each of their respective former, present, or future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, principals, assigns, assignees, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, Immediate Family, receivers and trustees, trusts, settlors, beneficiaries, Officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, partnerships, insurers, reinsurers, legal or personal representatives, attorneys, legal representatives, auditors, accountants, advisors, and successors-in-interest, in their capacities as such.

(c)      "**Unknown Claims**" means any and all Released Claims that Class Representatives and any other members of the Class do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all

Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Class Representatives and Defendants acknowledge, and all Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

33.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

34.     Upon the "Effective Date," Defendants will also provide a release of any claims against Class Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

35.     Additionally, among other things, the Preliminary Approval Order entered by the Court provides that all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation are stayed, and pending a final determination of whether the Settlement should be finally approved, Class Representatives and all other members of the Class are barred and enjoined from commencing or prosecuting any and all of the Released Claims against each and all of Released Defendant Parties.

## EXCLUDING YOURSELF FROM THE CLASS

36.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  Defendants have the right to terminate the Settlement if the number of valid requests for exclusion exceeds an amount agreed to by Class Representatives and Defendants.  **Please note:** If

you decide to exclude yourself, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

| **11.  How do I exclude myself from the Class?** |
|---|

37.     To exclude yourself from the Class, you must mail a signed letter stating that you request to be "excluded from the Class in *In re Conduent Inc. Securities Litigation,* No. 19-cv-08237 (D.N.J.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, e-mail address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares purchased, acquired, and sold on the open market on a United States stock exchange during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  Only members of the Class can request exclusion.  A request for exclusion must be mailed so that it is **received no later than _____, 2023** at:

*Conduent Securities Litigation*
c/o _____
P.O. Box _____
_____

You will not be able to exclude yourself after this date, unless allowed by the Court.

38.     This information is needed to determine whether you are a member of the Class. **Remember, you are only a Class Member if you purchased Conduent common stock on the open market on a United States stock exchange during the Class Period.**  Your exclusion request must comply with all of these requirements in order to be valid, and be received within the time stated above, unless otherwise allowed by the Court.

39.     If you do not want to be part of the Class, you must follow these instructions for

EXHIBIT A-1

exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any of the Released Claims against any of the Released Defendant Parties.

40.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **12.** | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

41.     No.  If you are a member of the Class, unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2023.**

### THE LAWYERS REPRESENTING YOU

| **13.  Do I have a lawyer in this case?** |
|---|

42.     Bernstein Liebhard LLP and Labaton Sucharow LLP are Co-Class Counsel in the Action.  Co-Class Counsel along with Wolf Popper LLP; Thornton Law Firm LLP; and Law Offices of Jan Meyer & Associates, P.C. are Plaintiffs' Counsel.  Co-Class Counsel represent all Class Members.  You will not be separately charged for the work of Co-Class Counsel and the other Plaintiffs' Counsel.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.

43.     If you want to be represented by your own lawyer, you may hire one at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel

must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "How do I tell the Court that I do not like something about the proposed Settlement?"

| 14.  How will the lawyers be paid? |
|---|

44.     Co-Class Counsel, together with the other Plaintiffs' Counsel, have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Co-Class Counsel, on behalf of themselves and the other Plaintiffs' Counsel, will seek an attorneys' fee award of no more than 25% of the Settlement Fund, which will include accrued interest.  Co-Class Counsel have agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel. Payment to Plaintiffs' Counsel will in no way increase the fees that are deducted from the Settlement Fund.  Co-Class Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $600,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Class.  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| 15.  How do I tell the Court that I do not like something about the proposed Settlement? |
|---|

45.     If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or Co-Class Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the

Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

46.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re Conduent Inc. Securities Litigation,* No.19-cv-08237 (D.N.J.)."  The objection must also: (i) state the name, address, e-mail address and telephone number of the objector and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or the entire Class, any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares purchased, acquired and sold on the open market on a United States stock exchange during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale.  Your objection must be filed with the Court at the address below **no later than _____, 2023 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2023.**

| <u>Court</u> | <u>Co-Class Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| **Clerk of the Court** | **Bernstein Liebhard LLP** | **King & Spalding LLP** |
| Martin Luther King Building | Michael S. Bigin, Esq. | B. Warren Pope, Esq. |
| & U.S. Courthouse | 10 East 40th Street | 1180 Peachtree Street, NE |
| 50 Walnut Street, Room 4015 | New York, NY  10006 | Suite 1600 |
| Newark, NJ  07102 | | Atlanta, GA  30309 |
| | **Labaton Sucharow LLP** | |
| | Christine M. Fox, Esq. | |
| | 140 Broadway | |
| | New York, NY  10005 | |

