**EXHIBIT 11**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE CONDUENT INC. SECURITIES
LITIGATION

Case No.: 2:19-cv-08237-SDW-AME

Hon. Susan D. Wigenton, U.S.D.J.
Hon. André M. Espinosa, U.S.M.J.

## DECLARATION OF TIMOTHY J. SMYTH IN SUPPORT OF APPROVAL OF PROWPOSED CLASS ACTION SETTLEMENT AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES

I, Timothy J. Smyth, declare as follows:

1.    I am the Executive Director of Court-appointed Class Representative Plymouth County Retirement Association ("PCRA"), one of the Class Representatives in this certified securities class action (the "Action").[1]  I respectfully submit this declaration in support of final approval of the proposed settlement of the Action for $32,000,000 (the "Settlement"), approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement, and approval of Co-Class Counsel's request for attorneys' fees and expenses.  I also respectfully submit this declaration in support of an award to PCRA, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in connection with the time I, my predecessor David Sullivan, and other PCRA staff members, dedicated, on behalf of PCRA, to the representation of the Class.  I have personal knowledge of the statements herein or they are based on information gathered from PCRA staff, my predecessor David Sullivan, and counsel, and, if called as a witness, I could competently testify thereto.

2.    PCRA, along with three other plaintiffs, moved for appointment as lead plaintiff in the Action on May 7, 2019.  PCRA was appointed as one of the Lead Plaintiffs on July 15, 2019 and as a Class Representative on February 28, 2022.  During the course of the litigation, PCRA assisted Co-Class Counsel with the prosecution of the claims on behalf of the Class.  In that regard, we (a) regularly communicated with counsel regarding the posture and progress of the Action; (b) reviewed pleadings, motions, and briefs filed in the Action; (c) assisted with PCRA's preservation, collection and production of documents

---

[1] Unless otherwise indicated, capitalized terms have those meanings contained in the Stipulation and Agreement of Settlement, dated as of December 1, 2022.

to Defendants; and (d) Mr. Sullivan sat for a deposition on December 10, 2020 in connection with the motion for class certification.

3.      Additionally, I consulted with my counsel concerning the mediation and authorized Co-Class Counsel to settle the Action.  In making the determination that the Settlement represented a fair, reasonable, and adequate result for the Class, together with counsel, PCRA weighed the substantial benefits to the Class against the significant risks and uncertainties of continued litigation. After doing so, PCRA believes that the Settlement represents a favorable recovery, and that final approval of the Settlement is in the best interest of the Class.

4.      PCRA also believes that Co-Class Counsel's request, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable under the circumstances of this case.  We have evaluated Co-Class Counsel's request in light of the effort required to pursue the case to date, the risks and challenges in the litigation, as well as the recovery obtained for the Class.  PCRA understands that Plaintiffs' Counsel will also devote additional time in the future to administering the Settlement.  PCRA further believes that the Litigation Expenses requested are reasonable and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case.  Based on the foregoing, PCRA fully supports Co-Class Counsel's motion for attorneys' fees and payment of Litigation Expenses.

5.      I understand the Court may make an award to PCRA relating to its representation of the Class.  Accordingly, on behalf of PCRA, I am requesting the amount of $5,000 in connection with PCRA's efforts in the Action.  This request is based on the

- 2 -

time that current and former representatives of PCRA devoted to the litigation, including, but not limited to, time spent consulting with counsel regarding the Complaint; reviewing draft pleadings and motion papers; participating in document preservation, collection and production; sitting for a deposition; and assisting with the mediation. The time spent on this case was time that we would have otherwise devoted to the regular business of PCRA and thus represented a cost to PCRA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 7th day of April, 2023.

Timothy J. Smyth, Executive Director