# EXHIBIT 12

# Compendium of Unreported Cases

*Alaska Elec. Pension Fund. v. Pharmacia Corp.*,
 No. 03-1519, slip op.  (D.N.J. Jan. 30, 2013) ........................................................................1

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin. Inc.*,
 No. 2:12-cv-05275-MCA-LDW, slip op. (D.N.J. Sept. 29, 2016) ........................................2

*In re Heckman Corp. Sec. Litig.*,
 No. 1:10-cv-00378-LPS-MPT, slip op. (D. Del. June 26, 2015) ..........................................3

*In re Novo Nordisk Sec. Litig.*,
 No. 3:17-cv-209, slip op. (D.N.J. July 13, 2022) ..................................................................4

*Pepe v. Cocrystal Pharma, Inc.*,
 No. 2:18-cv-14091-KM-JBC, Slip op. (D.N.J. Dec. 16, 2020) ..............................................5

*In re PTC Therapeutics, Inc. Sec. Litig.*,
 No. 16-1224, slip op. (D.N.J. Sept. 10, 2018) .......................................................................6

*In re Veritas Software Corp. Sec. Litig.*,
 No. 1:04-cv-00831-SLR, slip op. (D. Del. Aug. 5, 2008) ......................................................7

# TAB 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

ALASKA ELECTRICAL PENSION
FUND, et al., On Behalf of Themselves
and All Others Similarly Situated,

               Plaintiffs,

vs.

PHARMACIA CORPORATION, et al.,

               Defendants.

No. 03-1519 (AET)
**(Consolidated)**

<u>CLASS ACTION</u>

**ORDER AWARDING PLAINTIFFS'
COUNSEL'S ATTORNEYS' FEES
AND EXPENSES**

DATE:     January 30, 2013
TIME:     10:00 a.m.
CTRM:   The Honorable
             Anne E. Thompson

RECEIVED

JAN 30 2013

AT 8:30_____M
WILLIAM T. WALSH CLERK

804441_1

THIS MATTER having come before the Court on January 30, 2013, on the motion of Lead Counsel for an award of attorneys' fees and expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of October 5, 2012 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Class Counsel are entitled to a fee paid out of the common fund created for the benefit of the Class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits when a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is proper. *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Third Circuit expressly recognizes that a percentage-of-the-fund is the preferred method of determining fees in a common fund case. *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 n.39 (3d. Cir. 1995). Moreover, the Private Securities Litigation Reform Act of 1995 ("PSLRA") embodies a clear

- 1 -

804441_1

policy preference for awarding fees through the percentage-of-the-fund method. *See In re Cendant Sec. Litig.*, 404 F.3d 178, 188 n.7 (3d Cir. 2005).

4.     Lead Counsel have moved for an award of attorneys' fees of 27.5% of the Settlement Amount, plus interest.

5.     This Court adopts the percentage-of-recovery method of awarding fees in this case.

6.     The Court hereby awards attorneys' fees of 27.5% of the Settlement Amount, plus expenses of $3,439,536.90, plus any interest on said amounts at the same rate as earned on the Settlement Amount.  The Court finds the amount of the fees and expenses to be fair and reasonable.  The Court further finds that a fee award of 27.5% of the Settlement Amount is consistent with awards made in similar cases and in accordance with guidance provided by the Third Circuit.

7.     The Court further finds that the amount of fees awarded is fair and reasonable when cross checked under the lodestar/multiplier method, given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class.

8.     The awarded fees and expenses shall be allocated among Plaintiffs' counsel by Lead Counsel in a manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation.

804441_1

9.     In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).  In evaluating the *Gunter* factors, the Court finds that:

(a)     Class Counsel expended considerable effort and resources over the course of the Litigation researching, investigating, and prosecuting Lead Plaintiffs' claims.  The services provided by Class Counsel were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk, and delay of continued litigation.  Such efficiency and effectiveness supports the requested fee percentage.

(b)     Cases brought under the federal securities laws are notably difficult and notoriously uncertain.  *See, e.g.*, *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006).  "[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA."  *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000).  This case was not aided by any governmental investigation.  Despite the novelty and difficulty of the issues raised, Class Counsel secured a very good result for the Class.

(c)     The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Class Counsel's representation of the Class supports the requested fee.  Class Counsel demonstrated

- 3 -

804441_1

that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Class Counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Class Counsel were able to negotiate a very favorable result for the Class. Class Counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. Their efforts in efficiently bringing the Litigation to a successful conclusion are a significant indicator of the experience and ability of the attorneys involved. In addition, Defendants were represented by highly experienced lawyers. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by Lead Plaintiffs' attorneys. The ability of Class Counsel to obtain such a favorable settlement for the Class in the face of such formidable opposition confirms the superior quality of their representation and the reasonableness of the fee request.

