**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-AME<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**WHEREAS:**

A.      On _____December 1_, 2022, Court-appointed Class Representatives Oklahoma Firefighters Pension and Retirement System ("OFPRS"), Plymouth County Retirement Association ("PCRA") and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") (collectively, "Class Representatives"), on behalf of themselves and all other members of the previously certified Class (defined below), on the one hand, and Defendants Conduent Incorporated, Ashok Vemuri, and Brian Webb-Walsh (together "Defendants" and, with Class Representatives, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered _January 27_, 2023 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____May 24_, 2023, at 10: 00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be finally approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation or Alternative Judgment, if applicable, should be entered dismissing the Action with prejudice against Defendants; and (iii) rule on Co-Class Counsel's Fee and Expense Application;

1

C.     The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before fifteen (15) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published once in *The Wall Street Journal* and transmitted once over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.     The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____ May 3 ___, 2023;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On _____ April 19 ___, 2023, Class Representatives moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court, as consented to by all Parties, on _____ May 24 ___, 2023, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Class Representatives' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the

Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on _____December 2___, 2022; and (ii) the Notice and Summary Notice, both of which were filed with the Court on _____April 19___, 2023.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3.      **Class Certification**.  As provided in the Court's February 28, 2022 Order, the certified Class is all Persons who purchased Conduent common stock on the open market on a United States stock exchange from February 21, 2018 through November 6, 2018, both dates inclusive, (the "Class Period") and who were damaged thereby.  Excluded from the Class are: (i) Conduent Incorporated and its Officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest or are a parent; and (2) Defendants, their Immediate Family members, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any of them has a controlling interest.

4.    Consistent with the Court's February 28, 2022 Order, Oklahoma Firefighters Pension and Retirement System, Plymouth County Retirement Association and Electrical Workers Pension Fund, Local 103, I.B.E.W are Class Representatives for the Class.  Consistent with the Court's February 28, 2022 and May 6, 2022 Orders, Bernstein Liebhard LLP and Labaton Sucharow LLP are Co-Class Counsel for the Class.

5.    **Notice**.  The Court finds that the dissemination of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.    **Objections**.   There have been no objections to the Settlement.

7.    **<u>Compliance with CAFA</u>**.   Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants

4

timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Class reside.  The notice contained the documents and information required by 28 U.S.C. § 1715(b)(1)–(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

8.　　**Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Co-Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects, including the treatment of the Settlement Fund as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and

shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are hereby directed to consummate the Stipulation and to perform its terms.

9.      The Action and all of the claims asserted against Defendants in the Action, including without limitation in the Amended Class Action Complaint filed on September 13, 2019, (the "Complaint") (ECF No. 18), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

10.      **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.      **Releases**.  The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, each of the Class Representatives, and each of the other Class Members, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties.

12.      Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have fully,

6

finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

13. Notwithstanding paragraphs 11 to 12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Binding Effect**. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Class Representatives, and each Class Member (whether or not such Class Member executes and delivers a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

15. **No Admissions**. This Judgment, the Term Sheet, and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), and any discussion, negotiation, proceeding, or agreement relating to the Term Sheet, the Stipulation, the Settlement, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any

7

liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class, as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives, or any other member of the

8

Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 45 of the Stipulation.

18. **Modification of the Stipulation**. Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Co-Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

9

20.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; (vi) the Class Members for all matters relating to the Action; and (vii) other matters related or ancillary to the foregoing.

21.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2023

_____
Honorable André M. Espinosa
UNITED STATES MAGISTRATE JUDGE
FOR THE DISTRICT OF NEW JERSEY