## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CONDUENT INC. SECURITIES LITIGATION | Case No.: 2:19-cv-08237-SDW-AME<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on May 24, 2023 (the "Settlement Hearing") on Co-Class Counsel's motion for an award of attorneys' fees and payment of expenses, including an award to the Class Representatives pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, filed on December 2, 2022 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3.      Notice of Co-Class Counsel's motion for an award of attorneys' fees and payment of expenses was given to Class Members who could be identified with reasonable effort, and they were given the opportunity to object by May 3, 2023.  The form and method of notifying the Class of the motion for an award of attorneys' fees and payment of expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to Persons entitled thereto.

4.      There have been no objections to Co-Class Counsel's request for attorneys' fees and Litigation Expenses.

5.      Co-Class Counsel are hereby awarded attorneys' fees in the amount of $8,000,000, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 25% of the Settlement Fund) and $396,508.40 for payment of litigation expenses, plus accrued interest, which sums the Court finds to be fair and reasonable.

6.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

     (a)    The Settlement has created a fund of $32,000,000 in cash that has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit valid Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

     (b)    The fee sought by Co-Class Counsel has been reviewed and approved as reasonable by the Class Representatives, which are sophisticated institutional investors that oversaw the prosecution and resolution of the Action;

     (c)    90,458 copies of the Notice were mailed to potential Class Members and nominees stating that Co-Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and Litigation Expenses in an amount not to exceed $600,000;

     (d)    The Action required the navigation of highly challenging and complex issues concerning damages, loss causation, falsity, scienter, and materiality;

     (e)    Had Co-Class Counsel not achieved the Settlement, there was a significant risk that the Class Representatives and the other members of the Class may have recovered less or nothing from Defendants;

     (f)    Co-Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

     (g)    The attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable under the circumstances of this case and consistent with awards made within this District;

     (h)    Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i)      Plaintiffs' Counsel expended more than 11,688.75 hours with a lodestar value of $7,190,454.50 to achieve the Settlement.

7.      Class Representative Oklahoma Firefighters Pension and Retirement System is hereby awarded $5,768 from the Settlement Fund in connection with the time it dedicated to the Action, directly related to its representation of the Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8.      Class Representative Plymouth County Retirement Association is hereby awarded $5,000 from the Settlement Fund in connection with the time it dedicated to the Action, directly related to its representation of the Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

9.      Class Representative Electrical Workers Pension Fund, Local 103, I.B.E.W is hereby awarded $5,000 from the Settlement Fund in connection with the time it dedicated to the Action, directly related to its representation of the Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

10.      Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application, including that of Co-Class Counsel, shall in no way disturb or affect the finality of the Judgment.

11.      Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED

DATED this __24th__ day of __May_____, 2023

                                        BY THE COURT:


                                        ____/s/ André M. Espinosa_____

                                        Honorable André M. Espinosa
                                        UNITED STATES MAGISTRATE JUDGE
                                        FOR THE DISTRICT OF NEW JERSEY