47.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has complied with the procedures described in this Question 15 and below in Question 19 may appear at the Settlement Hearing and

be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

48.     Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Class Counsel's Fee and Expense Application.

**16.  What is the difference between objecting and seeking exclusion?**

49.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Class Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

**17.  When and where will the Court decide whether to approve the proposed Settlement?**

50.     The Court will hold the Settlement Hearing on _____, 2023 at ____ _.m., at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom 2D, Newark, NJ 07102, or remotely using directions that will be posted in advance on the Settlement website, at the Court's discretion.

51.     At this hearing, the Honorable André M. Espinosa will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Class Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.  We do not know how long it will take the Court to make these decisions.

52.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Co-Class Counsel or visit the settlement website, www._____.com, beforehand to be sure that the hearing date and/or time has not changed.

**18.  Do I have to come to the Settlement Hearing?**

53.     No. You can participate in the Settlement without attending the Settlement Hearing.  Co-Class Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2023**.

**19.  May I speak at the Settlement Hearing?**

54.     If you are a member of the Class, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2023**, submit a statement to the Court, Co-Class Counsel, and Defendants' Counsel that you, or your attorney, intend to appear in "*In re Conduent Inc. Securities Litigation,* No.19-cv-08237 (D.N.J.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak in accordance with the procedures described in this Question 19 and Question 15 above.

EXHIBIT A-1

## IF YOU DO NOTHING

| **20.  What happens if I do nothing at all?** |
| --- |

55.      If you do nothing and you are a member of the Class, you will receive no money from this Settlement, and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).   To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| **21.  Are there more details about the Settlement?** |
| --- |

56.      This Notice contains only a summary of the proposed Settlement.  More details are contained in the Stipulation.  For more information about the matters involved in this case, you may review the papers on file with the Court.  You may review the Stipulation and other documents filed with the Court during business hours at the Office of the Clerk of the Court, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ  07102.  (Please check the Court's website, www.njd.uscourts.gov for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

57.      You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com, or the website of Co-Class Counsel, www.bernlieb.com and www.labaton.com.  You may also call the Claims Administrator toll free at (_____) ____-

EXHIBIT A-1

_____   or   write   to   the   Claims   Administrator   at   *Conduent   Securities   Litigation,*

c/o_____.   **Please do not call the Court with questions about the Settlement.**

<strong>PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND</strong>

| **22.  How will my claim be calculated?** |
| --- |

58.     The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the

plan for the distribution of the Settlement proceeds that is being proposed by Class Representatives

and Co-Class Counsel to the Court for approval.  The Court may approve this Plan of Allocation

or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation

will be posted on the Settlement website at: _____ and at www.bernlieb.com and

www.labaton.com.

59.     The Settlement Amount and the interest it earns is the "Settlement Fund."  The

Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and

Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net

Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class who

timely submit valid Claim Forms that show a Recognized Claim according to the Plan of

Allocation approved by the Court.

60.     The Claims Administrator shall determine each Authorized Claimant's *pro rata*

share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

The Recognized Claim formula is not intended to be an estimate of the amount a Class Member

might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to

Authorized Claimants pursuant to the Settlement.  The Recognized Claim formula is the basis

upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

61.     The objective of this Plan of Allocation is to equitably distribute the Net

Settlement Fund among Authorized Claimants who suffered economic losses as a result of the

- 23 -

alleged violations of the federal securities laws during the Class Period (February 21, 2018 through November 6, 2018).  To design this Plan, Co-Class Counsel conferred with their damages expert. The Plan of Allocation, however, is not a formal damages analysis.