(d)     The requested fee of 27.5% of the Settlement Amount is within the range normally awarded in cases of this nature.

(e)     Plaintiffs' counsel's total lodestar is $27,071,101.50. A 27.5% fee represents a multiplier of 1.67 to their aggregate lodestar.

10.     The awarded attorneys' fees and expenses, and any interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund pursuant to the

- 4 -

804441_1

terms, conditions and obligations of the Stipulation, and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

11. The Court finds that, pursuant to 15 U.S.C. §78u-4(a)(4), an award of reasonable costs and expenses (including lost wages) to Lead Plaintiffs in connection with their representation of the Class is appropriate. Lead Plaintiffs Alaska Electrical Pension Fund, PACE Industry Union-Management Pension Fund and New England Health Care Employees Pension Fund, are hereby awarded $6,608.92, $15,941.98 and $10,500.00, respectively.

12. The Court has considered the objection to the fee award submitted by William T. Zorn, and finds that it is without merit, and overrules it in its entirety.

IT IS SO ORDERED.

DATED: 1/30/13 _____
THE HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

804441_1

# TAB 2

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel for Plaintiff


UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>PRUDENTIAL FINANCIAL, INC., et al.,<br><br>        Defendants. | No. 2:12-cv-05275-MCA-LDW<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' EXPENSES |

1188298_1

THIS MATTER having come before the Court on September 28, 2016, on Plaintiffs' counsel's motion for an award of attorneys' fees and expenses and Plaintiffs' expenses, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this class action (the "Litigation") to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement filed with the Court. *See* Dkt. No. 425-2.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3. The Court hereby awards to Lead Counsel attorneys' fees of 30% of the Settlement Amount, an amount totaling $9,900,000, as well as litigation expenses totaling $798,955.79, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4. The Court hereby awards $10,500, $1,500 and $7,200 to Plaintiffs National Shopmen Pension Fund, Heavy & General Laborers' Locals 472 & 172 Pension and Annuity Funds and Roofers Local No. 149 Pension Fund, respectively.

- 1 -

1188298_1

The Court finds that these awards are fair and reasonable in light of Plaintiffs' significant time commitments on behalf of the Class.

5.    The fees and expenses shall be allocated among Plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the prosecution and settlement of the Litigation.

6.    Awarded attorneys' fees and expenses and Plaintiffs' awards shall immediately be paid to Lead Counsel and Plaintiffs subject to the terms, conditions, and obligations of the Stipulation of Settlement.

IT IS SO ORDERED.

DATED: ___Sept 15-16___    _____

THE HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

1188298_1

- 2 -

# TAB 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE HECKMANN CORPORATION
SECURITIES LITIGATION

Case No. 1:10-cv-00378-LPS-MPT

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter having come before the Court for hearing on June 26, 2014 (the "Final Approval Hearing") on Co-Lead Counsel's Application for an Award of Attorneys' Fees and Litigation Expenses and Reimbursement of Costs to Lead Plaintiff (D.I. 297), and the Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the application for an award of attorneys' fees, litigation expenses and reimbursement of costs to Lead Plaintiff, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of March 4, 2014 (D.I. 287) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

1

3.     Notice of Co-Lead Counsel's Application for an Award of Attorneys' Fees and Litigation Expenses and Reimbursement of Costs to Lead Plaintiff was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for an award of attorneys' fees and reimbursement of litigation expenses and reimbursement of costs to Lead Plaintiff satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, and the requirements of due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 33 1/3% of the Cash Settlement Amount (totaling $4,500,000) and 33 1/3% of the Settlement Shares (totaling 282,663 shares), which sum the Court finds to be fair and reasonable, and $1,007,747.74 in reimbursement of Litigation Expenses, plus interest earned on this amount at the same rate as the Settlement Fund. The foregoing fees and expenses shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

5.     Lead Plaintiff Matthew H. Haberkorn is hereby awarded $58,065.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly relating to his representation of the Settlement Class.

6.     In making this award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund consisting of: (i) $13.5 million in cash; and (ii) 847,990 shares of Nuverra Environmental Solutions, Inc. (f/k/a Heckmann Corporation)

2

common stock. Numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

(b)     The fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated investor that was actively involved in the prosecution and resolution of the Litigation;

(c)     Copies of the Notice were mailed to over 11,500 potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund, reimbursement of Litigation Expenses paid or incurred by Co-Lead Counsel in connection with the prosecution and resolution of the Litigation in an amount not to exceed $1,500,000, plus interest, and reimbursement from the Settlement Fund for costs and expenses incurred by Lead Plaintiff in connection with his representation of the Settlement Class, in an amount not to exceed $60,000. There were no objections to the requested award of attorneys' fees, costs and expenses.