62.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Class Representatives allege that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of Conduent common stock.  It is alleged that corrective information released to the market on November 7, 2018 prior to market open impacted the market price of Conduent common stock that day in a statistically significant manner and removed alleged artificial inflation from the Conduent common stock share price.  Accordingly, in order to have a compensable loss in this Settlement, shares of Conduent common stock must have been purchased on the open market, on a U.S. exchange, during the Class Period and held through November 6, 2018.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

63.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Conduent common stock will first be matched on a First In/First Out ("FIFO") basis.

64.     A "Recognized Loss Amount" will be calculated as set forth for each purchase of Conduent common stock during the Class Period from February 21, 2018 through and including November 6, 2018 that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a

negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

65.  For each share of Conduent common stock purchased during the Class Period and sold before the close of trading on February 4, 2019, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

66.  **For each share of Conduent common stock purchased on the open market on a United States stock exchange from February 21, 2018 through and including November 6, 2018, and:**

A.  Sold before November 7, 2018, the Recognized Loss Amount for each such share shall be zero.

B.  Sold during the period from November 7, 2018 through February 4, 2019, the Recognized Loss Amount for each such share shall be ***the least of***:

1.  $5.83; or

2.  the actual purchase/acquisition price of each such share _minus_ the average closing price from November 7, 2018, up to the date of sale as set forth in **Table 1** below; or

3.  the Out of Pocket Loss.

C.  Held as of the close of trading on February 4, 2019, the Recognized Loss Amount for each such share shall be ***the lesser of***:

1.  $5.83; or

2.  the actual purchase/acquisition price of each such share _minus_ $12.12.[3]

---

[3]   Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."   Consistent with these requirements, Recognized Loss Amounts are reduced to an

EXHIBIT A-1

## ADDITIONAL PROVISIONS

67.　　If a Class Member has more than one purchase/acquisition or sale of Conduent common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

68.　　Purchases or acquisitions and sales of Conduent common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.  The receipt or grant by gift, inheritance or operation of law of Conduent common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of these shares of Conduent common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Conduent common stock unless (i) the donor or decedent purchased such shares of Conduent common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Conduent common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

69.　　In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

---

appropriate extent by taking into account the closing prices of Conduent common stock during the "90-day look-back period," November 7, 2018 through February 4, 2019.  The mean (average) closing price for Conduent common stock during this 90-day look-back period was $12.12.

70.     In the event that a Claimant has an opening short position in Conduent common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

71.     Conduent common stock purchased on the open market on a United States stock exchange is the only security eligible for recovery under the Plan of Allocation.  With respect to Conduent common stock purchased or sold through the exercise of an option, the purchase/sale date of the Conduent common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

72.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

73.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

74.     Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

75.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Lead Plaintiffs, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Lead Plaintiffs, shall be donated to the Consumer Federation of America, or a non-profit and non-sectarian organization(s).

76.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Class Representatives, Co-Class Counsel, their damages expert, Claims Administrator, or other agent designated by Co-Class Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.