(d)     Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)     The Litigation involves complex factual and legal issues and was actively prosecuted for over 3 ½ years;

(f)     Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Defendants;

(g)     Co-Lead Counsel devoted over 26,800 hours, with a lodestar value of $11,174,447.75, to achieve the Settlement; and

(h)     The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.     The Court finds no reason for delay in the entry of this Order and directs the Clerk to immediately enter this Order.

June 26, 2014

THE HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE

# TAB 4

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE NOVO NORDISK SECURITIES LITIGATION | No. 3:17-cv-00209-ZNQ-LHG |

**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES AND
AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

This matter having come before the Court on July 13, 2022, on Lead Counsel's motion for an award of attorneys' fees and litigation expenses (the "Fee Motion") in the above-captioned action (the "Action"), and the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation") (ECF 311-3), and all capitalized terms used in this Order, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Order, the Fee Motion, and all matters relating thereto, including Class Members.

3.      Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the

- 1 -

Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process clause), and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Plaintiffs' Counsel attorneys' fees of 29% of the Settlement Fund (or $29 million together with interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid), plus litigation expenses in the amount of $2,738,023.93. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5.      The awarded attorneys' fees and expenses shall be paid to Plaintiffs' Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶15 thereof, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of fees and expenses to Plaintiffs' Counsel, the Court has considered and found that:

        (a)      the Settlement has created a fund of $100,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim Forms will benefit from the Settlement created by Plaintiffs' Counsel;

        (b)      over 378,000 copies of the Settlement Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest, and for litigation expenses in an amount not to exceed $3.3 million;

        (c)      Plaintiffs' Counsel have pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

- 2 -

(d) Plaintiffs' Counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Plaintiffs' Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Plaintiffs' Counsel have devoted a total of 123,862 hours, with a lodestar value of $60,856,642.25, to achieve the Settlement;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Third Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

- 3 -

8.      Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiffs Lehigh County Employees' Retirement System, Oklahoma Firefighters Pension and Retirement System, Boston Retirement System, Employees' Pension Plan of the City of Clearwater, and Central States, Southeast and Southwest Pension Fund are awarded $10,410.50, $3,237.50, $8,932.26, $5,343.79, and $12,095.00, respectively, for a total of $40,019.05, for representation of the Class during the Action.

9.      The Court has considered the objection to the fee application filed by Neville Hedley (ECF 354-1) and finds it to be without merit. The objection is overruled in its entirety.

10.      In the event that the Settlement is terminated or the Judgment approving the Settlement does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

11.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED on this __13th__ day of __July__, 2022.

_____
The Honorable Zahid N. Quraishi
United States District Judge

- 4 -

# TAB 5

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY PEPE, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-14091-KM-JBC |
| Plaintiff, | **ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS** |
| v. | |
| COCRYSTAL PHARMA, INC. F/K/A BIOZONE PHARMACEUTICALS, INC., ELLIOT MAZA, GARY WILCOX, JEFFREY MECKLER, GERALD MCGUIRE, JAMES MARTIN, CURTIS DALE, PHILLIP FROST, BARRY C. HONIG, JOHN STETSON, MICHAEL BRAUSER, JOHN O'ROURKE III, MARK GROUSSMAN, BRIAN KELLER, AND JOHN H. FORD, | CLASS ACTION

Hon. Kevin McNulty |
| Defendants. | |

1

WHEREAS, the Court has granted final approval of the Settlement of the above-referenced class action;

WHEREAS, The Rosen Law Firm, P.A. ("Rosen Law"), appointed by the Court as Lead Counsel for the purposes of the Settlement, have petitioned the Court for an award of attorneys' fees in compensation for services provided to Plaintiffs and the Settlement Class along with reimbursement of expenses incurred in connection with prosecuting this action, and Awards to Lead Plaintiff and Named Plaintiffs, to be paid out of the Settlement Fund established pursuant to the Settlement;

WHEREAS, capitalized terms used herein having the meanings defined in the Stipulation and Agreement of Settlement filed August 17, 2020 (the "Settlement Stipulation") (Dkt. No. 74); and

WHEREAS, the Court has reviewed the fee application and the supporting materials filed therewith and has heard the presentation made by Lead Counsel during the final approval hearing on December 16, 2020, and due consideration having been had thereon.

NOW, THEREFORE, it is hereby ordered:

1. Rosen Law is awarded one-third of the Settlement Fund or $421,666.67 as attorneys' fees in this action, together with a proportionate share of the interest earned on the fund, at the same rate as earned by the balance of the fund,

2

from the date of the establishment of the fund to the date of payment. Rosen Law shall have the ability to allocate the attorneys' fees between Rosen Law and any additional counsel.