77.     Class Representatives, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## TABLE 1

**Conduent Common Stock Closing Price and Average Closing Price**
**November 7, 2018 – February 4, 2019**

| Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown | Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2018 | $13.62 | $13.62 | 12/21/2018 | $10.01 | $12.46 |
| 11/8/2018 | $13.22 | $13.42 | 12/24/2018 | $9.83 | $12.38 |
| 11/9/2018 | $13.04 | $13.29 | 12/26/2018 | $10.47 | $12.32 |
| 11/12/2018 | $13.85 | $13.43 | 12/27/2018 | $10.64 | $12.27 |
| 11/13/2018 | $13.35 | $13.42 | 12/28/2018 | $10.59 | $12.23 |
| 11/14/2018 | $13.00 | $13.35 | 12/31/2018 | $10.63 | $12.18 |
| 11/15/2018 | $13.28 | $13.34 | 1/2/2019 | $10.75 | $12.14 |
| 11/16/2018 | $13.34 | $13.34 | 1/3/2019 | $10.59 | $12.10 |
| 11/19/2018 | $13.25 | $13.33 | 1/4/2019 | $10.99 | $12.07 |
| 11/20/2018 | $13.09 | $13.30 | 1/7/2019 | $11.30 | $12.05 |
| 11/21/2018 | $13.35 | $13.31 | 1/8/2019 | $11.53 | $12.04 |
| 11/23/2018 | $13.31 | $13.31 | 1/9/2019 | $11.69 | $12.03 |
| 11/26/2018 | $13.25 | $13.30 | 1/10/2019 | $11.84 | $12.03 |
| 11/27/2018 | $13.19 | $13.30 | 1/11/2019 | $11.88 | $12.03 |
| 11/28/2018 | $13.13 | $13.28 | 1/14/2019 | $11.94 | $12.02 |
| 11/29/2018 | $13.14 | $13.28 | 1/15/2019 | $11.99 | $12.02 |
| 11/30/2018 | $12.82 | $13.25 | 1/16/2019 | $11.80 | $12.02 |
| 12/3/2018 | $13.25 | $13.25 | 1/17/2019 | $12.03 | $12.02 |
| 12/4/2018 | $12.99 | $13.24 | 1/18/2019 | $12.21 | $12.02 |
| 12/6/2018 | $12.30 | $13.19 | 1/22/2019 | $11.99 | $12.02 |
| 12/7/2018 | $11.96 | $13.13 | 1/23/2019 | $12.24 | $12.03 |
| 12/10/2018 | $11.62 | $13.06 | 1/24/2019 | $12.43 | $12.03 |
| 12/11/2018 | $11.53 | $12.99 | 1/25/2019 | $12.84 | $12.05 |

| Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown | | Date | Closing Price | Average Closing Price Between November 7, 2018 and Date Shown |
|---|---|---|---|---|---|---|
| 12/12/2018 | $11.68 | $12.94 | | 1/28/2019 | $12.71 | $12.06 |
| 12/13/2018 | $11.26 | $12.87 | | 1/29/2019 | $12.67 | $12.07 |
| 12/14/2018 | $11.09 | $12.80 | | 1/30/2019 | $12.58 | $12.08 |
| 12/17/2018 | $10.98 | $12.74 | | 1/31/2019 | $12.75 | $12.09 |
| 12/18/2018 | $10.90 | $12.67 | | 2/1/2019 | $12.81 | $12.11 |
| 12/19/2018 | $10.91 | $12.61 | | 2/4/2019 | $12.98 | $12.12 |
| 12/20/2018 | $10.66 | $12.55 | | | | |

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

78.     If you purchased Conduent common stock on the open market on a United States stock exchange during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased Conduent common stock on the open market on a United States stock exchange during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all such beneficial owners of those securities.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection

EXHIBIT A-1

with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Conduent Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2022                    BY ORDER OF DISTRICT COURT FOR
                                         THE DISTRICT OF NEW JERSEY

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-AME<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |

<u>**PROOF OF CLAIM AND RELEASE FORM**</u>

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a member of the Class based on your claims in the class action entitled *In re Conduent Inc. Sec. Litig.*, No. 19-cv-08237 (D.N.J.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.      **THIS  CLAIM  FORM  MUST  BE  SUBMITTED  ONLINE  AT WWW.___.COM  NO  LATER  THAN  _____, 2023  OR,  IF  MAILED,  BE POSTMARKED NO LATER THAN _____, 2023, ADDRESSED AS FOLLOWS:**

*Conduent Securities Litigation*
c/o _____
P.O. Box ___
_____
____
Tel.: ( )___-__
[email]
www._____.com

3.      If you are a member of the Class and you do not timely request exclusion in response to the Notice dated _____, 2022, you will be bound by and subject to the terms of

any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.   CLAIMANT IDENTIFICATION

4.      If you purchased Conduent common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased Conduent common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Conduent common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   IDENTIFICATION OF TRANSACTIONS

7.      Use **Part II** of this form entitled "Schedule of Transactions in Conduent Common Stock" to supply all required details of your transaction(s) in Conduent common stock purchased on the open market on a United States stock exchange during the Class Period, whether the transactions resulted in a profit or a loss.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and

2

print or type your name on each additional sheet.  Failure to report all transactions may result in the rejection of your claim.