2.      Rosen Law shall be awarded expenses in the amount of $59,492.89.

3.      Lead Plaintiff Andrew Logie shall be awarded $10,000 as an incentive award and reimbursement for his lost time and expenses in connection with his prosecution of this action.

4.      Named Plaintiffs Anthony Pepe and Scot Scruta shall each be awarded $2,500 as an incentive award and reimbursement for their lost time and expenses in connection with their prosecution of this action.

5.      Except as otherwise provided herein, the attorneys' fees, reimbursement of expenses, and Award to Plaintiffs shall be paid in the manner and procedure provided for in the Settlement Stipulation.

**IT IS SO ORDERED.**

Dated: 12/16/2020

/s/ Kevin McNulty

HON. KEVIN MCNULTY
UNITED STATES DISTRICT JUDGE

3

# TAB 6

Case 2:19-cv-08237-SDW-AME Document 130-14 Filed 04/19/23 Page 29 of 35
Case 2:16-cv-01224-KM-MAH Document 96 Filed 09/10/18 Page 1 of 4 PageID: 3856
PageID: 3857

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| IN RE PTC THERAPEUTICS, INC. SECURITIES LITIGATION |

Civil Action No. 16-1224 (KM)(MAH)

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on September 7, 2018 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses, including the Lead Plaintiffs' requests for reimbursement pursuant to the PSLRA. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of March 1, 2018 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

1

Case 2:19-cv-08237-SDW-AME Document 130-14 Filed 04/19/23 Page 30 of 35
Case 2:16-cv-01224-KM-MAH Document 96 Filed 09/10/18 Page 2 of 4 PageID: 3857
PageID: 3858

3.     Notice of Co-Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.     There have been no objections to Co-Lead Counsel's request for attorneys' fees, litigation expenses, or the Lead Plaintiffs' requests for reimbursement pursuant to the PSLRA.

5.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund ($3,687,500) plus $107,250.22 in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

6.     In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $14,750,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

2

(b)      More than 37,500 copies of the Notice have been mailed to potential members of the Settlement Class and there have been no objections to the fee or expense request;

(c)      The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, investors that oversaw the prosecution and resolution of the Action;

(d)      Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)      The Action raised a number of complex issues and had been litigated for more than two years, and continued litigation would have been extensive and lengthy; *but certain of The claims lacked merit and the fund represents a small fraction of the amount claimed;*

(f)      Had Co-Lead Counsel not achieved the Settlement, there was a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants, and Co-Lead Counsel would have received no fees;

(g)      Plaintiffs' Counsel devoted more than 3,599 hours, with a lodestar value *and, the equivalent multiplier would be 1.7;* of $2,153,499.25, to achieve the Settlement; and

(h)      The amount of attorneys' fees awarded, and litigation expenses to be paid, from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.      Lead Plaintiffs Boston Retirement System is hereby awarded $4,287.30 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.      Lead Plaintiff Si Nguyen, Hong-Luu Nguyen, John Nguyen, and the Si Tan Nguyen Trust, collectively, are hereby awarded $6,000 from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Class.

3

Case 2:19-cv-08237-SDW-AME Document 130-14 Filed 04/19/23 Page 32 of 35
Case 2:16-cv-01224-KM-MAH Document 96 Filed 09/10/18 Page 4 of 4 PageID: 3159
PageID: 3860

9.      Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this _10th_ day of _Sept_, 2018

BY THE COURT:

Honorable Kevin McNulty
UNITED STATES DISTRICT JUDGE

# TAB 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE VERITAS SOFTWARE CORP. SECURITIES LITIGATION | Case No: 04-CV-831 (SLR) Consolidated Action |
| This Document Relates to: ALL ACTIONS |  |

## ORDER AWARDING ATTORNEYS' FEES
## AND REIMBURSEMENT OF EXPENSES

The Stipulation of Settlement, dated April 8, 2008 (the "Stipulation"), of the above-captioned consolidated civil action (the "Action"), pursuant to the order preliminarily approving the same entered herein on April 16, 2008 (the "Preliminary Approval Order"), which Stipulation was joined and consented to by all parties to the Action (the "Parties") and which (along with the defined terms therein) is incorporated herein by reference;

The Court, having determined that notice of said hearing was given in accordance with the Preliminary Approval Order to members of the Class as certified by the Court in the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the settlement of the Action provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons and entities desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.    The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.    Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $6,450,000 and reimbursement of expenses in the amount of $403,395.07. The attorneys' fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The awarded fees, costs and expenses shall be allocated among plaintiffs' counsel in such fashion agreed to by Co-Lead Counsel.

**SO ORDERED** this _5th_ day of August, 2008.

_____
JUDGE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE

2