8.      The date of covering a "short sale" is deemed to be the date of purchase of Conduent common stock.  The date of a "short sale" is deemed to be the date of sale.

9.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN CONDUENT COMMON STOCK.**

10.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at (___) ___-___ or at [email] to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                       MI           Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                    MI           Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                          State    ZIP/Postal Code

Foreign Country (only if not USA)                         Foreign County (only if not USA)

Social Security Number (last four digits only)     Taxpayer Identification Number (last four digits only)

**OR**

Telephone Number (home)                           Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
      Individual (includes joint owner accounts)     Pension Plan       Trust
      Corporation     Estate
      IRA/401K     Other _____ (please specify)

4

**PART II:**  **SCHEDULE OF TRANSACTIONS IN CONDUENT COMMON STOCK**

**1. BEGINNING HOLDINGS -** State the total number of shares of Conduent common stock held at the opening of trading on February 21, 2018.  If none, write "0" or "Zero." (Must submit documentation.) _____

**2.  PURCHASES DURING THE CLASS PERIOD** – Separately list each and every purchase of Conduent common stock on the open market on a United States stock exchange from the opening of trading on February 21, 2018 through November 6, 2018.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  PURCHASES DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Conduent common stock purchased on the open market on a United States stock exchange from November 7, 2018 through February 4, 2019.[1]  (Must submit documentation.)
_____

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of Conduent common stock from February 21, 2018 through and including the close of trading on February 4, 2019.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Conduent common stock held as of the close of trading on February 4, 2019.  If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested in this Claim Form with respect to your transactions from November 7, 2018 through February 4, 2018 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period.

5

## IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

11.     By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Conduent common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Conduent common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.      RELEASES, WARRANTIES, AND CERTIFICATION

12.     I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

13.     As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

14.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

15.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Conduent common stock on the open market on a United States exchange that occurred during the Class Period and the number of shares held by me (us), to the extent requested.

16.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2023

_____           _____
Signature of Claimant                      Type or print name of Claimant

_____           _____
Signature of Joint Claimant, if any        Type or print name of Joint Claimant

_____           _____
Signature of person signing on behalf      Type or print name of person signing
of Claimant                                on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g.,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (___) ___-___.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-AME<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS**
**ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons who purchased Conduent common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, and who were damaged thereby (the "Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED**
**BY A PENDING CLASS ACTION LAWSUIT**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that Class Representatives Oklahoma Firefighters Pension and Retirement System ("OFPRS"), Plymouth County Retirement Association ("PCRA") and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") (collectively, "Class Representatives"), on behalf of themselves and all members of the Class, and Defendants Conduent Incorporated, Ashok Vemuri, and Brian Webb-Walsh (collectively, "Defendants" and, together with Class Representatives, the "Parties"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $32,000,000 (the "Settlement").

A hearing will be held before the Honorable André M. Espinosa, either in person or remotely in the Court's discretion, on _____, 2023, at ____ ____.m. in Courtroom 2D of the Martin Luther King Building & U.S. Courthouse, United States District Court for the District of

New Jersey, 50 Walnut Street, Newark, NJ 07102 (the "Settlement Hearing") to determine: (i) whether the Court should approve the proposed Settlement as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified in the Stipulation and Agreement of Settlement, dated _____ ___, 2022 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") should be approved; and (iv) whether Co-Class Counsel's Fee and Expense Application should be approved.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Conduent Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
____ ____-_____

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Class Counsel:

**BERNSTEIN LIEBARD LLP**
Michael S. Bigin, Esq.
10 East 40th Street
New York, NY  10006
www.bernlieb.com
212-779-1414

**LABATON SUCHAROW LLP**
Christine M. Fox, Esq.
140 Broadway
New York, NY  10005
settlementquestions@labaton.com
888-219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2023.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than _____ __, 2023.* If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than _____ __, 2023*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.  ALL QUESTIONS ABOUT THE PROPOSED SETTLEMENT OR YOUR ELIGIBILITY TO PARTICPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO CO-CLASS COUNSEL OR THE CLAIMS ADMINISTRATOR USING THE CONTACT INFORMATION ABOVE.**

DATED: _____, 2022          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          DISTRICT OF NEW JERSEY